**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| NICOLE PAYNE, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| PROGRESSIVE FINANCIAL SERVICES, | § | |
| INC., | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1.       This is an action for damages brought by Plaintiff, Nicole Payne ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq*., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.       Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3.       Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4.       Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6.      Plaintiff, Nicole Payne ("Plaintiff"), is a natural person residing in the State of Texas, County of Tarrant, and City of Bedford.

7.      Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the TEX. BUS. & COM. CODE § 17.45(4) and TEX. FIN. CODE § 392.001(1).

8.      Defendant, Progressive Financial Services, Inc. ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(6).

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on January 17, 2012 at 9:27 A.M., and at such time, Plaintiff told Defendant that she could only receive telephone calls between 12:00 P.M. and 1:00 P.M., and after 5:30 P.M. Central Standard Time on Monday through Friday, and that any calls placed at any another time(s) were inconvenient.

14.     In direct contrast to Plaintiff's instructions, and in connection with the collection of an alleged debt in default, Defendant placed another call to Plaintiff's cellular telephone on January 17, 2012 at 4:03 P.M., and at such time, Plaintiff again told Defendant that she could only receive telephone calls between 12:00 P.M. and 1:00 P.M., and after 5:30 P.M. Central Standard Time on Monday through Friday, and that any calls placed at any another time(s) were inconvenient.

15.     In direct contrast to Plaintiff's instructions, and in connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on January 18, 2012 at 11:01 A.M., and at such time, Plaintiff again told Defendant that she could only receive telephone calls between 12:00 P.M. and 1:00 P.M., and after 5:30 P.M. Central Standard Time on Monday through Friday, and that any calls placed at any another time(s) were inconvenient.

16.     In direct contrast to Plaintiff's instructions, and in connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on February 13, 2012 at 8:44 A.M., and at such time, Plaintiff again told Defendant that she could only

receive telephone calls between 12:00 P.M. and 1:00 P.M., and after 5:30 P.M. Central Standard Time on Monday through Friday, and that any calls placed at any another time(s) were inconvenient.

17.     In direct contrast to Plaintiff's instructions, and in connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on February 21, 2012 at 9:14 A.M., and at such time, Plaintiff again told Defendant that she could only receive telephone calls between 12:00 P.M. and 1:00 P.M., and after 5:30 P.M. Central Standard Time on Monday through Friday, and that any calls placed at any another time(s) were inconvenient.

18.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on February 22, 2012 at 6:15 P.M., and at such time, left the following voicemail message:

> "Nicole, this is Jennifer calling from Progressive Financial Services. Please return my call at 866-484-0211 my direct extension is 1084."

19.     In its voicemail message of February 22, 2012, Defendant failed to notify Plaintiff that the communication was from a debt collector.

20.     In failing to disclose that the communication was from a debt collector, in its voicemail message of February 22, 2012, Defendant failed to meaningfully disclose its identity to Plaintiff.

21.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on February 24, 2012 at 1:02 P.M., and at such time, left a voicemail message containing six (6) seconds of background noise.

22.     In its voicemail message of February 24, 2012, Defendant failed to notify Plaintiff that the communication was from a debt collector.

23.     In its voicemail message of February 24, 2012, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

24.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of February 24, 2012, Defendant failed to meaningfully disclose its identity to Plaintiff.

25.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on February 25, 2012 at 8:27 A.M., and at such time, left the following voicemail message:

> "[Unidentified noise] Nicole, this is Jennifer calling from Progressive Financial Services. I do need a return phone call today at 866-484-0211 my direct extension is 1034."

26.     In its voicemail message of February 25, 2012 at 8:27 A.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

27.     In failing to disclose that the communication was from a debt collector, in its voicemail message of February 25, 2012 at 8:27 A.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

28.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on February 25, 2012 at 9:58 A.M., and at such time, left a voicemail message containing three (3) seconds of background noise.

