IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICOLE PAYNE, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-00432-Y |
| | § | |
| PROGRESSIVE FINANCIAL SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## JOINT STATUS REPORT

1. **A brief statement of the nature of the case, including the contentions of the parties.**

   **Plaintiff:** This is an action for damages brought by Plaintiff, Nicole Payne ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

   **Defendant:** Defendant generally denies Plaintiff's allegations. Defendant has pled affirmative defenses in the alternative. Any damages alleged by Plaintiff are result of a preexisting condition. Plaintiff failed to mitigate her damages if any. Any violation occurred was result of a bona fide error.

2. **Any challenge to jurisdiction or venue.**

   None.

3. **A Brief description of any matters that require a conference with the court.**

   Plaintiff believes that a very brief conference concerning electronic discovery may prove very useful. In particular, the parties discussed the production of Plaintiff's account file in native

1

electronic format during the conference and counsel for Defendant expressed an unwillingness to produce Plaintiff's account file in native electronic format.

4. **An assessment of the likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties.**

Plaintiff may, depending on the information discovered, join additional parties. Plaintiff shall do so by October 31, 2012, after which date leave shall be required.

5. **When the disclosures required by Fed. R. Civ. P. 26(a)(1)(A) will be made or a statement that the parties have stipulated that those disclosures will not be made or that they are exempted from making those disclosures under Fed. R. Civ. P. 26(A)(1)(B).**

Plaintiff served her initial disclosures on August 10, 2012. Defendant has yet to serve its initial disclosures and shall do so on or before September 10, 2012.

6. **(a) a specification of the discovery contemplated, (b) when discovery should be completed, and (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues**.

(a) The parties anticipate (1) discovery into the merits of Plaintiff's individual FDCPA, TDCA, and DTPA claims. As soon as is practicable Plaintiff intends to notice oral depositions pursuant to Rule 30(b)(6) on topics such as compliance policies, the communication at issue, Defendant's FDCPA compliance policies, training, and technology infrastructure. Plaintiff anticipates providing notice to one or more directors, officers, or managing agents, of depositions pursuant to Rule 30(b)(1). Plaintiff anticipates taking and completing expert depositions. No experts have been identified. Defendant will depose Plaintiff on liability and damages and facts set forth in her complaint. Defendant may also depose any fact or expertwitnesses identified by Plaintiff.

(b) Nine (9) months.

(c) Discovery should not be conducted in phases nor limited to particular issues.

7. **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed;**

   None.

8. **A statement regarding whether any other orders should be entered by the Court under Fed. R. Civ. P. 16(b) and (c).**

   The parties shall submit an agreed protective order by September 14, 2012.

9. **Whether a jury has been demanded.**

   Yes, a jury has been demanded.

10. **Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c).**

    No, the parties will not consent.

11. **(a) An assessment of the prospects for settlement, (b) The status of any settlement negotiations already conducted, and (c) The parties' agreement as to a specific date, place and time of a formal settlement conference at which the parties and their counsel shall appear <u>in person</u> to discuss settlement of this case.**

    (a)   The prospects for settlement are fair.

    (b)   Plaintiff's position is that Plaintiff made an initial settlement demand and, in response, Defendant served an offer of judgment which by its own terms has now expired. Defendant's position is that Defendant engaged in pre-suit negotiation; however, when Plaintiff continued to increase her demand, Defendant made an offer of Judgment. Plaintiff did not respond to the offer.

    (c)   October 15, 2012, at the offices of Robbie Malone, PLLC.

12. **An assessment of whether the dispute would be amenable to mediation and if not, why not, keeping in mind that <u>pro bono</u> mediation may be available to parties unable to afford it. If mediation seems appropriate, indicate when (month and year) it would be appropriate and whether it should be ordered in addition to or in lieu of the Court-ordered settlement negotiations contemplated by 11(c), above.**

    The likelihood of successful resolution through mediation seems slight at this point.

3

**13. A statement that counsel have read the Dondi decision, 121 F., R.D. 284 (N.D. Texas 1988).**

All counsel have read and are familiar with the *Dondi* decision.

**14. Any other matters relevant to the status and disposition of this case.**

None at this time.


Dated:  September 10, 2012.

| | |
|---|---|
| WEISBERG & MEYERS, LLC | ROBBIE MALONE, PLLC |
| /s/ Noah D. Radbil | /s/ Robbie Malone |
| Noah D. Radbil | Robbie Malone |
| Texas Bar No. 24071015 | Texas Bar No. 04759650 |
| Noah.radbil@attorneysforconsumers.com | Rmalone@rmalonelaw.com |
| Weisberg & Meyers, LLC | Robbie Malone, PLLC |
| Two Allen Center | 8750 N. Central Expressway |
| 1200 Smith Street | #1850 |
| Sixteenth Floor | Dallas, TX 75231 |
| Houston, TX 77002 | Telephone:     (214) 346-2625 |
| Telephone:     (888) 595-9111 | Facsimile:     (713) 346-2631 |
| Facsimile:     (866) 317-2674 | |
| | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | PROGRESSIVE FINANCIAL SERVICES, INC. |
| NICOLE PAYNE | |

Kirk Claunch
Texas Bar No. 04326075
Jim Claunch
Texas Bar No. 04326000
2912 West Sixth Street
Fort Worth, Texas 76107
Telephone:  (817) 335-4003
Facsimile:  (817) 335-7112

*Local Counsel for the Plaintiff*
NICOLE PAYNE