IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICOLE PAYNE | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | Cause No. 4:12-CV-00432 |
| | § | |
| PROGRESSIVE FINANCIAL SERVICES, INC., | § | |
| | § | |
|     DEFENDANT. | § | |

**<u>DEFENDANT PROGRESSIVE FINANCIAL SERVICES, INC.'S MOTION TO DISMISS</u>**

      COMES NOW, Progressive Financial Services, Inc., Defendant herein, through counsel of record, and files its Motions to Dismiss Plaintiff's Claims under Rules 12(b)(1), 12(b)(6) and 68 and shows unto the Court as follows:

**I.**

**<u>BACKGROUND</u>**

1.    On June 25, 2012, Plaintiff filed her Original Complaint alleging Defendant violated provisions of the Fair Debt Collection Practice Act ("FDCPA"), the Texas Debt Collection Act under the Texas Finance Code § 392 *et seq* ("TDCA"), and the Texas Deceptive Trade Practices Act ("DTPA") under its "tie-in" provision, Tex. Bus. & Com. Code § 17.50(h). <u>Docket Entry ("Doc.") 1</u> (courtesy copy attached at <u>Defendant's Appendix ("Def, App.")</u> at 1-21. Defendant filed its Answer on August 6, 2012. <u>Doc. 7</u>.

2.    On July 3, 2012, Defendant served Plaintiff's counsel with an Offer of Judgment by certified mail, return receipt requested and facsimile. <u>Def. App.</u> at 22-26. This Offer of Judgment under Fed. R. Civ. P. 68 offered Plaintiff $1,001.00 for resolution of the case. *Id*. The Offer also provided that Defendant would pay Plaintiff's attorney's fees, either determined by agreement of the parties, or by court order as of the date of the offer. *Id*. Last, Defendant offered to pay the

actual taxable costs of the action up to the date of service of the offer. *Id*. The offer remained open for fourteen (14) days after service, to which Defendant received no response from Plaintiff, but the offer was subsequently rejected. *Id*. Defendant now files its Motion to Dismiss under Fed. R. Civ. P. 8(a), 12(b)(1), 12(b)(6), and 68.

## II.

## ARGUMENT AND AUTHORITIES

**A. Standard for Defendant's 12(b)(6) Motion to Dismiss.**

3.  Plaintiff's claims for actual damages under FDCPA § 1692k and TDCA § 392.403(a)(2) should be dismissed for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). More particularly, the claims should be dismissed for failing to satisfy the federal pleading standards imposed by Federal Rule of Civil Procedure 8(a).

4.  Although Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully harmed me accusation." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Similarly, "naked assertions devoid of 'further factual enhancement'" are also inadequate under Rule 8(a). *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

5.  Plaintiff's Original Complaint contains only the statement "Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees." Def. App. at 15. This is followed by prayers under each alleged violation requesting "actual damages, pursuant to 15 U.S.C. § 1692k." Def. App. 15-17.

Each of these allegations for the recovery of actual damages is inadequate under Rule 8(a). This warrants dismissal of Plaintiff's TDCA and DTPA claims, and claims for actual damages under the FDCPA.

    1. <u>Standard for Recovering Actual Damages Under the FDCPA</u>.

6. Generally, the FDCPA permits recovery of actual damages for emotional distress. *Davis v. Creditors Interchange Receivable Mgt.*, 585 F.Supp.2d 968, 971 (N.D. Ohio 2008). Section 1692k(a)(1) of the FDCPA allows an award of "any actual damages sustained by such person as a result of such failure" to comply with the statute. *See id.* at 971. The Federal Trade Commission Commentary to the FDCPA states that these "actual damages" for FDCPA violations include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress" as well as "out-of-pocket expenses." *Id.* (citing Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 3, 1988) (Section 813 – Civil Liability)). However, "an FDCPA actual damages rule must only award emotional damages for actual, serious emotional distress traceable to proscribed debt collection practices." *Davis v. Creditors Interchange Receivable Management*, 585 F.Supp.2d 968, 976 (N.D. Ohio 2008) (pointing out that "debt collection…is an inherently stressful experience for the consumer").

