IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICOLE PAYNE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-432-Y |
| | § | |
| PROGRESSIVE FINANCIAL SERVICES, | § | |
| INC. | § | |

**PLAINTIFF NICOLE PAYNE'S RESPONSE IN OPPOSITION TO
PROGRESSIVE FINANCIAL SERVICES' MOTION TO DISMISS**

Plaintiff Nicole Payne ("Ms. Payne") files this response opposing the motion to dismiss filed by Defendant Progressive Financial Services, Inc. ("Progressive").

**I.      INTRODUCTION.**

Progressive argues that its offer of judgment provided Ms. Payne with complete relief, thereby divesting this Court of subject-matter jurisdiction. Progressive's argument is incorrect. Ms. Payne properly states plausible claims for statutory and actual damages under the federal Fair Debt Collection Practices Act ("FDCPA"), and for actual and injunctive relief under the Texas Debt Collection Act ("TDCA") and under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). Progressive's offer is procedurally defective and, substantively, it fails to account for Ms. Payne's claims for actual damages and claim for statutory injunctive relief. Ms. Payne accordingly asks this Court to deny the instant motion in its entirety.

## II.     LEGAL STANDARDS.

### A.     Federal Rule of Civil Procedure 12(c).

"A Rule 12(c) motion 'is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Vinewood Capital, LLC v. Sheppard Mullin Richter & Hampton, LLP*, 735 F. Supp. 2d 503, 523 (N.D. Tex. 2010) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002)).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when a complaint fails "to state a claim upon which relief can be granted." *Goldberg v. Cushman & Wakefield Nat. Corp*., 4:09-CV-700-Y, 2010 WL 3835143 at *2 (N.D. Tex. Sept. 30, 2010) (J. Means).  "Rule 8(a), however, which states the requirements for pleading a claim for relief in federal court, simply calls for 'a short and plain statement of the claim showing that the pleader is entitled to relief.' *Id* at *2 (quoting Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 (2002).  "Consequently, '[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'"  *Id.* At *2 (citing *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982); Wright & Miller, *Federal Practice and Procedure* § 1357 (1969)).

"The complaint must be liberally construed in favor of the plaintiff[s], and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 503 (5th Cir. 2000) (quoting *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997).  "'The district court may *not* dismiss a complaint under rule 12(b)(6) unless it appears *beyond doubt* that the plaintiff *can prove no set of facts* in support of his claim which would entitle him to relief.'" *Morgan Stanley Dean Witter*, 224 F.3d at 503 (quoting *Lowrey*, 117 F.3d at 247; *Conley v. Gibson*, 355 U.S. 41 (1957)) (emphasis in original).

### B.      Federal Rule of Civil Procedure 12(b)(1).

Article III of the United States Constitution limits the jurisdiction of the federal courts to "cases and controversies." U.S. Const. A. III § 2; *Flast v. Cohen,* 392 U.S. 83, 94 (1968). When the issues presented in a case are no longer "live" or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject-matter jurisdiction. *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979). Outside the context of a class action, an offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation. *Rand v. Monsanto Co.,* 926 F 2d 596, 598 (7th Cir.1991).

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject-matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject-matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996). In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981). Ultimately, a motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998).

### III.     PROGRESSIVE'S RULE 12(B)(6) MOTION IS NEITHER TIMELY NOR PRESERVED.

Progressive's "motion to dismiss is technically untimely because it was filed after [Progressive] filed its answer.  However, a court may treat an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings for failure to state a claim." *Olaoye v. Wells Fargo Bank, NA*, 4:11-CV-772-Y, 2012 WL 1082307 at *2 (N.D. Tex. Apr. 2, 2012) (J. Means) (citing *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999)).

However, an untimely Rule 12(b)(6) defense must be preserved before an untimely Rule 12(b)(6) motion can be salvaged by conversion to one under Rule 12(c).  *See e.g. Olaoye v. Wells Fargo Bank, N.A.*, 2012 WL 1082307 at *2 ("Because Wells Fargo asserted 'failure to state a claim' as a defense in its answer and therefore preserved that defense, the Court will construe Wells Fargo's Rule 12(b)(6) motion as one filed under Rule 12(c)."); *Goldberg v. Cushman & Wakefield Nat. Corp.*, 4:09-CV-700-Y, 2010 WL 3835143 (N.D. Tex. Sept. 30, 2010) (J. Means) (construing Rule 12(b)(6) motion as one filed under Rule 12(c) "because [the d]efendants raised each of their Rule 12(b)(6) arguments in their answers.").

Progressive did not assert a Rule 12(b)(6) defense, or make any Rule 12(b)(6) argument, in its answer (*see* doc. 7).[1]  Progressive's Rule 12(b)(6) defense and argument is not preserved and, therefore, Progressive's untimely Rule 12(b)(6) motion should not be salvaged by construing it as one filed under Rule 12(c).

---

[1] Progressive's answer asserts three purported defenses:  (1) that Ms. Payne failed to mitigate her damages, (2) that Ms. Payne's damages resulted from a preexisting condition, and (3) the statutory affirmative defense of *bona fide* error.  *See* doc. 7; 15 U.S.C.  1692k (*bona fide* error).

