IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICOLE PAYNE | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | Cause No. 4:12-CV-00432 |
| | § | |
| PROGRESSIVE FINANCIAL SERVICES, | § | |
| INC., | § | |
|     DEFENDANT. | § | |

<u>DEFENDANT PROGRESSIVE FINANCIAL SERVICES, INC.'S BRIEF AND APPENDIX IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY</u>

COMES NOW, Progressive Financial Services, Inc. ("Progressive"), Defendant herein, through counsel of record, and files its Brief and Appendix in support of its Motion to Compel Discovery and shows unto the Court as follows:

## I.
## <u>BACKGROUND</u>

1.      On June 25, 2012, Plaintiff filed her Original Complaint alleging Progressive violated provisions of the Fair Debt Collection Practice Act ("FDCPA"), the Texas Debt Collection Act under the Texas Finance Code § 392 *et seq.* ("TDCA"), and the Texas Deceptive Trade Practices Act ("DTPA") under its "tie-in" provision, Tex. Bus. & Com. Code § 17.50(h). <u>Docket Entry ("Doc.") 1</u>. Progressive filed its Answer on August 6, 2012. <u>Doc. 7</u>.

2.      Progressive received Plaintiff's initial responses on November 13, 2012. Plaintiff's responses however contained many boilerplate objections, avoids answering any requests on his claims, incorrectly asserts attorney-client privilege regarding actual damages and attorney's fees, and completely avoids answering any questions regarding alleged actual damages. Through December and January, Progressive and Plaintiff's counsels conferred regarding these discovery issues. Progressive then received Plaintiff's Supplemental Discovery Responses on January 18,

2013. <u>Def. App.</u> 1-20. Progressive now seeks this Court to overrule Plaintiff's invalid objections and compel proper discovery responses.

## II.
## ARGUMENT AND AUTHORITIES

**A. Plaintiff has Improperly Responded to Progressive's First Set of Requests for Production.**

3.      A party may serve on any other party a request to produce any designated documents, electronically stored information, or tangible things in the responding party's possession, custody, or control for inspection, copying, testing, or sampling.  *See* FRCP 34(a)(1); *Wilson v. City of Zanesville*, 954 F.2d 349, 352-53 (6th Cir. 1992); *Japan Halon Co. v. Great Lakes Chem. Corp.*, 155 F.R.D. 626, 626 n.1 (N.D. Ind. 1993).   A party may seek production of any document, electronically stored information, or tangible thing within the scope of FRCP 26(b)— that is, anything relevant and not privileged.  *See* FRCP 34(a)(1); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996).  The requesting party must ask the court to compel production if the responding party objects to a request, does not respond to a request, or does not permit inspection as requested.  *See* FRCP 37(a)(3)(B)(iv); *GFI Computer Indus. v. Fry*, 476 F.2d 1,3 (5th Cir. 1973).

4.      If the responding party does not plan to comply, it must state the objection and include the reasons.  FRCP 34(b)(2)(B); *see Gile v. United Airlines, Inc.* 95 F.3d 492, 495; *Kansas-Neb. Nat. Gas Co. v. Marathon Oil Co.*, 109 F.R.D. 12, 24 (D. Neb. 1985).  If a party objects to part of a request, the objection must specify the objectionable part, and the party must produce the remaining parts not specifically covered by the objection. FRCP 34(b)(2)(C); *see Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 541 (10th Cir. 1984).  A party asserting an objection has the burden of establishing its claim of privilege or protection; a blanket assertion is inadequate.

*Biliske v. American Live Stock Ins. Co.*, 73 F.R.D. 124, 126 (W.D. Okla. 1977).

> 1. <u>Plaintiff Must be Compelled to Properly Respond to Requests for Production Nos. 1, 5, and 6.</u>

5.       Plaintiff improperly responded to the following Requests for Production:

**REQUEST FOR PRODUCTION NO. 1:** Produce copies of all form letters, envelopes, and other documents received by Plaintiff from Defendant Progressive Financial Services, Inc. to allegedly attempt to collect the debt.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome. Such evidence, if it exists, is in Plaintiff's custody and control. To that end, to force Defendant to produce documents already in Plaintiff's custody and control is unduly burdensome and for purposes of harassment.

**REQUEST FOR PRODUCTION NO. 5:** Produce copies of any letters or correspondence providing written notice from Plaintiff to Defendant Progressive Financial Services, Inc. disputing the alleged debt and demanding verification and validation of the debt.