29.     In its voicemail message of February 25, 2012 at 9:58 A.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

30.     In its voicemail message of February 25, 2012 at 9:58 A.M., Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

31.    In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of February 25, 2012 at 9:58 A.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

32.    In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on February 27, 2012 at 8:31 A.M., and at such time, left the following voicemail message:

> "[3 seconds of silence] Nicole, this is Jennifer calling from Progressive Financial Services. I do need a return phone call at 866-484-0211 my direct extension is 1034."

33.    In its voicemail message of February 27, 2012 at 8:31 A.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

34.    In failing to disclose that the communication was from a debt collector, in its voicemail message of February 27, 2012 at 8:31 A.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

35.    In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on February 27, 2012 at 3:52 P.M., and at such time, left a voicemail message containing eleven (11) seconds of background noise.

36.    In its voicemail message of February 27, 2012 at 3:52 P.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

37.    In its voicemail message of February 27, 2012 at 3:52 P.M., Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

38.    In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of February 27, 2012 at 3:52 P.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

39.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on February 29, 2012 at 11:03 A.M., and at such time, left the following voicemail message:

> "Hi Nicole, it's Jennifer calling you to remind you that we have, um, a set time for you to give me a call at 6:30 P.M. tonight. So make sure that you do give me a call back. Thank you. (10 seconds of background noise)."

40.     In its voicemail message of February 29, 2012 at 11:03 A.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

41.     In its voicemail message of February 29, 2012 at 11:03 A.M., Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

42.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of February 29, 2012 at 11:03 A.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

43.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on February 29, 2012 at 7:31 P.M., and at such time, left the following voicemail message:

> "Nicole, it's Jennifer calling from Progressive Financial. Re, calling you back. If you could give me a call back 866-484-0211 my direct extension 1034."

44.     In its voicemail message of February 29, 2012 at 7:31 P.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

45.     In failing to disclose that the communication was from a debt collector, in its voicemail message of February 29, 2012 at 7:31 P.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

46.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on March 5, 2012 at 8:56 A.M., and at such time, left a voicemail message containing three (3) seconds of background noise.

47.     In its voicemail message of March 5, 2012, Defendant failed to notify Plaintiff that the communication was from a debt collector.

48.     In its voicemail message of March 5, 2012, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

49.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of March 5, 2012, Defendant failed to meaningfully disclose its identity to Plaintiff.

50.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on March 6, 2012 at 8:26 A.M., and at such time, left a voicemail message containing six (6) seconds of background noise.

51.     In its voicemail message of March 6, 2012, Defendant failed to notify Plaintiff that the communication was from a debt collector.

52.     In its voicemail message of March 6, 2012, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

53.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of March 6, 2012, Defendant failed to meaningfully disclose its identity to Plaintiff.

54.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on March 7, 2012 at 11:32 A.M., and at such time, left a voicemail message containing five (5) seconds of background noise.

55.     In its voicemail message of March 7, 2012 at 11:32 A.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

56.     In its voicemail message of March 7, 2012 at 11:32 A.M., Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

57.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of March 7, 2012 at 11:32 A.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

58.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on March 7, 2012 at 11:35 A.M., and at such time, left a voicemail message containing seven (7) seconds of background noise.

59.     In its voicemail message of March 7, 2012 at 11:35 A.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

60.     In its voicemail message of March 7, 2012 at 11:35 A.M., Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

61.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of March 7, 2012 at 11:35 A.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

62.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on March 8, 2012 at 11:38 A.M., and at such time, left the following voicemail message:

> "[Recording speed is off] Nicole, this is Jennifer calling from Progressive Financial. I do need a return call at 866-484-0211. My direct extension 1034."

63.     In its voicemail message of March 8, 2012 at 11:38 A.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

64.     In failing to disclose that the communication was from a debt collector, in its voicemail message of March 8, 2012 at 11:38 A.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

65.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on March 9, 2012 at 8:01 A.M., and at such time, left a voicemail message containing thirty four (34) seconds of background noise.

66.     In its voicemail message of March 9, 2012 at 8:01 A.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

67.     In its voicemail message of March 9, 2012 at 8:01 A.M., Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

68.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of March 9, 2012 at 8:01 A.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

69.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on March 10, 2012 at 12:00 P.M., and at such time, left a voicemail message containing nine (9) seconds of background noise.