7. In order to do so, a plaintiff must do more than "rel[y] solely on his own conclusory statements of emotional distress." *Wantz v. Experian Information Solutions*, 386 F.3d 829, 834 (7th Cir. 2004) (finding plaintiff's testimony" that he was "humiliated and embarrassed," it was "mentally and emotionally distressful when dealing with credit reporting agencies," and that it was "embarrassing to go somewhere and have them check your credit report and see all the stuff on there" was insufficient to prove actual damages). Thus, when the "plaintiff's own testimony is his only evidence of emotional damages, 'he must explain the circumstances of his injury in

reasonable detail' and not rely on conclusory statements, unless the 'facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's actions." *Wantz*, 386 F.3d at 834; *see Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 609 (7th Cir. 2005) (noting that the Seventh Circuit "maintain[s] a strict standard for a finding of emotional damage because they are so easy to manufacture.").

8.      In addition, "a plaintiff must link the violation of the statute to the alleged harm." *Konter v. CSC Credit Services, Inc.*, 606 F.Supp.2d 960, 967-70 (W.D. Wis. 2009). Thus, the plaintiff must "produce[] evidence that draws a direct or causal link between defendant's actions and the emotional injury plaintiff suffered." 606 F.Supp.2d at 969 (citing *Cousin v. Trans Union Corp.*, 246 F.3d 359, 370-71 (5th Cir. 2001).

      2.   <u>Standard for Actual Damages Under Texas Law</u>.

9.      The Texas Debt Collection Act contained within the Texas Finance Code requires a plaintiff to prove that he has suffered "actual damages sustained as a result of a violation of this chapter." *See* Tex. Fin. Code § 392.403(a)(2); *see Elston v. Resolution Servs.*, 950 S.W.2d 180, 185 (Tex.App.–Austin 1997, no writ). In addition, "[a] consumer must, in order to prevail on a DTPA claim, also establish that each defendant violated a specific provision of the Act, and that the violation was a producing cause of the claimant's injury." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996) (citing Tex. Bus. & Com. Code § 17.50(a)). Plaintiff has failed to plead sufficient, or any facts to support she suffered any actual injury or that any injury was "a result of" the alleged violations.

10.     A typical definition of mental anguish given by trial courts is as follows:

> The term "mental anguish" implies a relatively high degree of mental pain and distress. It is more than mere disappointment, anger, resentment or

> embarrassment, although it may include all of these. It includes a mental sensation of pain resulting from such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, despair and/or public humiliation.

*Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995) (citing *Trevino v. Southwestern Bell Tel. Co.*, 582 S.W.2d 582, 584 (Tex. Civ. App.—Corpus Christi 1979, no writ)). "It is nevertheless clear that an award of mental anguish damages will survive a legal sufficiency challenge when the plaintiffs have introduced direct evidence of the nature, duration, and severity of their mental anguish, thus establishing a substantial disruption in the plaintiffs' daily routine." *Parkway Co.*, 901 S.W.2d at 444. When plaintiffs fail to produce this evidence, "we apply traditional 'no evidence' standards to determine whether the record reveals any evidence of 'a high degree of mental pain and distress' that is 'more than mere worry, anxiety, vexation, embarrassment, or anger' to support any award of damages." *Id.* (citing *J.B. Custom Design & Bldg. v. Clawson*, 794 S.W.2d 38, 43 (Tex. App.–Houston [1st Dist.] 1990, no writ)).

11. "Simply because a plaintiff says he or she suffered mental anguish does not constitute evidence of the nature, duration, and severity of any mental anguish that is sufficient to show a substantial disruption of one's daily routine." *Gonzalez v. Temple-Inland Mortg. Corp.*, 28 S.W.3d 622, 626 (Tex. App – San Antonio 2000, no pet.) (citing *Gunn Infiniti, Inc. v. O'Byrne*, 996 S.W. 854, 861 (Tex. 1999)). Testimony in support of mental anguish damages must provide specific details of the nature, duration and severity of the mental anguish. *Gonzalez*, 28 S.W.3d at 626. Conclusory statements are not sufficient. *Id.*

   3. <u>Plaintiff Has Failed to State a Claim to Recover Actual Damages Under the FDCPA, TDCA, and DTPA.</u>

12. Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion. *Iqbal* 556 U.S. at 678; *Twombly*, 550 U.S. at 55; *Brooks v. Ross*, 578 F.3d at 574, 581 (7th Cir. 2009); *Browning v.*

*Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). What Plaintiff alleges in her Original Complaint does no more than offer conclusory statements of law that Defendant may be liable for actual damages. Def. App. at 1-21.