## IV.   MS. PAYNE'S CLAIMS ARE NOT MOOT WHERE PROGRESSIVE FAILED TO INVOKE RULE 68'S OPERATION BY SERVING A DEFECTIVE OFFER OF JUDGMENT.

In order to support a judgment, an offer of judgment must conform to Rule 68's statutory requirements.  An offer that does not satisfy the requirements of Rule 68 does not entitle the offeror to the specialized benefits of the rule.  An invalid offer of judgment purportedly made pursuant to Rule 68 has no effect.  Progressive's offer of judgment does not meet the requirements of Rule 68, and is accordingly unenforceable.  Without more, it cannot serve to trigger the operation of Rule 68, and in turn does not moot Ms. Payne's claims

### A.   An Offer Of Judgment That Does Not Conform To Rule 68's Statutory Requirements Is Invalid.

An offer of judgment must conform to the statutory requirements of Rule 68 in order to be valid and proper.[2]  *Herrington v. County of Sonoma*, 12 F. 3d 901, 907 (9th  Cir. 1993); *Simon v. Intercontinental Transport (ICT) B.V.*, 882 F. 2d 1435, 1439 (9th Cir. 1989)' s*ee also Vargas v. United States*, 2005 WL 2250847, *2 (E.D. Wash. 2005) (offer must satisfy the technical requirements of Rule 68).

Courts require strict adherence to the language of the Rule 68 out of necessity.  *See Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998) ("[A] plaintiff who receives a Rule 68 offer is in a difficult position because the offer has a binding effect when refused as well as when accepted. . . . Adherence to the language of the offer whenever possible alleviates . . . unfairness to the plaintiff.'"); *Blair v. Shanahan*, 795 F. Supp. 309, 316 (N.D. Cal. 1992) ("Rule 68 is a powerful tool.  It can be used by defendants to

---

[2] Likewise, the mandatory language of Rule 68 leaves no room for district court discretion in enforcing offers of judgment.  *See United States v. Trident Seafoods Corporation,* 92 F. 3d 855, 859 (9th Cir.1996), *cert. denied,* 519 U.S. 1109 (1997); *Designer Skin, LLC v. S&L Vitamins, Inc.*, 2009 WL 981073, * 1 (D. Ariz. 2009).  Any ambiguities must be construed against the drafter.  *Holland v. Roeser*, 37 F. 3d 501, 504 (9th Cir. 1994).

make an offer which, if refused, may be used against the plaintiff later.  This Court should not add to that power. . . . "); *see also Boorstein v. City of New York*, 107 F.R.D. 31, 34 (S.D. N.Y. 1985) (ambiguous Rule 68 settlement offers should be clarified or stricken to further the purpose of the Rule, which is to encourage settlement of lawsuits and protect the ability of parties to make reasonable decisions in conducting litigation).

Elementary rules of statutory construction require that the Court look to the language of Rule 68 and give effect, "if possible, to every word, clause and sentence" of the Rule.  *Polk v. Montgomery Cty., MD,* 130 F.R.D. 40, 42 (D. Md. 1990) ("[E]ach part or section [of Rule 68] should be construed in connection with every other part or section so as to produce a harmonious whole.").

Courts will not enforce an invalid offer of judgment.  *See, e.g., Magnuson v. Video Yesteryear,* 85 F. 3d 1424, 1431 (9th Cir. 1996) (denying cost-shifting benefits of Rule 68 where defendant did not properly serve the offer in compliance with Fed. R. Civ. P. 5(b) despite plaintiff's actual notice); *Mazut v. Colontal Park Properties, Inc.*, 99 Fed. Appx. 764, 766 (9th Cir. 2004) ("Having declined to make such an offer in conformity with Rule 68, [the defendant] is not entitled to an outcome as if it had tendered such an offer."); *Tillman v. Calvary Portfolio Servs., LLC,* 2009 WL 510921, *1 (D. Ariz. 2009) ("If a plaintiff is not served with a valid offer of judgment under Rule 68, . . . 'he cannot be deprived of his costs.'").

**B.**      **Progressive's Rule 68 Offer Of Judgment Fails To Comply With Rule 5(b).**

Service of process of Rule 68 offers must comply with Federal Rule of Civil Procedure 5(b).  *See, e.g., Grosvenor v. Brienen,* 801 F.2d 944, 948 (7th Cir. 1986) (holding that an oral offer does not satisfy service requirements of Rule 5(b) in the context of Rule 68); *Clark v. Sims*, 28 F.3d 420, 424 (4th Cir. 1994) (an offer of judgment must be served upon every party to the litigation).

Delivery via facsimile does not satisfy Rule 5(b).  *Wilkens v. Johnson*, 238 F.3d 328, 337 (5th Cir.) ("Electronic transmission of a fax" does not constitute "delivery" under Rule 5(b)), *cert. denied*, 533 U.S.

956 (2001); *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1352 (Fed. Cir. 2007) ("Century has

not pointed to any authority from the Fifth Circuit, nor have we found any, recognizing an 'exceptional

good cause' exception to Rule 5(b)(2)'s requirement that service by fax be consented to in writing.");

*Rodriguez v. M/W WASHINGTON RAINBOW II*, 2005 WL 2897387, at *1 (S.D. Tex. Nov. 2, 2005)

("Rule 5(2)(D) allows service by fax only upon written agreement of the parties."); *accord Magnuson v.*

*Video Yesteryear,* 85 F.3d 1424, 1429 (9th Cir. 1996) ("Service by fax does not satisfy Fed. R. Civ. P.