**RESPONSE:** See Correspondence (bates#000019-000021). Further, see any documents that Defendant has produced or filed in connection with this lawsuit. Plaintiff's reference to any documents provided by Defendant does not mean that Plaintiff comments upon the accuracy of the information contained therein.

**SUPPLEMENTAL RESPONSE:** See Correspondence (bates#000019-000021). Further, see any documents that Defendant has produced or filed in connection with this lawsuit. Plaintiff's reference to any documents provided by Defendant does not mean that Plaintiff comments upon the accuracy of the information contained therein.

*See* written communications and applications created in connection with Plaintiff's refusal to pay the alleged debt, and demand for verification of Plaintiff's alleged debt. Such documents are in the possession, custody, or control of Defendant. *See e.g.* audio recordings labeled:

> 01124690KGB_11-22-11_423pm;
> 0112451498KGB6_11-22-11_1118am;
> 0112672250OBSM_12-3-11_841am.

**REQUEST FOR PRODUCTION NO. 6:** Produce copies of any letters or correspondence providing written notice from Plaintiff to Defendant Progressive Financial Services, Inc., requesting that Defendant cease telephone calls to Plaintiff.

**RESPONSE:** See Correspondence (bates#000019-000021). Further, see any documents that Defendant has produced or filed in connection with this lawsuit. Plaintiff's reference to any documents provided by Defendant does not mean that Plaintiff comments upon the accuracy of the information contained therein.

**SUPPLEMENTAL RESPONSE:** See Correspondence (bates#000019-000021). Further, see any documents that Defendant has produced or filed in connection with this lawsuit. Plaintiff's reference to any documents provided by Defendant does not mean that Plaintiff comments upon the accuracy of the information contained therein.

*See* written communications and applications created in connection with Plaintiff's refusal to pay the alleged debt, and demand for verification of Plaintiff's alleged debt. Such documents are in the possession, custody, or control of Defendant. *See e.g.* audio recordings labeled:

> 01124690KGB_11-22-11_423pm;
> 0112451498KGB6_11-22-11_1118am;
> 0112672250OBSM_12-3-11_841am.

Def. App. at 9-10. First, in response to Request for Production No. 1, Plaintiff improperly objects that the request is overly broad and unduly burdensome. A party asserting an objection has the burden of establishing its claim of privilege or protection; a blanket assertion is inadequate. *Biliske v. American Live Stock Ins. Co.*, 73 F.R.D. at 126. Plaintiff's broad assertion that the request is overly broad and unduly burdensome is unsupported, lacks specificity, and is not proper as Plaintiff's response admits the materials requested are in her custody and control.

6.      Next, for Plaintiff's responses to Requests for Production Nos. 1, 5 and 6, a party is required to produce documents, electronically stored information, and tangible things within its possession, custody, or control. FRCP 34(a)(1). Plaintiff's response to Request for Production No. 1 states that the evidence is in Plaintiff's custody and control. Def. App. at 9. Further the request calls for letters, envelopes and other documents sent to Plaintiff by Progressive. Logically, Progressive might not have the actual letters, documents or envelopes that were **sent to Plaintiff**, and therefore she must produce them. Progressive is also entitled to what Plaintiff

actually received. Arguing that these may or may not be in Progressive's possession is of no issue as the items are within the scope of FRCP 26(b), Plaintiff has stated they are in her possession, custody and control, and she must produce them in the discovery process.

7.      In regards to responses to Requests Nos. 5 and 6, Plaintiff's response stating "see any documents that Defendant has produced or filed in connection with this lawsuit" is improper. Plaintiff cannot broadly refer to documents Progressive has produced in this suit without any specificity, description, or nonproduction on her own part. A party is required to produce all requested and discoverable items in her possession. Plaintiff also must search its own records for the relevant documents, electronically stored information, and tangible things. *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003). The responding party's attorney must make a reasonable effort to ensure that the client has produced all the documents responsive to the discovery request. *Poole v. Textron, Inc.*, 192 F.R.D. 494, 503 (D. Md. 2000). Plaintiff has the duty to locate the requested items and produce them in discovery. Simply referring to any documents Progressive produced, including the addition of Plaintiff's Supplemental Responses, will not suffice.