70.     In its voicemail message of March 10, 2012 at 12:00 P.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

71.     In its voicemail message of March 10, 2012 at 12:00 P.M., Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

72.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of March 10, 2012 at 12:00 P.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

73.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on March 14, 2012 at 9:53 A.M., and at such time, left the following voicemail message:

> "Nicole, this is Jennifer calling from Progressive Financial Services. I need a return call at 866-484-0211. My direct extension 1034."

74.     In its voicemail message of March 14, 2012 at 9:53 A.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

75.     In failing to disclose that the communication was from a debt collector, in its voicemail message of March 14, 2012 at 9:53 A.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

76.     In direct contrast to Plaintiff's instructions, and in connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on March 20, 2012 at 8:51 A.M., and at such time, Plaintiff again told Defendant that she could only receive telephone calls between 12:00 P.M. and 1:00 P.M., and after 5:30 P.M. Central Standard Time on Monday through Friday, and that any calls placed at any another time(s) were inconvenient.

77.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on March 21, 2012 at 12:36 P.M., and at such time, left the following voicemail message:

> "Nicole Payne, this is Jennifer calling from Progressive Financial Services. I need a return phone call today at 866-484-0211. My direct extension is 1034."

78.     In its voicemail message of March 21, 2012 at 12:36.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

79.     In failing to disclose that the communication was from a debt collector, in its voicemail message of March 21, 2012 at 12:36 P.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

80.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on March 23, 2012 at 4:56 P.M., and at such time, left a voicemail message containing nineteen (19) seconds of background noise.

81.     In its voicemail message of March 23, 2012 at 4:56 P.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

82.     In its voicemail message of March 23, 2012 at 4:56 P.M., Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

83.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of March 23, 2012 at 4:56 P.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

84.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on March 29, 2012 at 4:24 P.M., and at such time, left a voicemail message containing eight (8) seconds of background noise.

85.     In its voicemail message of March 29, 2012 at 4:24 P.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

86.     In its voicemail message of March 29, 2012 at 4:24 P.M., Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

87.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of March 29, 2012 at 4:24 P.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

88.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on April 2, 2012 at 7:03 P.M., and at such time, left a voicemail message containing three (3) seconds of background noise.

89.     In its voicemail message of April 2, 2012 at 7:03 P.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

90.     In its voicemail message of April 2, 2012 at 7:03 P.M., Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

91.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of April 2, 2012 at 7:03 P.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

92.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on April 5, 2012 at 11:22 A.M., and at such time, left a voicemail message containing fifteen (15) seconds of background noise.

93.     In its voicemail message of April 5, 2012 at 11:22 A.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

94.     In its voicemail message of April 5, 2012 at 11:22 A.M., Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

95.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of April 5, 2012 at 11:22 A.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

96.     In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on April 10, 2012 at 6:03 P.M., and at such time, left a voicemail message containing eighteen (18) seconds of background noise.

97.     In direct contrast to Plaintiff's instructions, and in connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on April 6, 2012 at 4:04 P.M., and at such time, Plaintiff again told Defendant that she could only receive telephone calls between 12:00 P.M. and 1:00 P.M., and after 5:30 P.M. Central Standard Time on Monday through Friday, and that any calls placed at any another time(s) were inconvenient.

98.     In direct contrast to Plaintiff's instructions, and in connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on April 7, 2012 at 8:39 A.M., and at such time, Plaintiff again told Defendant that she could only receive telephone calls between 12:00 P.M. and 1:00 P.M., and after 5:30 P.M. Central Standard Time on Monday through Friday, and that any calls placed at any another time(s) were inconvenient.

99.     In its voicemail message of April 10, 2012 at 6:03 P.M., Defendant failed to notify Plaintiff that the communication was from a debt collector.

100.     In its voicemail message of April 10, 2012 at 6:03 P.M., Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff

101.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of April 10, 2012 at 6:03 P.M., Defendant failed to meaningfully disclose its identity to Plaintiff.

102.     In direct contrast to Plaintiff's instructions, and in connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on April 14, 2012 at 11:54 A.M., and at such time, Plaintiff told Defendant to stop calling her.