13. Although Plaintiff's Original Complaint contains some details in support of claims for alleged violations of the FDCPA, TDCA, and DTPA through the "tie-in provision, it is completely devoid of facts to support a recovery of actual damages suffered by her. Plaintiff's Original Complaint only states "Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's **actual damages**, statutory damages, and costs and attorney's fees. Def. App. at 15 (emphasis added). Plaintiff then prays for actual damages under each allegation individually. *Id*. at 15-20.

14. No facts pled represent Plaintiff could have sustained actual damages. *Id*. Plaintiff does not even state she has actual damages, only that Defendant **may be liable** to Plaintiff for actual damages. Def. App. at 15. Plaintiff also does not manage to meet the Rule 8(a) standard requiring, "more than an unadorned, the-defendant-unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Plaintiff's pleading merely lists a possible recovery under the FDCPA and TDCA equivalent to "a simple formulaic recitation of the elements of a cause of action" that "**will not do**." *Id*. (emphasis added). This allegation does not reach a level to survive dismissal under Fed. R. Civ. P. 12(b)(6) and baldly recites what is recoverable which exemplifies the sort of statements that are inadequate under Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 678. Further, the scant allegations that Defendant is liable to Plaintiff for actual damages do not satisfy the Rule 8(a) pleading standard and fail to state a claim upon

which relief can be granted. Because Plaintiff fails to allege any factual basis for the recovery of actual damages, her TDCA and DTPA claims must be dismissed and under Fed. R. Civ. P. 12(b)(6) as well as her claims for actual damages under the DTPA. The argument *infra*, will demonstrate why Plaintiff's FDCPA claims must be dismissed in their entirety under Fed. R. Civ. P. 68.

    4.  <u>Plaintiff is Not Entitled to Injunctive Relief Under the TDCA.</u>

15.    Plaintiff also seeks an injunction under the TDCA. <u>Def. App.</u> at 1. Standing is a prerequisite to subject-matter jurisdiction and subject-matter jurisdiction is a constitutional prerequisite to suit in both federal courts and the courts of Texas. *See Williams v. Lara,* 52 S.W.3d 171, 178 (Tex. 2001). A party invoking the court's jurisdiction "bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Institute*, 555 U.S. 488, 129 S.Ct. 1142, 1149 (2009) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). To do so, a plaintiff must demonstrate that the relief sought will "redress or prevent actual or imminently threatened injury to [him] caused by private or official violation of law." *Summers*, 129 S.Ct. at 1148.

16.    A person has standing if: (1) he has sustained some direct injury; (2) he has a direct relationship between the alleged injury and the claim being adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused him some injury in fact; or (5) he is an appropriate party to assert the public's interest in the matter, as well as his own. *Robinson v. Neeley*, 192 S.W.3d 904, 907 (Tex. App.—Dallas 2006, no pet.). "For injunctions," however, "an additional inquiry is required, namely that plaintiffs show that they are likely to suffer future injury by the defendant and that the sought-after relief will prevent that future injury." *James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001) (citing *Lyons*, 461 U.S. at 109).

17.     However, where a statute provides for a right to an injunction for a violation, a party does not have to establish the general equitable principles for a temporary injunction. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). When an applicant relies upon a statutory source for injunctive relief, the statute's express language supersedes the common law injunctive relief elements such as imminent harm or irreparable injury and lack of an adequate remedy at law. *West v. Texas*, 212 S.W.3d 513, 519 (Tex. App.—Austin 2006, no pet.). In statutory standing cases, the analysis is a straight statutory construction of the relevant statute to determine upon whom the Texas Legislature conferred standing and whether the claimant in question falls in that category. *Williams v. Lara,* 52 S.W.3d at 178.

18.     In *Marauder v. Beall*, the Dallas Court of Appeals addressed this issue. 301 S.W.3d 817 (Tex. App.—Dallas 2009, no pet.). On appeal, Marauder argued that the trial court erred in granting an injunction against Marauder under the TDCA because "Beall failed to show a probable, imminent, and irreparable injury." 301 S.W.3d at 820. The court reasoned that because Beall sought her injunction through the TDCA's provision allowing such relief, she was not required to prove irreparable injury: "We hold that injunctive relief pursuant to the TDCA does not require proof of irreparable injury." *Id.* However, the court failed to state whether Beall was still required to prove a probable or imminent injury or the lack of an adequate remedy at law.