5(b)."); *United States v. Galiczynski,* 44 F. Supp. 2d 707, 713 (E.D. Pa.) ("The result reached here, that the

Federal Rules of Civil Procedure do not authorize service by fax, is consistent with the unanimous

decisions rendered by courts that have considered the issue."), *aff'd,* 203 F.3d 818 (3d Cir. 1999); *Salley v.*

*Bd. of Governors, Univ. of N.C.,* 136 F.R.D. 417, 419 (M.D.N.C. 1991) ("[There is no indication that the

drafters of Rule 5(b) contemplated service by mail to be other than by the United States Postal Service,

much less that fax transmissions or electronic mail were considered.").  Similarly, delivery via email does

not satisfy Rule 5(b), absent written consent to service by electronic means.  Fed. R. Civ. P. 5(b)(2)(E).

Because Progressive attempted to serve Ms. Payne with its Rule 68 Offer of Judgment by

"electronic service," (*see* Exhibit "A") it failed to comply with Rule 5(b).  The language of the "Offer of

Judgment" clearly indicates that its term began to run from "the date of electronic service of this offer."

(Exhibit "A").[3]   Yet, Progressive has identified no written agreement with Ms. Payne authorizing

methods of service in lieu of those specifically provided for in Rule 5(b)(2).  Because Progressive

conditions the purported Rule 68 offer upon Ms. Payne's acceptance within fourteen days invalid

"electronic service," Progressive did not provide the critical fourteen-day acceptance period mandated by

Rule 68.  As a result of its narrowing of the mandatory fourteen-day window, the offer fails to comply

Rule 68, and Progressive's Motion to Dismiss must be denied.

### C.      Progressive's Rule 68 Offer Of Judgment Is Ambiguous.

Progressive's Rule 68 Offer of Judgment fails to clearly identify who exactly judgment is being offered against, and fails to clearly identify the nature of the compensation offered for Ms. Payne's damages.  In relevant part, the offer states:

> Pursuant to Fed R. Civ. Proc. 68, Progressive Financial Services, Defendant herein, desires to resolve the claims against **it** by the Plaintiff. Defendant hereby offers to allow judgment to be taken against **them** in the amount of $1,001.00 **as and for damages inclusive of all damages of any kind, whether actual and/or punitive, and specifically alleged in the Complaint herein.**

Exhibit "A."

Progressive's initial reference to itself using the pronoun "it" and subsequent offer to allow judgment to be taken against "them" is confusing.  The only interpretation of Progressive's offer which makes any sense in light of the use of Progressive's dual reference to the singular and plural pronouns is that Progressive offers judgment against one or more nonparties in addition to, or exclusive of, itself.  In terms of the enforceability of a contract, such ambiguity concerning the parties bound is material in that it may serve as the basis for an argument against formation on the grounds of mutual mistake.  Furthermore, the treatment of Ms. Payne's damages is also ambiguous.  *See* Exhibit "A" ("$1,001.00 as **and for damages** inclusive of all damages of any kind, whether actual and/or punitive, and specifically alleged in the Complaint herein.") (emphasis added).  In the context of Rule 68, this language is simply not clear enough.  Ms. Payne should not be forced to assume what is meant.

Offers of judgment are interpreted according to contract law and because of their take-it-or-leave-it nature, courts are "prone to interpret the language of a Rule 68 offer against the defendant that drafted it." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* §

---

[3] Notably, Progressive failed to include any certificate of service with its Rule 68 Offer of Judgment.  (See Doc. 19-1 at 11).

3002, at 95-96 (2d ed.1997). The Eleventh Circuit has adopted this approach because " 'the plaintiff should not be left in the position of guessing what a court will later hold the offer means.' " *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.,* 298 F.3d 1238, 1244 (11th Cir.2002) (quoting *Webb v. James,* 147 F.3d 617, 623 (7th Cir.1998)).

## V.   PROGRESSIVE'S OFFER OF JUDGMENT FAILS TO PROVIDE COMPLETE RELIEF UNDER THE FDCPA.

The FDCPA at section 1692k(a) provides, in relevant part:

> Except as otherwise provided by this section, **any debt collector** who fails to comply with any provision of this subchapter with respect to any person **is liable to such person in an amount equal to the sum of**—
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
> *        *        *
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court…

15 U.S.C. 1692k(a) (emphasis added).

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'"   *Gonzalez v. Kay*, 577 F.3d 600, 603-04 (5th Cir. 2009) (quoting 15 U.S.C. § 1692(e)).  "The statute then lists several activities that violate the FDCPA."  *Id.* Ms. Payne claims that Progressive violated the FDCPA at sections 1692c(a)(1), 1692d(5), 1692d(6), and 1692e(11). *See* Doc. 1 (Original Complaint).