8.      Last, Plaintiff's statement in her response to Request No. 1 that the request is unduly burdensome and for purposes of harassment is without merit. Plaintiff's claims are based on debt collection activities and therefore any items sent to Plaintiff by Progressive are relevant and discoverable. Further, it is irrelevant whether or not Progressive may have copies of the documents, they are still not the ones actually received by Plaintiff. Finally, this request cannot be construed as for purposes of harassment as they are discoverable items, within Plaintiff's possession, custody or control, and must be produced. This Court should compel the production of the items requested.

2. <u>Plaintiff Must be Compelled to Produce Any Information Regarding Her Attorney's Fees.</u>

9.     Plaintiff has improperly responded to the following written discovery requests on the issue of attorney's fees:

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents reflecting attorneys' fees, costs, fee agreements, engagement letters, billing records and/or invoices, from the attorneys representing you in this case, for which you are seeking compensation.

**RESPONSE:** Objection, this request seeks information that is protected by the attorney-client privilege. Further, this request is not reasonably calculated to lead to the discovery of admissible information because fee agreements and time records are not discoverable.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents reflecting attorneys' fees, costs, fee agreements, engagement letters, billing records and/or invoices, from the attorneys representing you.

**RESPONSE:** Objection, this request seeks information that is protected by the attorney-client privilege. Further, this request is not reasonably calculated to lead to the discovery of admissible information because fee agreements and time records are not discoverable.

10.     Plaintiff should be required to disclose these documents and information in the discovery process.  Documents reflecting the attorney's fees and costs are highly relevant and a request is not premature at this time.  Relevance is a broad standard according to the Federal Rules of Civil Procedure, which state that discovery is permissible "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."  Fed. R. Civ. Pro. 26(b)(1).  This is confirmed by the courts, who explain that all "information which is relevant to the subject matter of the pending litigation but not specifically within the scope of the issues pleaded may be discovered."  *Carlson Companies, Inc. v. Sperry & Hutchinson Co.*, 374 F.Supp. 1080, 1103 (D.C. Minn. 1974).  That subject matter includes any "claim or defense" raised in the litigation.  Fed. R. Civ. Pro. 26(b)(1).  Even when information is beyond the parties' claims or defenses, it

may still be considered relevant to the case's subject matter. *In re Sealed Case*, 381 F.3d 1205, 1214-15 (D.C. Cir. 2004).

11.     Furthermore, each District of the United States District Courts of Texas has addressed this issue recently. First, this very Court addressed it in *Valdez v. Pentagroup Financial, LLC*, Action No. 4:10-cv-439-Y. In *Valdez*, this Court partially granted Pentagroup's motion to compel on request for production number twelve seeking documents relating to the plaintiff's attorney's fees. Def. App. at 21.

12.     Then in *Hernandez v. Michael J. Scott, P.C.*, the defendant's requests for production sought documents evidencing attorney's fees, fee agreements, billing records, and other related documents for the case. No. SA-10-CV-1051 OG (NN) (N.D. Tex. July 1, 2011); Def. App. 22-24. The court cited to Federal Rule of Civil Procedure 26(b)(1) describing its scope as "broad". *Id*. Interpreting this rule, the court stated the following:

> [i]tems which are required to be produced through initial disclosures at a very early stage of the case include a computation of damages, including the documents on which those calculations are based.
>
> Clearly the information requested through requests for production 11, 19, and 20 is relevant to plaintiff's claim and is discoverable now. The logical extension of plaintiff's argument would mean that discovery related to damages calculations would never be permissible until after defendant's liability were established. No authorities support such a limited reading of relevance and scope of permissible discovery.

*Id*.; Def. App. 23. As such, the Western District of Texas has held that information regarding Plaintiff's attorney's fees is discoverable in an FDCPA case.

13.     Back to the Northern District, in *Coleman v. Credit Management, L.P.*, the court looked to *Hernandez* while coming to the same ruling on the same issues. 3:10-cv-02312-M (N.D. Tex. July 13, 2011). Def. App. 25-27. In *Coleman*, the court noted "[t]he discovery rules are broad in scope and allow the discovery of "information essential to the proper litigation of all relevant

facts, to eliminate surprise, and to promote settlement." Def. App. 26-27. The court then found *Hernandez* to be "instructive." *Id*.