103.     Despite Plaintiff's demand for Defendant to cease and desist from placing any calls to Plaintiff, and in connection with the collection of an alleged debt in default, Defendant

placed a call to Plaintiff's cellular telephone on April 18, 2012 at 12:34 P.M., Plaintiff again told Defendant to stop calling her.

104.    Defendant placed the January 17, 2012 at 4:03 P.M., January 18, 2012 at 11:01 A.M., February 13, 2012 at 8:44 A.M., February 21, 2012 at 9:14 A.M., February 24, 2012 at 1:02 P.M., February 27, 2012 at 8:31 A.M., February 27, 2012 at 3:52 P.M., February 29, 2012 at 11:03 A.M., March 5, 2012 at 8:56 A.M., March 7, 2012 at 11:32 A.M., March 7, 2012 at 11:35 A.M., March 8, 2012 at 11:38 A.M., March 9, 2012 at 8:01 A.M., March 14, 2012 at 9:53 A.M., March 20, 2012 at 8:51 A.M., March 23, 2012 at 4:56 P.M., March 29, 2012 at 4:24 P.M., April 5, 2012 at 11:22 A.M, April 6, 4:04 P.M., April 7, 2012 at 8:39 A.M., April 14, 2012 at 11:54 A.M., and April 18, 2012 at 12:34 P.M. telephone calls at times that were known or should have been known to be inconvenient to Plaintiff, and contrary to Plaintiff's instructions.

105.    Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

106.    Plaintiff repeats and re-alleges each and every allegation contained above.

107.    Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendant violated  15 U.S.C. § 1692c(a)(1);

b)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)    Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(5)

108.    Plaintiff repeats and re-alleges each and every allegation contained above.

109.    Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)   Adjudging that Defendant violated  15 U.S.C. § 1692d(5);

    b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d(6)

110.    Plaintiff repeats and re-alleges each and every allegation contained above.

111.    Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(11)

112.    Plaintiff repeats and re-alleges each and every allegation contained above.

113.    Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated   15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF TEX. FIN. CODE  § 392.302(2)

114.    Plaintiff repeats and re-alleges each and every allegation above.

115.    Defendant violated Tex. Fin. Code § 392.302(2) by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)   Adjudging that Defendant violated Tex. Fin. Code § 392.302(2);

   b)   Awarding Plaintiff statutory damages pursuant to the TDCA;

   c)   Awarding Plaintiff actual damages pursuant to the TDCA;

   d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be
        allowed under the law;

   f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF TEX. FIN. CODE § 392.302(4)

116.    Plaintiff repeats and re-alleges each and every allegation above.

117.    Defendant violated Tex. Fin. Code § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)   Adjudging that Defendant violated Tex. Fin. Code § 392.302(4);

   b)   Awarding Plaintiff statutory damages pursuant to the TDCA;

   c)   Awarding Plaintiff actual damages pursuant to the TDCA;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(5)(B)

118.  Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

119.  Defendant violated Tex. Fin. Code § 392.304(a)(5)(B) by failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is from a debt collector, where such communication was a written or oral communication between Defendant and Plaintiff subsequent to the initial communication.

120.  Defendant violated Tex. Fin. Code § 392.304(a)(5)(B).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

b)  Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

c)  Awarding Plaintiff three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF DTPA

121.    Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

122.    A violation of the Texas Debt Collection Act is a per se deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act.   Tex. Fin. Code. Ann. § 392.404(a).   By its violations of the TDCA, Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

123.    Defendant violated TEX. BUS. & COM. CODE § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)   Adjudging that Defendant violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

   b)   Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

   c)   Awarding Plaintiff three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

   d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f)   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

124.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Dkurz@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone:      (888) 595-9111
Facsimile:      (866) 565-1327

Kirk Claunch
Texas Bar No. 04326075
Jim Claunch
Texas Bar No. 04326000
2912 West Sixth Street
Fort Worth, Texas 76107
Telephone:   (817) 335-4003
Facsimile:   (817) 335-7112

*Attorneys for Plaintiff*
NICOLE PAYNE