19.     In *Martinez v. Michael J. Scott, P.C.*, decided on August 12, 2011, in the Southern District of Texas, Judge Harmon considered the issue of injunctive relief under the TDCA. No. H-10-1619 (S.D. Tex. Aug. 12, 2011) (courtesy copy attached at <u>Def. App.</u> at 27-35). The Court recognized that while the traditional elements of injunctive relief are (1) imminent harm, (2) irreparable injury, and (3) lack of an adequate remedy at law, the TDCA did not require proof of irreparable injury because the statutory entitlement to injunctive relief superseded this equitable

element. Def. App. at 34-35 (citing *Marauder v. Beall*, 301 S.W.3d at 820). However, the court found that the plaintiff did not allege he was imminently threatened by the action against which he was seeking an injunction and that even if he were, he had an adequate remedy at law which was to file another similar lawsuit. *Id.* Thus, the plaintiff's claim for injunctive relief was denied. *Id.*

20.     In the present case, Plaintiff has no claim that she is imminently threatened to be contacted by Defendant. Further, even if Plaintiff did plead imminent harm, she has an adequate remedy at law – a lawsuit like this one. If Plaintiff believes she is seeking injunctive relief based on a general interest in deterring TDCA violations, the United States Supreme Court has previously explained that deterrence is an insufficient basis for imposing injunctive relief. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 108-09, 118 S.Ct. 1003 (1998) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)) ("Nothing support[ed] the requested injunctive relief except [plaintiff's] generalized interest in deterrence, which [was] insufficient…"). Such an interest is an insufficient basis for injunctive relief presumably because the statute or law itself accomplishes this end on its own.

21.     The TDCA allows a plaintiff to seek injunctive relief to prevent or restrain a violation of the statute. Tex. Fin. Code § 392.403(a). The phrase "prevent or restrain" seems to adopt the equitable principle of imminent harm before permitting injunctive relief. While the word "prevent" is typically associated with its normal definitions[1] – "to hinder or impede" as defined by Black's Law Dictionary or "to meet or satisfy in advance; to act ahead of" as defined by Merriam Webster – this does not seem to be the case here. Again, as explained above, the word

---

[1] Merriam-Webster uses the word "prevent" in its definition of "restrain:" "to prevent from doing, exhibiting, or expressing something." However, the definition of "restrain" seems to go one step further than prevention by including the phrase, "to limit, restrict, or keep under control." Thus, rather than redundancy, the use of the two words seems to denote two different meanings – the word "prevent" indicates the absolute prohibition of an act while "restrain" indicates a limitation or restriction that is less than complete prohibition.

Case 4:12-cv-00432-Y   Document 23   Filed 10/19/12   Page 10 of 20   PageID 94

"and" placed between injunctive relief and actual damages indicates that the conduct the TDCA is prepared to address has already occurred (there being no actual damages if no wrongful act has taken place). This squares with the fact that a TDCA action brought prior to violative conduct is tantamount to an advisory opinion which Texas' separation of powers doctrine prohibits. *See South Texas Water Authority v. Lomas*, 223 S.W.3d 304, 307 (Tex. 2007). Similarly, the Texas Constitution's open-courts provision contemplates access to the courts for only those litigants who have suffered an actual injury, as opposed to one that is general or hypothetical. *Id.*

22.     As a result, the words "prevent" and "restrain" in the TDCA do not mean that the court can stop the initial violation, but may see that it does not happen again or otherwise limit or restrict the action that can occur in the future. This makes sense in the context of the TDCA because the statute does not require a debt collector to cease all collection efforts after a violation has occurred. Rather, it simply permits a debtor to recover actual damages suffered as a result of a violation and permits a court to enjoin the violative conduct against the particular plaintiff, but allows the collector to continue contacting the debtor for payment.

23.     Since the language of the TDCA's injunctive relief provision implicates future conduct, it inherently requires a showing that the plaintiff may be subjected to the violative conduct in the future. Otherwise, courts would waste valuable time and resources working to enjoin actions that have no possibility or likelihood of ever occurring to the plaintiff again. This is inefficient and impractical. If the plaintiff fails to demonstrate that there is some imminent threat or likelihood that the illegal conduct will occur again, he or she should not be afforded injunctive relief. Despite Plaintiff's belief, the *Marauder* Court, even after recognizing the equitable principles of probable, imminent, and irreparable injury, only explicitly rejected irreparable injury. Because the Dallas Court did not reject the imminence requirement and because the language of the

**DEFENDANT PROGRESSIVE FINANCIAL SERVICES, INC.'S MOTION TO DISMISS** – Page 10
M:\219.0000 Progressive Financial Services, Inc\219.0001 Nicole Payne\Pleadings\219.0001.Motion to Dismiss.docx

TDCA implies the existence of this equitable principle, Plaintiff's claims for an injunction should be dismissed for failing to state a claim upon which relief can be granted.