There is no dispute that Ms. Payne is a "consumer" under the FDCPA and that Progressive is a "debt collector" under the Act.  *See* Answer ¶¶7, 8, 9, and 12 (doc. 7, pp. 1-2).  "A debt collector who violates the FDCPA is liable for actual damages, additional damages of up to $1,000, and attorneys' fees." *Gonzalez v. Kay*, 577 F.3d at 604 (citing 15 U.S.C. § 1692k).  "The FDCPA allows a plaintiff to recover 'any actual damage sustained' as a result of a violation of the statute." *Minnifield v. Johnson & Freedman, LLC*, 448 Fed. Appx. 914, 916-17 (11th Cir. 2011) (quoting  15 U.S.C. § 1692k(a)(1)).  "Actual damages under the FDCPA include damages for emotional distress." *Id.* at 916-17 (quoting *Johnson v. Eaton,* 80 F.3d 148, 152 (5th Cir.1996) ("noting that the FDCPA not only requires that the debt collector compensate the debtor for any monetary damages, but also for 'emotional distress or other injury that the debtors can prove the debt collector caused'")).

## A.      Ms. Payne Requested, And Is Entitled To, Actual Damages Under The FDCPA.

"[A] plaintiff is limited to $1,000 plus costs and attorneys' fees for her claim under FDCPA *only if she does not assert any claim for actual damages.*" *Shepherd v. Law Offices of Cohen & Slamowitz, LLP*, 668 F. Supp. 2d 579, 582 (S.D.N.Y. 2009) (emphasis in original). However, a debt collector who fails to comply with any provision of the FDCPA is liable for actual damages sustained as a result of such a failure.  15 U.S.C.  § 1692k(a)(1); *see also Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009) ("A debt collector who violates the FDCPA is liable for actual damages, additional damages of up to $1,000, and attorneys' fees."), *cert. denied*, 130 S. Ct. 1505 (2010). "A plaintiff in such an action is entitled to any actual damages she can prove, plus up to $1,000 in 'additional' damages. 'Additional' means over and above actual damages, which are separately recoverable." *Shepherd*, 668 F. Supp. 2d at 582. "[A]ctual damages can include damages for emotional distress, out-of-pocket expenses, personal humiliation, embarrassment, or mental anguish." *Toomer v. Alliance Receivables Mgmt., Inc.*, 2010 WL 5071778 (W.D. Tex. Dec. 9, 2010) (citing *Harrington v. Nat'l Enter. Sys.,* 2010 U.S. Dist. LEXIS 21296 (E.D.

Tex. Feb. 18, 2010)); *see also* Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988) (Section 813-Civil Liability) (noting "actual damages" for FDCPA violations include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress" as well as "out-of-pocket expenses").

The FDCPA does not require any specific form of proof regarding actual damages. *See Sweetland v. Stevens & James, Inc.,* 563 F. Supp. 2d 300, 303-04 (D. Me. 2008) (awarding emotional distress damages under the FDCPA even though no documentary evidence or expert testimony was submitted); *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1235 (C.D. Cal. 2007) (finding plaintiff's "testimony alone can sufficiently establish emotional distress damages, such that a jury could find in her favor on that issue," notwithstanding defendant's contention that medical or psychological evidence was required); *McCammon v. Bibler, Newman & Reynolds, P.A.*, 493 F. Supp. 2d 1166, 1172 (D. Kan. 2007) (noting lack of any authority for the proposition that a plaintiff cannot recover actual damages under the FDCPA without expert testimony); *In re Hart,* 246 B.R. 709, 732 (Bankr. D. Mass. 2000) (accepting plaintiff's testimony that he was angered, frustrated, and emotionally distressed by defendant in awarding emotional distress damages in FDCPA case).

Under the FDCPA, a consumer is "entitled to have a jury determine her actual, as opposed to statutory, damages." *Warren v. Sessoms & Rogers, P.A.*, 2012 WL 76053 (4th Cir. Jan. 11, 2012), as amended (Feb. 1, 2012) (citing Fed. R. Civ. P. 38 (preserving the "right of trial by jury" in civil actions) and 15 U.S.C. § 1692k(a)(1), (2)(A) (providing for actual and statutory damages and limiting a court's discretion to awarding only the statutory damages)); *Wilhelm v. Credico, Inc.*, 2008 WL 5156660 (D. N.D. Dec. 5, 2008) (affirming trial court's finding that Rule 68 Offer of Judgment did not moot the plaintiff's claims because the determination of actual damages falls within the province of the jury).

Further, there is no limit on the amount of actual damages a consumer may be awarded under the FDCPA. While "courts generally award actual damages ranging from $100.00 to $5000.00," larger awards are not uncommon. *Milton*, 2007 WL 2262893 at *5; *see, e.g.*, *GreenPoint Credit Corp. v. Perez*, 75 S.W.3d 40, 46 (Tex. App. 2002) (affirming jury's award of $5,000,000 in compensatory damages for unfair collection practices); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011) (affirming jury's award of $250,000 for emotional distress under the FDCPA); *Yazzie v. Law Offices of Farrell & Seldin & Target Nat'l Bank*, No. 1:10-cv-00292-BB–LFG (D.N.M. Aug. 19, 2011) (awarding $161,000 in compensatory damages under FDCPA); *Bennett v. Am. Med. Response, Inc.*, 226 Fed. App.  725, 728 (9th Cir. 2007) (affirming award of $100,000 in compensatory damages under FDCPA); *Fausto v. Credigy Servs. Corp.*, No. 5:07-CV-05658-JW (N.D.Cal. 2009) (awarding $100,000 in compensatory damages for violations of FDCPA and state law); *Bennett v. Bay ARTea Recovery Servs.*, 2007 U.S. App. LEXIS 7481 (9th Cir. 2007) (affirming trial court's $100,000 default judgment award of based upon egregious debt collection practices under FDCPA).