14.     In *White v. Regional Adjustment Bureau, Inc.*, the Northern District of Texas reached a similar conclusion to *Hernandez* and *Coleman*. No. 3-11-CV-1817-B (N.D. Tex. Feb. 22, 2012); Def. App. 28-31. In *White*, involving the same counsels as here, the court stated that it "initially observes that defendant is entitled to documents regarding attorney's fees, such as fee agreements, billing records, and invoices from counsel" and stated that the documents should be produced to the defendant. *Id*. at 28.

15.     Rounding out all four federal districts of Texas, the Eastern District of Texas also made similar rulings to the ones above in two separate cases. In *Whatley v. Creditwatch Services, Inc.*, another case involving both counsel to this case, the court ordered production of all fee agreements with Plaintiff's counsel's firm related to complaints regarding any debt collection agency.  No. 4:11-cv-00493-RAS-DDB; Def. App. 32-33. Then in another Eastern District case, *Whatley v. AHF Fin. Servs., LLC, et al*, with the same Plaintiff and counsel, Progressive's counsel once again had to file a motion to compel on the issue of attorney's fees. On November 13, 2013, in *Whatley v. AHF Fin. Servs., LLC, et al*, the court stated that it "sees no difference between Plaintiff's TDCA and FDCPA claim as it related to the claim for attorney's fees." No. 4:11-cv-00488-RC-ALM. Def. App. at 34-35. Then the court found that the motion to compel should be granted as it relates to attorney's fees. *Id*. at 37 (citing *Hernandez*, No. SA-10-CV-1051 OG, 2011 WL 2619342 at *1 (W.D. Tex. July 1, 2011); *Coleman*, 3:10-CV-2312-M-BK (N.D. Tex. July 13, 2011)).

16.     Reviewing these cases, each federal district of Texas, and this Court itself, has held that Plaintiff's information regarding her attorney's fees is discoverable simply as part of her damage

calculation, is relevant, and must be produced. Plaintiff's own counsel has now been ordered by three separate courts, two in the Eastern District and one in the Northern District, to produce these responsive documents. Despite this, Plaintiff still refuses to produce his attorney's fees in the case at hand. As such, Progressive now requests this Court to compel production of these responsive documents.

   3. <u>Plaintiff Must be Compelled to Produce Any Information Regarding Her Alleged Actual Damages.</u>

17.   Plaintiff must be compelled to properly respond to the following Requests for Production regarding her alleged damages:

**REQUEST FOR PRODUCTION NO. 22:** Produce copies of all documents in your possession from all present and former doctors seen within the last five (5) years.

**RESPONSE:** Objection, this request seeks information not reasonably calculated to lead to the discovery of admissible evidence. At this time, Plaintiff does not intend to produce medical records to prove actual damages and intends to rely on her testimony. Further, Plaintiff's medical records are protected by the Texas physician-patient privilege.

**REQUEST FOR PRODUCTION NO. 23:** Produce copies of any documents, medical or psychiatric records in your possession, which support your allegation that you have suffered injury, including stress and/or mental anguish.

**RESPONSE:** Ojbection, this request seeks information not reasonably calculated to lead to the discovery of admissible evidence. At this time, Plaintiff does not intend to produce medical records to prove actual damages and intends to rely on her testimony. Further, Plaintiff's medical records are protected by the physician-patient privilege.

<u>Def. App.</u> at 14.

18.   In Plaintiff's Original Complaint, she seeks relief of actual damages under the FDCPA, TDCA and the DTPA. *See* <u>Doc. 17</u>. Due to Plaintiff seeking actual damages, which may include health related claims, Progressive is entitled to pursue these records in preparation of defending these allegations. Due to the damages Plaintiff seeks, Progressive is entitled to

discovery on all health issues Plaintiff has had in the last five years specifically to explore preexisting conditions and other causes of Plaintiff's "mental anguish". Without production of this information, Progressive will be unfairly prejudiced in its preparation for defending against Plaintiff's claims, and further will be prevented from obtaining relevant and necessary information in asserting its affirmative defenses. Progressive asks this Court to compel the production of these documents.

19.     Plaintiff's response to these requests stating that she "does not intend to produce medical records to prove actual damages and intends to rely on her testimony" is incorrect and has no legal basis.