> 5. <u>Because Plaintiff has No Actual Damages and Cannot Obtain Injunctive Relief, Her TDCA and DTPA Claims Must be Dismissed.</u>

24. The TDCA allows a plaintiff to sue for (1) injunctive relief, or (2) actual damages. Tex. Fin. Code § 392.403(a). If a person successfully maintains an action to recover injunctive relief or actual damages, he is "entitled to attorney's fees reasonably related to the amount of work performed and costs." Tex. Fin. Code § 392.403(b). Because Plaintiff must be awarded either injunctive relief or actual damages to prevail under the TDCA and cannot do so, Defendant is entitled to summary judgment on the TDCA claims.

25. As demonstrated above, Plaintiff has failed to plead facts to support any contention that she has suffered actual damages. Furthermore, case law prevents Plaintiff from recovering an injunction in the situation at hand. Since Plaintiff's TDCA claims fail as a matter of law, so do her DTPA claims which require a TDCA violation to effectuate the "tie-in" provision. Because Plaintiff cannot recover an injunction or actual damages, Defendant is entitled to dismissal as she cannot prevail against Defendant under the TDCA or DTPA.

> 6. <u>Plaintiff's DTPA Claims Fail with her TDCA Claims and Should be Dismissed.</u>

26. Regardless of Plaintiff's DTPA claims failing because of failing to state a claim for recovery under the TDCA, dismissal is also warranted for another reason. Plaintiff's DTPA claims fail because she cannot establish the required standing under the DTPA. Texas federal district courts have held that consumer standing under the DTPA is required to bring a TDCA violation through the DTPA. *Naomi Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010); *Eads v. Wolpoff & Abramson, LLP*, 538 F.Supp.2d 981 (W.D. Tex. 2008); *Marketic v. U.S. Bank Nat'l Ass'n*, 436 F. Supp.2d 842, 854-55 (N.D. Tex. 2006). The Fourth District Texas

Court of Appeals recently ruled on a case very similar to the one at hand. In its opinion, the court stated the following:

> A plaintiff may also bring a cause of action under the DTPA if granted that right by another law. Tex. Bus. & Com. Code Ann. § 17.50(h). Here, Garcia pleaded that she was entitled to recover under the DTPA for Dodeka's violations of the Texas Finance Code and the federal Fair Debt Collection Practices Act. However, the DTPA "tie-in" statute does not exempt a plaintiff from proving consumer status. *Id.*; *Hansberger v. EMC Mortg. Corp.*, No. 04-08-00438-CV, 2009 WL 2264996, at *2 (Tex. App.—San Antonio July 29, 2009, pet. denied) (mem. op.) (holding that a plaintiff who pleaded causes of action under the DTPA for six "tie-in" statute violations, including Texas Finance Code chapter 392, did not satisfy the DTPA consumer status requirement and was therefore not entitled to judgment as a matter of law); *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no writ). Accordingly, Garcia's causes of action under the DTPA "tie-in" provision necessarily fail because she did not establish her consumer status under the DTPA.

*Dodeka, L.L.C. v. Garcia*, No. 04-11-00016-CV (Tex. App.—San Antonio Oct. 12, 2011, no pet.) (attached at <u>Def. App.</u> at 36-38). Plaintiff is required to prove consumer standing under the DTPA, and Plaintiff is unable to do so. Due to this, Plaintiff's claims should be dismissed as Defendant's offer of judgment exceeded her maximum recovery obtainable in this case.

27. To establish DTPA "consumer" status: "(1) a person must have sought or acquired, goods or services, by purchase or lease; and (2) the goods or services, purchased or leased, must form the basis of the complaint." *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 614 (Tex.App.—Waco 2000, pet. denied). Texas courts have held that a defendant who did no more than service the plaintiffs' loan, which is not a good or service under the DTPA, did not give plaintiffs consumer standing. *Hansberger v. EMC Mortgage Corp.*, Unpublished opinion, No. 04-08-00438-CV (Tex.App.—San Antonio July 29, 2009) (courtesy copy attached at <u>Def. App.</u> 40-44). "[T]he party bringing a claim under the DTPA for a violation of a tie-in statute must still satisfy the requirement of being a 'consumer.'" *Id*.