Here, Ms. Payne has requested, and is entitled to, actual damages under the FDCPA. Ms. Payne's Amended Complaint alleges that "Progressive's actions constitute conduct highly offensive to a reasonable person, and as a result of Progressive's violations of the FDCPA, Progressive is liable to Ms. Payne for Ms. Payne's actual damages . . . ." (Doc. 1 ¶105).  Further, Ms. Payne requests "actual damages, pursuant to 15 U.S.C. §1692k." (Doc. 1 ¶¶107, 109, 113). In fact, Progressive acknowledges that Ms. Payne "seeks statutory and actual damages against Progressive."  (Doc. 7 at 1 ¶2). Thus, Ms. Payne is entitled to a jury determination of her actual damages.

Progressive asserts:  "No facts plead represent Plaintiff could have suffered actual damages." (Doc. 23 at 6 ¶14).   However, this argument is without merit. Ms. Payne specifically alleged that Progressive "placed the January 17, 2012 at 4:03 P.M., January 18, 2012 at 11:01 A.M., February 13,

2012 at 8:44 A.M., February 21, 2012 at 9:14 A.M., February 24, 2012 at 1:02 P.M., February 27, 2012 at

8:31 A.M., February 27, 2012 at 3:52 P.M., February 29, 2012 at 11:03 A.M., March 5, 2012 at 8:56

A.M., March 7, 2012 at 11:32 A.M., March 7, 2012 at 11:35 A.M., March 8, 2012 at 11:38 A.M., March

9, 2012 at 8:01 A.M., March 14, 2012 at 9:53 A.M., March 20, 2012 at 8:51 A.M., March 23, 2012 at

4:56 P.M., March 29, 2012 at 4:24 P.M., April 5, 2012 at 11:22 A.M, April 6, 4:04 P.M., April 7, 2012 at

8:39 A.M., April 14, 2012 at 11:54 A.M., and April 18, 2012 at 12:34 P.M. telephone calls at times that

were known or should have been known to be inconvenient to[Ms. Payne], and contrary to Plaintiff's

instructions."  (Doc. 1, p. 15 ¶104).  Ms. Payne further alleges that such calls were placed "in direct

contrast to [Ms. Payne's] instructions" not to call her, and that such calls were placed "repeatedly or

continuously with intent to harass, annoy or abuse [Ms. Payne]." (Doc. 1, p. 16 ¶109).  Furthermore, Ms.

Payne alleges that Progressive's "actions constitute conduct highly offensive to a reasonable person, and

as a result of Defendant's above violations of the FDCPA, [Progressive] is liable to Plaintiff **for

Plaintiff's actual damages**, statutory damages, and costs and attorney's fees."  (Doc. 1, p. 15 ¶105).

"Courts have found that in the context of FDCPA claims, a specific allegation regarding actual

damages is not necessary to state a claim for such damages." *Ortega v. Collectors Training Inst. of

Illinois, Inc.*, 2011 WL 241948 (S.D. Fla. Jan. 24, 2011) (citing *Sibersky v. Borah, Goldstein, Altschuler &

Schwartz, P.C.,* 242 F.Supp.2d 273, 277 (S.D.N.Y.2002)).   Even so, Ms. Payne easily clears the Rule

12(c) hurdle of stating plausible claims under the FDCPA, including for actual damages.  Taking Ms.

Payne's well-pleaded allegations as true, it requires no stretch of the imagination to understand how

Progressive's repeated and continuous—intentionally harassing, annoying, and abusive placement of

telephone calls to Ms. Payne—which a reasonable person would find highly offensive—actually caused

Ms. Payne to suffer actual damages, including emotional distress.

Ms. Payne has requested, and is entitled to, actual damages under the FDCPA. However, Progressive's Rule 68 Offer of Judgment fails to provide monetary relief for any actual damages, much less complete satisfaction of Ms. Payne's actual damages. As a result, subject-matter jurisdiction exists and Progressive's Motion to Dismiss must be denied.

### B.      Ms. Payne Is Entitled To Costs Under The FDCPA.

For an offer to constitute complete relief, it must afford plaintiff everything that was requested in the complaint. *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 341 (1980) ("Acceptance [of defendant's offer] need not be mandated under our precedents since the defendant has not offered all that has been requested in the complaint") (Rehnquist, J. concurring). A valid offer includes damages and costs. *Marek v. Chesny*, 473 U.S. 1, 8 (1985); *Scheriff v. Beck*, 452 F.Supp. 1254, 1260–61 (D.Colo.1978).

Here, Ms. Payne has requested, and is entitled to, costs pursuant to 15 U.S.C. § 1692k. However, Progressive's Rule 68 Offer of Judgment fails to include any costs whatsoever. *See supra*, Section IV(C); (Doc. 19-1 at 11). "[T]he offer does not provide complete relief to Ms. Payne as it does not encompass attorneys' fees and costs incurred after the offer was made." *Pollock*, 2009 WL 2475167 at *6 (citing *McKenna v. Nat'l Action Fin. Servs.*, 07-60889-civ-Zloch (S.D. Fla. filed June 10, 2008) (denying motion to dismiss on similar facts as full relief was not offered). Thus, Progressive's Rule 68 Offer of Judgment fails to provide Ms. Payne with complete relief and its Motion to Dismiss must be denied.