20.     Last, Plaintiff has waived the Texas physician-patient privilege claimed in these discovery responses. The Texas Supreme Court reviewed the effect of the 1988 amendments to Rule 509 in *R.K. v. Ramirez*, on the "patient-litigant". 887 S.W.2d 836 (Tex. 1994). The court stated:

> The exception now terminates the privileges whenever any party relies upon the condition of the patient as a party of the party's claim or defense, even though the patient has not personally placed the condition at issue, and even though the patient is not a party to the litigation. Thus on their face, the 1988 amendments abrogate much of the control that patients once exercised over the release of privileged information.

*Id*. at 842. Thus, the exception applies whenever a patient's medical or mental condition relates "in a significant way" to a party's claim or defense. *Id*. Following *R.K. v. Ramirez*, the seminal case on this issue, Plaintiff cannot assert any physician-patient privilege over her medical records as they have been thrust into controversy through Plaintiff seeking actual damages as well as Progressive's affirmative defenses contesting his damages.

21.     As Plaintiff's own testimony is irrelevant to the production of her medical records and the fact that Texas Rule of Evidence 509 does not apply, she must be compelled to produce the

records. In addition to the issue regarding Plaintiff's attorney's fees, the *White* court also addressed medical records with Plaintiff's counsel. The court stated the following:

> Plaintiff should also identify any documents in his possession that support his claims. Indeed, that information should have been provided to defendant in Rule 26(a)(1) initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (party must provide to the other parties "a copy -- or description by category and location -- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses"). Unless plaintiff is seeking damages for mental or physical harm caused by defendant, he is not required to provide contact information for his doctors. However, if plaintiff intends to seek such damages, the information must be provided."

Def. App. at 28-29.

22.     Plaintiff should have produced her medical records in her 26(a)(1) initial disclosures rather than force Progressive to go through the expense and time to compel them through judicial intervention. As she is seeking damages for mental and/or physical harm from Progressive, she must provide these medical records and this Court should instruct her to do so.

**B. Plaintiff has Improperly Responded to Progressive's First Set of Interrogatories.**

23.     Each interrogatory must be answered fully. *See* FRCP 33(b)(3).   An evasive or incomplete answer may be treated as a failure to answer, possibly subjecting the party to sanctions.    FRCP 37(a)(4), (d)(1)(A)(ii); *see* FRCP 37(a)(3)(B)(iii). An objection to an interrogatory must be stated with specificity. *See* FRCP 33(b)(4); *Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 398 (E.D. Pa. 1991).   The objecting party must justify its objections. *See Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 105 (D. N.J. 1989; *Chubb Integrated Sys. V. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D. D.C. 1984) (objecting party must specifically show how interrogatory is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence that reveals nature of burden).   A party cannot simply invoke the familiar litany of boilerplate or general interrogatory objections (i.e., privileged,

beyond the scope of discovery, and not calculated to lead to admissible evidence. *Walker v. Lakewood Condo. Owners* Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Puricelli*, 136 F.R.D. at 396. General objections asserted without specific support may be waived. *Puricelli*, 136 F.R.D. at 396. Plaintiff should be compelled to answer each Interrogatory fully as required by FRCP 33(b)(3). An evasive or incomplete answer may be treated as a failure to answer, possibly subjecting the party to sanctions. FRCP 37(a)(4), (d)(1)(A)(ii); *See* FRCP 37(a)(3)(B)(iii); *Wilson v. Bradlees, Inc.* 250 F.3d 10, 19 n. 18 (1st Cir. 2001).

24.     First, Progressive addresses that Plaintiff has provided no signed verification to her Interrogatory answers. Def. App. at 20. The answers must be made under oath, with a sworn affidavit. FRCP 33(b)(3); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995). The person making the answers must sign them. FRCP 33(b)(5); FRCP 33(b)(5); *Rayman v. American Charter Fed. S&L Ass'n*, 148 F.R.D. 647, 651 (D. Neb. 1993). Plaintiff has provided no verification, affidavit, or signature with her interrogatory answers and therefore must be compelled to provide a proper verification to her answers to comply with the Federal Rules of Civil Procedure. Plaintiff has failed to provide an adequate response to the following interrogatories addressed below.

     1. Interrogatory No. 2.

25.     **INTERROGATORY NO. 2:**  Do you possess evidence or knowledge which can be used to impeach Defendant or any other person identified by Defendant as a person with knowledge of relevant facts, with evidence of a criminal conviction, as described in Rule 609 of the Texas Rules of Evidence?  If so, please describe in detail such evidence, giving the name of the accused, nature of conviction and charges on which convicted, year of conviction and whether or not parole has been successfully completed or pardon granted.