28. Plaintiff has failed to state any claim under the DTPA for which she can obtain relief. Plaintiff further does not allege any facts giving rise to proper standing under the DTPA, which is required. Plaintiff's Original Complaint contains no factual allegations to support any inference she sought or acquired, goods or services, by purchase or lease and that the goods or services, purchased or leased, must form the basis of the complaint. <u>Def. App.</u> at 1-21. Plaintiff also does not surpass the same issue the *Hansberger* court ruled on which relates to this case, as Defendant merely attempted to collect on the debt. The debt is not a good or service under the DTPA and Plaintiff does not have standing. *Hansberger*, No. 04-08-00438-CV. For these reasons, Plaintiff's DTPA claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

**B. Standards for Defendant's Fed. R. Civ. P. 12(b)(1) and 68 for a Lack of Subject-Matter Jurisdiction.**

    1. <u>Standards of Law for Fed. R. Civ. P. 12(b)(1).</u>

29. Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party can challenge the court's subject matter jurisdiction and if at any time the court determines that it lacks this jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3). In fact, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. *Smith v. The Abandoned Vessel*, 610 F.Supp.2d 739, 748 (S.D. Tex. 2009). It is well established in this circuit that parties cannot confer jurisdiction on a court by agreement. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("It is true that subject-matter jurisdiction cannot be created by waiver or consent.").

30. When subject matter jurisdiction is challenged, normally in a motion to dismiss the plaintiff has the burden of proving jurisdiction in order to survive the motion. *See Michigan S. R.R. v. Branch & St. Joseph Cty. Rail Users Ass'n*, 287 F.3d 568, 573 (6th Cir. 2002; *see Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Specifically, the plaintiff must show

that the complaint alleges a claim under federal law, and that the claim is "substantial." *See id.* The plaintiff must prove these by a preponderance of the evidence. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

31. Finally, since a court must have original jurisdiction in order to exercise supplemental jurisdiction, a dismissal pursuant to Rule 12(b)(1) precludes a district court from exercising supplemental jurisdiction over related state claims.[2] *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996).

    2. Standard of Law Under Fed. R. Civ. P. 68.

32. In what has been called an "involuntary settlement," Rule 68 of the Federal Rules of Civil Procedure allows a defendant to make an offer of settlement that equals or exceeds the maximum amount of money, including any attorneys' fees or court costs, that the law would entitle the plaintiff to recover if he prevailed in the suit. *Wrightsell v. Cook County, Illinois*, 599 F.3d 781, 783 (7th Cir. 2010 (citing *Thorogood v. Sears, Roebuck and Co.*, 595 F.3d 750 (7th Cir. 2010)). If the plaintiff refuses such an offer in a case that is *not* a class action, the court loses jurisdiction because the plaintiff would have nothing to gain by continuing to litigate. *Wrightsell*, 599 F.3d at 783. Essentially, an offer of complete relief will generally moot the plaintiff's claim as at that point the plaintiff retains no personal interest in the outcome of the litigation.[3] *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004; *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir.

---

[2] While the district court may, at its discretion, exercise supplemental jurisdiction over state law claims, even after it has dismissed all claims over which it had original jurisdiction, *see* 28 U.S.C. § 1367(c)(3), it cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction. *Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir.1992) ("Supplemental jurisdiction could be exercised only if some other, related claim provides a proper basis for federal jurisdiction."); *see In re Joint Eastern and Southern Dist. Asbestos Litig.*, 14 F.3d 726, 730 n. 2 (2d Cir.1993) ("[T]he court may not exercise supplemental jurisdiction over claims unless the court has 'original jurisdiction' over at least one of the plaintiff's claims."); *cf. Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 554 (2005) ("Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere.").

[3] "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org. v. City of Dallas,* 529 F.3d 519, 525 (5th Cir. 2008). In other words, if a case becomes moot, the parties lose standing to maintain their claims. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake.") (internal citations omitted).