### C.     Ms. Payne Is Entitled To Attorneys' Fees After Service Of Progressive's Rule 68 Offer of Judgment.

"[C]omplete relief under the FDCPA includes attorney's fees expended after the receipt of a Rule 68 offer." *Hernandez v. Asset Acceptance, LLC*, 2012 WL 447545, *3 (D. Colo. Feb. 13, 2012). "These fees are justified because it is not unreasonable for counsel to continue to accrue limited fees after an offer of judgment, including those associated with litigation of a fee motion." *Id.* (citing *Andrews v. Professional Bureau of Collections of Maryland, Inc.*, 270 F.R.D. 205, 208 (M.D.Pa.2010).   District courts may award attorneys' fees and costs for time spent litigating the issue of attorneys' fees. *See e.g., La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 336 (5th Cir. 1995); *Hairston v. R&R Apartments*, 510 F.2d 1090, 1093 (7th Cir. 1975) ("…if no fees are awarded, the burden of the costs is placed on the organization providing the services, and it correspondingly may decline to bring such suits and decide to concentrate its limited resources elsewhere, thereby curtailing the forceful application of the Act that Congress sought"); *Brandenburger v. Thompson*, 494 F.2d 885 (9th Cir. 1974); *Miller v. Amusement Enterprises, Inc.*, 426 F.2d 534 (5th Cir. 1970).

As the Third Circuit has stated:

> If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours will be correspondingly decreased. Recognizing this fact, attorneys may become wary about taking . . . cases for which attorneys' fees are statutorily authorized. Such a result would not comport with the purpose behind most statutory fee authorizations, Viz, the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies.

*Prandini v. National Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978); *see also Burchett v. Bower*, 470 F. Supp. 1170, 1173 (D. Ariz. 1979) ("[T]ime spent in preparing and litigating the fees petition should be compensated accordingly.").

Thus, under the FDCPA, while a Rule 68 offer of judgment may limit the costs awarded to those accrued as of the date of the offer, it may not so limit the amount of attorneys' fees awarded.  In *Marek*, the Supreme "Court held that 'costs' includes attorney's fees only if fees are defined as costs under the relevant substantive statute or authority upon which the suit is premised." *Minnick v. Dollar Fin. Group, Inc.*, 2002 WL 1023101, at *2 (E.D. Pa. May 20, 2002) (citing *Marek*, 473 U.S. at 9).  In *Marek*, the relevant statute was the Civil Rights Attorney's Fees Awards Act, in which Congress expressly included attorney's fees "as part of the costs." 473 U.S. at 9 (citing 42 U.S.C. § 1988).  Conversely, "[t]he FDCPA, which is at issue here, distinguishes costs from attorney's fees; therefore, such fees are not subject to the cost-shifting provision of Rule 68 and reliance thereupon is misplaced." *Andrews v. Prof'l Bureau of Collections of Maryland, Inc.*, 2010 WL 4520907, at *2 (M.D. Pa. Nov. 9, 2010) (citing 15 U.S.C. § 1692k(a)(3), and *Marek*, 473 U.S. at 9); *Pollock v. Bay Area Credit Service, LLC*, 2009 WL 2475167, at *6 (S.D.Fla. Aug.13, 2009) (denying motion to dismiss claims under FDCPA and Florida statute on mootness grounds where Rule 68 offered provided $2,001, but cut off fees and costs at the date of the offer).

Progressive's Rule 68 Offer of Judgment acknowledges that an amount of attorneys' fee may need "to be determined by the Court." (Doc. 19-1 at 11).  Nevertheless, it only offers "attorney fees incurred to date." (Doc. 19-1 at 11). Thus, Ms. Payne would be unable to recover attorneys' fees for time spent finalizing settlement, negotiating settlement of the attorneys' fee issue, or for preparing any Petition for Attorneys' Fees. *See Marryshow v. Flynn*, 986 F.2d 689, 692 (4th Cir.1993) (concluding that for a  Rule 68 offer to cut-off an entitlement to fees, the offer must be greater than the verdict plus reasonable fees and costs incurred when the offer was made); *Andrews v. Professional Bureau of Collections of Maryland, Inc.*, 270 F.R.D. 205, 208 (M.D.Pa.2010) (finding that a Rule 68 offer in excess of maximum statutory damages plus costs and reasonable attorney's fees "now accrued" was not complete relief under FDCPA).

"[I]It would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981 (9th Cir.2008). Thus, although the time involved in preparing a motion for attorney's fees is likely minimal, the Court must nonetheless "take this expense into consideration to determine whether the Offer fully satisfied Ms. Payne's claims and costs." *McKenna v. Nat'l Action Financial Servs.*, Inc., 2008 WL 2389016, at *1 (S.D. Fla. June 10, 2008). Consequently, because defendant's Offer did not include attorney's fees for post-offer fee collection activities, defendant's Offer does not provide plaintiff with complete relief. *Hernandez*, 2012 WL 447545 at *4; *Pollock*, 2009 WL 2475167 at *6 ("[T]he offer does not provide complete relief to Ms. Payne as it does not encompass attorneys' fees and costs incurred after the offer was made."). Therefore, Progressive's Rule 68 Offer of Judgment fails to provide complete satisfaction. As a result, Progressive's Motion to Dismiss must be denied.