     **ANSWER:** Objection. This request is unduly broad and overly burdensome. The information requested is a matter of public record and equally available to Defendant.

**SUPPLEMENTAL ANSWER:** Objection. This request is unduly broad and overly burdensome. The information requested is a matter of public record and equally available to Defendant.

None at this time. Plaintiff will supplement upon discovering evidence of such criminal activity.

Def. App. at 15. Progressive Objects to Plaintiff's answer to Interrogatory No. 2 by containing an invalid objection and further not answering the interrogatory. Plaintiff initially responds to this interrogatory by stating that it is "unduly broad and overly burdensome." *Id*. However, Plaintiff provides no specificity for the basis of this objection. An objection to an interrogatory must be stated with specificity. FRCP 33(b)(4); *Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). The objecting party must justify its objections. *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 105 (D. N.J. 1998); *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D. D.C. 1984) (objecting party must specifically show how interrogatory is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence that reveals nature of burden). A party cannot simply invoke the familiar litany of boilerplate or general interrogatory objections. *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Puricelli*, 136 F.R.D. at 396. General objections asserted without specific support may be waived. *Puricelli*, 136 F.R.D. at 396.

26.     Further, Plaintiff's answer that "the information is a matter of public record and equally available to Defendant" is as just as improper as the provided objection. Each interrogatory must be answered fully. FRCP 33(b)(3). The party answering an interrogatory **must furnish all discoverable information requested**. *Martin v. Brown*, 151 F.R.D. 580, 593-94 (W.D. Pa. 1993) (party answering must promptly furnish responsive information available through reasonable efforts) (emphasis added). A party must produce documents even if they are publicly available. *Transamerica Life Ins. v. Nat'l Life Ins.*, 255 F.R.D. 645, 652 (N.D. Iowa 2009). An

evasive or incomplete answer may be treated as a failure to answer, possibly subjecting the party

to sanctions. FRCP 37(a)(4), (d)(1)(A)(ii); FRCP 37(a)(3)(B)(iii); *Wilson v. Bradlees, Inc.*, 250

F.3d 10, 19 n. 18 (1st Cir. 2001). Plaintiff must be compelled to properly respond to this

Interrogatory.

    2. <u>Interrogatory No. 3.</u>

27.    <u>**INTERROGATORY NO. 3:**</u> State the nature of your actual damages.

    <u>**ANSWER:**</u> Plaintiff has suffered actual damages in the nature of mental anguish and emotional distress severe enough to cause a substantial disruption of her daily routine. Defendant's conduct about which Plaintiff complains is the direct, proximate, and producing cause of Plaintiff's foreseeable actual damages.

    <u>**SUPPLEMENTAL ANSWER:**</u> Plaintiff has suffered actual damages in the nature of mental anguish and emotional distress severe enough to cause a substantial disruption of her daily routine. Defendant's conduct about which Plaintiff complains is the direct, proximate, and producing cause of Plaintiff's foreseeable actual damages.

    Plaintiff has offered to provide deposition testimony concerning her actual damages.

28.    <u>Def. App.</u> at 15. Plaintiff's answer to Interrogatory No. 3 essentially recites the Texas

standard for recovery of damages for mental anguish or emotional distress while giving no

details of her actual damages. Plaintiff simply reiterates this legal standard and conclusion of law

with no factual basis in support of any mental anguish or emotional distress. Further, the answer

gives no description of a substantial disruption of her daily routine. The answer states that

Progressive's conduct is the "direct, proximate, and producing cause of Plaintiff's foreseeable

actual damages" while not giving any factual basis, no evidence of a causal link between the

allegations and alleged damages, and nothing to describe the foreseeable actual damages.

29.    Following conference regarding the instant Motion, Plaintiff then supplemented her

answer to include the statement "Plaintiff has offered to provide deposition testimony concerning

her actual damages." *Id*. Progressive should not be forced to take Plaintiff's deposition to learn of her actual damages. Plaintiff is simply avoiding compliance with the Federal Rules of Civil Procedure for discovery. She provides no factual basis of damages, nothing to show causation, and merely recites the Texas standard of recovery for actual damages. As such, Plaintiff must be compelled to properly answer this interrogatory.

    3. Interrogatory No. 14.

30.    **INTERROGATORY NO. 14:** Identify specifically any and all documents, photographs, audiotapes, records or reports in your custody or under your control which support your claim that you have suffered damages.