33.     Rule 68 offers and acceptances are actively supported by courts. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Indeed, the very purpose of Rule 68 is to encourage termination of litigation. *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 860 (9th Cir. 1996). The rule deters a plaintiff from lightly disregarding a reasonable settlement offer by forcing the plaintiff to compensate the defense for costs it ought not to have incurred. *See Payne v. Milwaukee Cty.*, 288 F.3d 1021, 1024 (7th Cir. 2002). Basically, Rule 68 prevents a plaintiff from escaping the consequences of gambling on litigation and losing. *See Roska v. Sneddon*, 07-4288, 2007 WL 4165750 at *3 (10th Cir. 2010). Thus, Rule 68 requires parties to critically consider the value of their cases. *Id.*

**C. Plaintiff's Claims are Moot Due to Defendant's Offer of Judgment Equivalent to Plaintiff's Maximum Recovery.**

34.     In her Original Complaint, Plaintiff seeks recovery under the FDCPA of statutory damages, her alleged actual damages, attorney's fees and court costs, and any pre-judgment and post-judgment interest as may be allowed under law. *See* <u>Def. App.</u> at 15-17. Under the TDCA, Plaintiff seeks to recover statutory damages, alleged actual damages attorney's fees and costs, and prejudgment and post judgment interest. *Id.* at 18-19. Plaintiff also fails to alleges any factual basis for her actual damages. *Id*. at 1-9. Defendant made a written Offer of Judgment for $1,001.00 on July 3, 2012. Plaintiff did not respond within the fourteen (14) days allotted but has subsequently rejected it without comment. As explained below, Defendant's Offer of Judgment under Rule 68, which meets and exceeds the maximum amount of money recoverable if Plaintiff prevailed, moots Plaintiff's suit and it should now be dismissed in its entirety.

### 1. Plaintiff's Statutory Damages under the FDCPA are Capped at $1,000.

35. Plaintiff begins her complaint by saying this is an action for damages brought by an individual plaintiff for Defendant's violations of the FDCPA. <u>Def. App.</u> at 1. Later, Plaintiff lays out her alleged claims under this statute. *See id.* at 15-17. First, Plaintiff claims Defendant did not comply with FDCPA § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff. *Id*. at 15. Next, Plaintiff alleges Defendant violated FDCPA § 1692d(5) by causing her telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff. *Id*. at 16. Plaintiff also alleges Defendant violated FDCPA § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity. *Id*. Last, Plaintiff alleges Defendant violated FDCPA § 1692e(11) by failing to notify her during each collection contact that the communication was from a debt collector. *Id.* at 17.

36. As a result of Plaintiff's allegations, she states that she is entitled to recover "statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000." <u>Def. App.</u> at 15-17. This however is a misstatement of the law. The language of § 1692k(2)(A) is that a debt collector who fails to comply with any provision is liable for "such additional damages as the court may allow, *but not exceeding* $1,000[.]" Looking at this statute, the Sixth Circuit interpreted the language as "recovery of additional damages is limited to $1,000 per proceeding, rather than $1,000 per violation of the Act."[4] *Wright v. Finance Services of Norwalk, Inc.*, 22 F.3d 647, 648 (6th Cir. 1994); *Peter v. GC Services L.P.*, 310 F.3d 344, 352 n.5 (5th Cir. 2002). Therefore, under the FDCPA Plaintiff can recover anywhere between $0.00 and $1,000 in statutory

---

[4] *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) ("The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt."); *Bishop v. I.C. System, Inc.*, 713 F.Supp.2d 1351, 1368 (M.D. Fla. 2010) ("Section § 1692k allows a court to award a maximum of $1,000 in statutory damages per lawsuit, regardless of how many times a defendant violates the FDCPA.").

damages.

37. In Defendant's Offer of Judgment, it offered to pay Plaintiff $1,001.00 as well as attorney's fees incurred to date in an amount to be determined either by agreement of the parties or by court order.. *See* Def. App. at 23. Defendant also offered to pay the actual, taxable costs of the action. *Id*. This offer exceeds the maximum amount of money that the law would allow Plaintiff to recover if she prevailed on her FDCPA claims. Plaintiff's refusal to accept the Rule 68 Offer moots her claim for statutory damages under the FDCPA. *See Thorogood*, 595 F.3d 750.

    2. Plaintiff Has Pled No TDCA Section Allowing Recovery of Statutory Damages.

38. The TDCA allows recovery of statutory damages in limited circumstances. TDCA § 392.403(e) states "[a] person who successfully maintains an action under this section for violation of Section 392.101, 392.202, or 392.301(a)(3) is entitled to not less than $100 for each violation of this chapter." Tex. Fin. Code § 392.403(e). In Plaintiff's Original Complaint, she seeks recovery of statutory damages under TDCA §§ 392.302(2), 392.302(4), and 392.304(a)(5)(B). None of these sections fall under ones enumerated in Tex. Fin. Code § 392.403(e). Because of this, Plaintiff is not entitled to any statutory damages under the TDCA, and her claims should be dismissed as Defendant's Offer of Judgment exceeded Plaintiff's maximum recovery.