### D. Ms. Payne And The General Public Maintain An Interest In The Outcome Of The Subject Litigation Because The FDCPA Affords Aggrieved Parties Relief That Cannot Be Valued Solely In Monetary Terms.

Financial compensation is not the "be all and end all." *Chestnut Hill Gulf, Inc. v. Cumberland Farms, Inc*., 749 F. Supp. 331, 333 (D. Mass. 1990). "Rule 68 was not intended to preclude parties from having their day in court where more could be gained from litigating a matter than from accepting a settlement." *Id.* "Unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important * * * rights that cannot be valued solely in monetary terms," and Congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Tolentino v. Friedman*, 46 F. 3d 645, 652 (7th Cir. 1995) (citing *City of Riverside v. Rivera,* 477 U.S. 561 (1986)) (internal quotation marks omitted). "[P]rivate attorneys general should not be deterred from bringing good faith actions to vindicate [their] fundamental rights" by the tender of Rule 68 offers of judgment. *See*

17

*Dawson v. Pastrick*, 600 F.2d 70, 75 (7th Cir. 1979); s*ee also Parham v. Southwestern Bell Telephone Co*., 433 F. 2d 421, 428 (8th Cir. 1970) ("[T]he success or failure of the plaintiff's individual claim in this litigation need not determine the availability of relief to rectify the employer's class discrimination."); *Hutchings v. United States Industries, Inc*., 428 F. 2d 303, 311 (5th Cir. 1970) ("Once the judicial machinery has been set in train, the proceeding takes on a public character in which remedies are devised to vindicate the policies of the Act, not merely to afford private relief."). Because not only Ms. Payne, but also the general public, maintains a personal interest in the outcome of this matter, Ms. Payne's action is not moot.

## VI.   DEFENDANT'S RULE 68 OFFER OF JUDGMENT FAILS TO PROVIDE COMPLETE RELIEF UNDER THE TDCA AND DTPA.

Tex. Fin. Code § 392.403(a) states, in relevant part:

> A person may sue for:
>
> (1) injunctive relief to prevent or restrain a violation of this chapter;  and
>
> (2) actual damages sustained as a result of a violation of this chapter.

Tex. Fin. Code § 392.403(a)(1)-(2).

Tex. Bus. & Com. Code § 17.50 provides, in relevant part:

> (b) In a suit filed under this section, each consumer who prevails may obtain:
>
> (1)  the amount of economic damages found by the trier of fact.  If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages;  or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages;
>
> (2)  an order enjoining such acts or failure to act;

18

Tex. Bus. & Com. Code § 17.50(b)(1)-(2).

### A.    Ms. Payne Has Standing To Seek Injunctive Relief.

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," such that "any opinion as to the legality of the challenged action would be advisory." *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (citations omitted). "Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir.1987); *see also Murray v. Fidelity Nat. Financial, Inc.,* 594 F.3d 419, 423 (5th Cir.2010) ("If a case is moot, a federal court has no constitutional authority to resolve the issues that it presents.") (citation omitted). However, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice ." *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982). Such cases are moot only "if subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 289 n. 10; *see also Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) ("The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.") (citation omitted). *See Bray v. Cadle Co.*, CIV.A. 4:09-CV-663, 2010 WL 4053794 (S.D. Tex. Oct. 14, 2010) (denying motion to dismiss statutory injunctive relief claims under the TDCA).

### A.    Progressive's Rule 68 Offer Of Judgment Fails To Provide Injunctive Relief As Requested By Ms. Payne Pursuant To Her Claims Under The TDCA And DTPA.

Ms. Payne specifically requested "an Order or injunction issued by this Court preventing [Progressive] from continuing its violative behaviors." (Doc. 1, p. 1 ¶2).   Progressive correctly acknowledges that where a statute provides for a right to an injunction for a violation, a party does not

19

have to establish the general equitable principles for injunctive relief.  (Doc. 23, p. 9).  When an applicant relies upon a statutory source for injunctive relief, the statute's express language supersedes the common law injunctive relief elements such as imminent harm or irreparable injury and lack of an adequate remedy at law."  *West v. State*, 212 S.W.3d 513, 519 (Tex. App.—Austin 2006, no pet.); *Marauder Corp. v. Beall*, 301 S.W.3d 817, 820 (Tex. App.—Dallas 2009, no pet.).