    **ANSWER:** Objection. This request is overly broad and unduly burdensome as it seeks to force Plaintiff to martial her entire body of evidence and present her case prior to trial.

    **SUPPLEMENTAL ANSWER:** Objection. This request is overly broad and unduly burdensome as it seeks to force Plaintiff to martial her entire body of evidence and present her case prior to trial.

    *See* 97 audio recordings produced by Defendant; *see also* documents produced by Plaintiff. Additional documents and information are believed to be in the possession, custody, or control of Defendant.

Def. App. at 18. Progressive objects to Plaintiff's answer to Interrogatory No. 14 as she improperly objects to the interrogatory and avoids providing any response related to her alleged damages. This interrogatory asks Plaintiff to identify any documents, photographs, audiotapes, records or reports which support her claim that she has suffered actual damages. Instead of answering the question, she gives the improper objections that the request is overly broad and unduly burdensome and seeks her to martial her entire body of evidence and present her case prior to trial.

31.    An objection to an interrogatory must be stated with specificity. *See* FRCP 33(b)(4); *Puricelli*, 136 F.R.D. at 398.   The objecting party must justify its objections. *Leksi, Inc. v.*

*Federal Ins. Co.*, 129 F.R.D. at 105 *Chubb Integrated Sys. V. National Bank of Wash.*, 103 F.R.D. at 59-60. Plaintiff does not provide any justification for her objection that the interrogatory is overly broad or unduly burdensome. Because Plaintiff seeks recovery of actual damages, the burden of proof to establish these damages is on her shoulders. This in turn requires evidence, evidence that Plaintiff is withholding from Progressive by ignoring the Federal Rules of Civil Procedure regarding discovery. Plaintiff should be compelled to answer Interrogatory No. 14.

32.     Plaintiff also argues that this interrogatory requests Plaintiff to martial her entire body of evidence prior to trial. Plaintiff is required to answer Interrogatory No. 14 as it asks for the exact same information required to be disclosed by FRCP 26(a)(1)(A)(ii), which states "a party must, without awaiting a discovery request, provide to the other parties… a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Plaintiff has requested relief for actual damages. The information requested in Interrogatory No. 14 is essential to her claim for these damages and must be produced not only under this interrogatory, but also in her initial disclosures. In addition, the pretrial disclosure of facts, documents, and other information relevant to the lawsuit is to avoid prejudicial surprise and to give all parties full knowledge of the facts so they can prepare for trial. *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir. 1985).

33.     Last on this Interrogatory, Plaintiff's supplemental answer adds discovery produced by Progressive. However, Plaintiff makes no showing of how Progressive's production evidences

**her actual damages**. It is unreasonable to expect Progressive's own documents can be used to evidence Plaintiff's alleged mental anguish, emotional distress and actual damages. None of Plaintiff's documents portray Plaintiff's emotions, mental or physical health or opinions regarding the allegations. Following this, Interrogatory No. 14 is well within the rules and purposes of modern discovery and therefore, Plaintiff must be compelled to properly answer this interrogatory.

    4. <u>Interrogatory Nos. 15 and 16.</u>

34.    **<u>INTERROGATORY NO. 15</u>:** Please state the factual basis of your contention which support your claim that you have suffered damages.

    **<u>ANSWER:</u>** Defendant repeatedly placed telephone calls to Plaintiff in violation of state and federal law, with the intent to abuse, harass, and annoy Plaintiff. Plaintiff incorporates by reference the factual allegations contained in her Original Complaint. Additionally, see Voicemail Recordings (bates#000001-000003), Caller ID Photos (bates#000004-000018) and Written Call Log (attached hereto as bates#000022). Should Defendant depose Plaintiff, Plaintiff expects such transcript to be responsive to this request. Further, see any documents that Defendant has produced or filed in connection with this lawsuit. Plaintiff's reference to any documents provided by Defendant does not mean that Plaintiff comments upon the accuracy of the information contained therein.

    **<u>INTERROGATORY NO. 16</u>:** Identify what actions you have taken to mitigate damages, if any.

    **<u>ANSWER:</u>** As detailed in Plaintiff's operative complaint, Plaintiff repeatedly advised Defendant of those times and places which were inconvenient for her to receive telephone calls form Defendant. Further, Plaintiff hired counsel to protect herself from further harassing, abusive, and annoying conduct perpetrated by Defendant in violation of state and federal consumer protection laws.