    3. Plaintiff's Only Potential Recovery Other than FDCPA Statutory Damages are Attorney's Fees.

39. Plaintiff seeks recovery of reasonable attorney's fees and costs under FDCPA § 1692k for Defendant's alleged violations. Def. App. at 15-17. In addition, Plaintiff claims she is similarly entitled to recover any actual damages suffered as a result of Defendant's alleged violations of the TDCA. *Id*. at 18-19. However, while Plaintiff nominally states Defendant is

liable for actual damages, Plaintiff has failed to allege any factual basis for actual damages throughout her Complaint requiring dismissal of actual damages recovery.  <u>Def. App.</u> at 1-21.

40.  Plaintiff's only possible recovery in this action other than statutory damages is reasonable attorney's fees.  Defendant's Offer of Judgment states that it "agrees to pay attorney fees incurred to date in the amount to be determined either by agreement of the parties or to be determined by the Court." <u>Def. App.</u> at 23.  Accordingly, because this offer satisfies Plaintiff's demand for attorney's fees and costs, her claims for such are rendered moot by her rejection of the offer.

## III.

## CONCLUSION

41.  Plaintiff fails to state a claim for relief for actual damages under the FDCPA and TDCA. Her Original Complaint does not surpass the minimal standards laid out in *Iqbal* and *Twombly* for surviving a Fed. R. Civ. P. 12(b)(6) and incorporating Rule 8(a)'s factual allegation requirements. In addition, under Texas law, Plaintiff is unable to obtain injunctive relief under the TDCA because she fails to allege or demonstrate she faces imminent harm and cannot show that she does not have an adequate remedy at law. Because Plaintiff cannot recover any actual damages or obtain an injunction, her TDCA claims must be dismissed under Fed. R. Civ. P. 12(b)(6) in their entirety. In conclusion of Plaintiff's Texas claims, her DTPA claims should also be dismissed. Because Plaintiff's TDCA claims fail as a matter of law, she no longer has a claim under the DTPA through its "tie-in" provision. Regardless of the TDCA, Plaintiff cannot establish consumer standing under the DTPA to use the "tie-in" provision. These claims must be dismissed.

42.  Last, due to Plaintiff's failure to accept Defendant's Offer of Judgment under Rule 68 of

the Federal Rules of Civil Procedure, which exceeded the maximum possible recovery under the FDCPA of $1,000 of statutory damages, including attorney's fees and costs, renders her claims under the FDCPA moot. Because the FDCPA was Plaintiff's only basis for original and subject matter jurisdiction in federal court, this Court can no longer exercise supplemental jurisdiction over Plaintiff's state law claims under the TDCA. Instead, this entire case must be dismissed under Rule 12(b)(1) for a lack of subject matter jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Defendant, Progressive Financial Services, Inc., respectfully requests the Court Grant this Motion and Dismiss Plaintiff's case in its entirety and Grant it any other relief to which it shows itself duly entitled.

        Respectfully submitted,

        **ROBBIE MALONE, PLLC**

        /s/ Robbie Malone
        ROBBIE MALONE
        State Bar No. 12876450
        Email: rmalone@rmalonelaw.com
        XERXES MARTIN
        State Bar No. 24078928
        Email: xmartin@rmalonelaw.com
        ROBBIE MALONE, P.L.L.C.
        Northpark Central, Suite 1850
        8750 North Central Expressway
        Dallas, Texas   75231
        TEL: (214) 346-2630
        FAX: (214) 346-2631

        *COUNSEL FOR DEFENDANT*


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via ECF on this 19th day of October, 2012 to:

Noah D. Radbil
Texas Bar No. 24071015
Weisberg & Meyers, LLC
Two Allen Center, 1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Email:  noah.radbil@attorneysforconsumers.com

James R Claunch
Claunch Law Firm
2912 W 6th St
Fort Worth, TX 76107
Email: claunchlawoffice@gmail.com

Kirk Matthew Claunch
The Claunch Law Office
2912 W Sixth Street
Fort Worth, TX 76107
Email: claunchlaw3@earthlink.net

        /s/Robbie Malone