As the Sixth Circuit has noted, in the Rule 68 context "a favorable judgment and an injunction can be more valuable to a plaintiff than damages." *Andretti v. Borla Performance Indus. Inc.,* 426 F.3d 824 (6th Cir.2005). Most federal courts adopt this approach. *See, e.g., Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 231 (2d Cir. 2006) ("We follow this approach and decline to disregard equitable relief for Rule 68 purposes."); *Liberty Mut. Ins. Co. v. EEOC,* 691 F.2d 438, 439, 442 (9th Cir.1982) (considering offer of judgment consenting to an injunction against disclosure of information under Rule 68); *Lish v. Harper's Magazine Found.,* 148 F.R.D. 516, 520 (S.D.N.Y.1993) (considering judgment's grant of authorial right to control publication and judicial determination of copyright violation); *Lightfoot v. Walker,* 619 F.Supp. 1481, 1485-86 (S.D.Ill.1985) (considering offer of judgment consenting to prison health care reform); Thomas L. Cubbage III, Note, *Federal Rule 68 Offers of Judgment and Equitable Relief: Where Angels Fear to Tread,* 70 Tex. L.Rev. 465, 475 (1991) (surveying court decisions involving the application of Rule 68 to equitable relief and articulating a set of criteria for evaluating the favorableness of equitable offers and judgments).

"[O]ffers including only monetary damages but excluding equitable or injunctive relief would ... be inconsistent with [Rule 68]" and observing that "had [d]efendant made Offers of Judgment excluding the portion of the complaint addressing injunctive relief, the offer would have been ineffective." *Whitcher v. Town of Matthews*, 136 F.R.D. 582, 585 (W.D.N.C.1991)  In fact, because the Rule 68 Offer of Judgment failed to offer injunctive relief, Ms. Payne would waive any entitlement to injunctive relief

through acceptance. *See, e.g., Bevier v. Blue Cross & Blue Shield of S.C.*, 337 F. App'x 357, 359 (4th Cir. 2009) (citing *Whitcher*, 136 F.R.D. at 585). In fact, even where an injunction is included in a Rule 68 Offer of Judgment, courts are required to determine whether the injunction itself provides complete relief. *See, e.g., RCA/Ariola Int'l Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 780 (8th Cir.1988) (Rule 68 inapplicable where the injunction defendants proposed was less favorable to plaintiffs than that actually entered).

Here, Progressive's Rule 68 Offer of Judgment fails to include any injunctive relief. (*See* Exhibit "A"). Progressive's "offer did not offer [the plaintiff] all that he could possibly recover because it was silent as to the declaratory and injunctive relief he sought." *Brown v. Kopolow*, 2011 WL 283253 (S.D. Fla. Jan. 25, 2011). Therefore, Progressive's Rule 68 Offer of Judgment fails to provide complete relief, and its Motion to Dismiss must be denied.

> **B.      Ms. Payne Requested, And Is Entitled To, Actual Damages Pursuant To The TDCA And DTPA.**

Ms. Payne requested actual damages under both the TDCA and DTPA. (Doc. 8 at 7-8). Similarly, Ms. Payne requested three times her actual damages under the DTPA. (Doc. 8 at 8). As discussed above, Progressive's Rule 68 Offer of Judgment fails to provide any amount for Ms. Payne's actual damages. *See supra*, Section (V)(A). Thus, Progressive's Rule 68 Offer of Judgment fails to provide complete relief and Progressive's Motion to Dismiss must be denied.

## VII.     CONCLUSION.

In order to support a judgment, an offer of judgment must conform to Rule 68's statutory requirements. Progressive's offer of judgment does not meet the requirements of Rule 68 because it was not properly served, is ambiguous, and failed to compensate Ms. Payne for the costs then accrued. Thus, it is unenforceable.

Progressive has not offered Ms. Payne "complete relief" in the form of monetary compensation for her claims asserted in her Complaint. Ms. Payne has requested, and is entitled to, actual damages pursuant to the FDCPA. In addition, the public character of Ms. Payne's action mandates enforcement of the policies underlying the FDCPA so as to promote remedies above and beyond mere private relief. Similarly, Ms. Payne has requested, and is entitled to, actual damages and injunctive relief pursuant to the, TDCA and DTPA. As a result, subject-matter jurisdiction exists.

WHEREFORE, Ms. Payne respectfully requests the Court deny Progressive's Motion to Dismiss.

Dated: November 9, 2012.                    Respectfully submitted,

By:  /s/ Noah D. Radbil
    Noah D. Radbil
    Texas Bar No. 24071015
    Weisberg & Meyers, LLC
    Two Allen Center, 1200 Smith Street
    Sixteenth Floor
    Houston, TX 77002
    Telephone:  (888) 595-9111
    Facsimile:  (866) 565-1327
    Email:  noah.radbil@attorneysforconsumers.com

    James R Claunch
    Claunch Law Firm
    2912 W 6th St
    Fort Worth, TX 76107
    Telephone:  (817) 335-4003
    Facsimile:  (817) 335-7112
    Email: claunchlawoffice@gmail.com

    Kirk Matthew Claunch
    The Claunch Law Office
    2912 W Sixth Street
    Fort Worth, TX 76107
    Telephone: (817) 335-4003
    Facsimile: (817) 335-7112
    Email: claunchlaw3@earthlink.net

    *Counsel of Record for Plaintiff* NICOLE PAYNE

## <u>CERTIFICATE OF SERVICE</u>

On November 9, 2012, I filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, Fort Worth Division, using the Court's EM/ECF system.  Delivery of the notice of electronic filing that is automatically generated by ECF constitutes service under Fed. R. Civ. P. 5(b)(2)(E) on Progressive Progressive Financial Services, Inc.'s attorney of record, who is a registered user of ECF.

By:  <u>s/Noah D. Radbil</u>
   Noah D. Radbil