<u>Def. App.</u> at 18-19. Plaintiff fails to properly answer either of these Interrogatories. Interrogatory No. 15, which asks for Plaintiff to state the factual basis of her claims for damages, Plaintiff responds by referring to alleged voicemails and photographs while giving no explanation to how this caused any damages. This answer is wholly insufficient, gives no detail regarding any damages, and is devoid of any information to which the Interrogatory was directed to.

35.     For Interrogatory No. 16, Plaintiff provides a similar evasive answer. When asked for what actions have been taken to mitigate damages, again avoids any reference to her alleged damages. She states that she advised Progressive the calls were inconvenient and hired counsel, but this is unrelated to damages. Plaintiff gives no information regarding what she did to prevent any damages she may have suffered. As recoverable actual damages under the FDCPA and TDCA are mental anguish and emotional distress, she makes no reference to these potential damages and only refers to alleged attempts of mitigating Progressive's alleged actions. Progressive asks this Court to compel proper responses to Interrogatories 15 and 16.

    5. Interrogatory No. 17.

36.     **INTERROGATORY NO. 17:** Please identify the names of any collection agency who has contacted you within the last two (2) years.

    **ANSWER:** Objection, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Def. App. at 19. "[A] plaintiff must link the violation of the statute to the alleged harm." *Konter v. CSC Credit Services, Inc.*, 606 F.Supp.2d 960, 967-70 (W.D. Wis. 2009). Thus, the plaintiff must "produce[] evidence that draws a direct or causal link between defendant's actions and the emotional injury plaintiff suffered." 606 F.Supp.2d at 969 (citing *Cousin v. Trans Union Corp.*, 246 F.3d 359, 370-71 (5th Cir. 2001)). Because it is possible other collection agencies have contacted Plaintiff near the alleged times Progressive contacted Plaintiff, her alleged damages could have resulted from other parties. Furthermore, there are possibilities that Plaintiff has entered into settlement agreements with other collection agencies for similar allegations, violations of the FDCPA and/or TDCA. These two issues go straight to Progressive's affirmative defense that her damages were caused by a third party, or that she cannot establish the required direct or casual link between Progressive and her alleged damages. For these reasons, the identity

of any collection agencies which have contacted Plaintiff is necessary and the two (2) year period is well within reason. This Court should compel Plaintiff to properly answer this Interrogatory.

## III.
## CONCLUSION

37.     Plaintiff has improperly responded to Progressive's Requests for Production. Plaintiff has asserted boilerplate objections without merit to many of the requests. Plaintiff has also failed to produce any responsive documents in regards to her attorney's fees and medical conditions or history. As each Federal District of Texas including this Court itself has held these documents are discoverable and required to be produced, Plaintiff must produce these documents. As Plaintiff seeks monetary damages for both actual damages and attorney's fees, these items are required for disclosure even under FRCP 26 as part of her calculation for damages.

38.     Plaintiff has also improperly responded to Progressive's interrogatories. Plaintiff again gives invalid boilerplate objections as answers to interrogatories as well as completely failing to provide an answer related to the interrogatory itself. Plaintiff also failed to answer interrogatories similar to the requests for production on the issues of actual damages, medical conditions and attorney's fees. Plaintiff must be compelled to provide proper interrogatory answers as she is disregarding the Federal Rules of Civil Procedure, increasing litigation expenses, and diverting this Court's judicial resources.

WHEREFORE, PREMISES CONSIDERED, Defendant Progressive Financial Services, Inc., respectfully request that this Motion to Compel be granted in its entirety and for such other and further relief, at law and in equity, to which Progressive may show itself justly entitled.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/ Xerxes Martin
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
XERXES MARTIN
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR DEFENDANT*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing document has been forwarded via ECF on this 29th day of January, 2013 to:

Noah D. Radbil
Weisberg & Meyers, LLC
Two Allen Center, 1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Email:  noah.radbil@attorneysforconsumers.com

James R Claunch
Claunch Law Firm
2912 W 6th St
Fort Worth, TX 76107
Email: claunchlawoffice@gmail.com

Kirk Matthew Claunch
The Claunch Law Office
2912 W Sixth Street
Fort Worth, TX 76107
Email: claunchlaw3@earthlink.net

/s/ Xerxes Martin
XERXES MARTIN