IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICOLE PAYNE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-432-Y |
| | § | |
| PROGRESSIVE FINANCIAL SERVICES, | § | |
| INC. | § | |

**PLAINTIFF NICOLE PAYNE'S RESPONSE IN OPPOSITION TO
PROGRESSIVE FINANCIAL SERVICES' MOTION TO COMPEL DISCOVERY**

**Introduction and Statement of Issues**

Plaintiff Nicole Payne ("Plaintiff") filed this action against Defendant Progressive Financial Services, Inc. ("Defendant") alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), Texas Debt Collection Act ("TDCA"), and Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). Defendant served written discovery requests; Plaintiff served timely, adequate responses. Having complied with her discovery obligations, in good faith, Plaintiff respectfully asks for this Court's denial of the instant motion.

**Relevant Procedural History**

1. On June 25, 2012, Plaintiff filed suit. *See* Doc. 1.

2. On October 13, 2012, Defendant propounded its first set of written discovery requests.

3. On November 13, 2012, Plaintiff served timely responses.

4. On January 3, 2013, the parties conferred in effort to resolve this discovery dispute.

5. On January 18, 2013, Plaintiff supplemented her discovery responses. (Doc. 33-1).

6. On January 25, 2013, Defendant requested dates for Plaintiff's deposition. *See* Exhibit A.

7. On January 29, 2013, Defendant filed this motion. (Doc. 33).

8. On February 18, 2013, Plaintiff supplemented her document production a second time. *See* Exhibit B.

## Standard of Review

"A party may move to compel the disclosure of any materials or discovery response requested so long as such discovery is relevant and otherwise discoverable." *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 559 (N.D. Tex. 2010); *see* Fed. R. Civ. P. 37. Documents and information are discoverable only where they are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The moving party bears the burden of showing that the information sought is relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd., v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the request is within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted. *See Spiegelberg Mfg., Inc. v. Hancock*, 2007 WL 4258246, at *1 (N.D. Tex. Dec. 3, 2007). The non-moving party must show how each document request is overly broad, burdensome, or oppressive. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

Further, Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

      (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

      (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

## Argument

**I. Plaintiff has sufficiently answered Defendant's interrogatories and Defendant should seek details during Plaintiff's deposition, which is in the process of being scheduled.**

"In responding to interrogatories, parties must furnish such information responsive to the interrogatories as is available through reasonable efforts." *Cannata v. Catholic Diocese of Austin St. John Neumann Catholic Church*, No.A-10-CA-375, 2011 WL 221692, at * 1 (W.D. Tex. Jan. 21, 2011) (citing *Schartz v. United School Dist. No. 512*, 1996 WL 741384, *3 (D. Kan. Dec. 22, 1996). "At the same time, the rules of civil procedure also direct that '[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule it if determines that. . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" *Id.* (citing Fed. R. Civ. P. 26(b)(2)(C)).

When a party seeks detailed answers to interrogatories, it is more appropriate to seek those answers in a deposition. *See id.* (finding that plaintiff's requests for detailed answers to interrogatories is more appropriate in a deposition "where follow up questions are easily asked, and details of the facts of a case are better discovered."). This is especially appropriate when, as here, the requesting party intends to depose the other.

Here, Plaintiff has answered Defendant's interrogatories in good-faith and any more details needed by Defendant should be sought in the deposition of Plaintiff, which is in the process of being scheduled.

3

### A. Plaintiff has answered Defendant's interrogatory no 1.

Defendant's interrogatory no. 1 asks if Plaintiff has knowledge of any impeaching evidence of Defendant or Defendant's witnesses. Through Defendant's motion to compel, Defendant argues that Plaintiff's objection is invalid and erroneously states that Plaintiff did not answer the question. (Doc. 33). Defendant is wrong on both fronts. First, Plaintiff's objection is valid because this information is either in the possession of Defendant or is in the public record and thus equally accessible to both parties. Second, Plaintiff did answer this interrogatory: "None at this time. Plaintiff will supplement upon discovering evidence of such criminal activity." (Doc. 33-1).

### B. Plaintiff has properly responded to Defendant's interrogatory no. 3.

Defendant's interrogatory no. 3 requests the nature of Plaintiff's actual damages. (Doc. 33-1). Plaintiff responded twice by stating that Defendant's violations have caused mental anguish and emotional distress enough to cause a disruption of her daily routine. (Doc. 33-1). It is not clear what more Plaintiff needs to explain in order to satisfy Defendant. Plaintiff's operative complaint explains in detail the disruptions and inconveniences caused by Defendant's violative and continual phone calls. This together with Plaintiff's response and supplemental response adequately explains the "nature of Plaintiff's actual damages." Moreover, details of these damages are better discovered during the deposition of Plaintiff, which is already in the process of being scheduled. *Cannata*, 2011 WL 221692, at * 1 ("the most effective, least burdensome means to obtain the information. . . is one or more depositions, not overly-detailed interrogatories.").

### C. Plaintiff has properly objected to Defendant's interrogatory no. 17.

Defendant's interrogatory no. 17 asks Plaintiff to "identify the names of any collection agency who has contacted [her] within the last two (2) years." (Doc. 33-1). Plaintiff objected to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. This matter is about *Defendant*'s repeated phones calls made to Plaintiff despite Defendant's knowledge.

Simply, the actions of third parties are irrelevant to this matter and this request is not reasonably calculated to lead to the discovery of admissible evidence.

### D. Plaintiff has properly objected to Defendant's interrogatory no. 14.

Defendant's interrogatory no. 14 asks Plaintiff to identify and describe all documents that support Plaintiff's claim for damages. (Doc. 33-1). In response, Plaintiff pointed Defendant to the 97 recordings disclosed by Defendant. (Doc. 33-1). Through its motion to compel, Defendant argues that these cannot demonstrate the mental anguish and emotional distress of Plaintiff. But any person that has read Plaintiff's operative complaint and reviewed the recordings and evidence produced in this matter can relate to, or get an idea of, the mental anguish and emotion distress that it caused Plaintiff—just as a jury can and will. Again, it is not clear what more Plaintiff can provide and Defendant's continual pushing for a more detailed answer suggests that its intent is to harass. If Defendant has more questions about actual damages, it can surely ask Plaintiff to elaborate during Plaintiff's deposition.

## II. Plaintiff is not withholding any relevant documentation—she has disclosed all responsive and relevant documentation currently in her possession.

In response to a request for production, a party need only produce responsive documentation that is relevant and/or reasonably calculated to lead to the discovery of relevant documentation that the responding party has in its possession, custody, and/or control. *See* Fed. R. Civ. P. Rule 34. Here, Plaintiff has either properly objected or has produced all responsive documentation in her possession, custody, and or control.

### A. Plaintiff properly objected to Defendant's request for production nos. 1, 5, and 6; but nonetheless she has disclosed all responsive documentation currently in her possession, custody, and/or control, which is none.

Through its motion to compel, Defendant complains that Plaintiff has failed to produce letters sent from *Defendant* to Plaintiff. Plaintiff continues to stand by her objection that this request is

unduly burdensome because this documentation *should* be in the control and possession of Defendant. Nonetheless, Plaintiff is not withholding any responsive documents—she simple does not have any responsive documentation in her possession, custody, and/or control.

> **B. Plaintiff has supplemented her response to Defendants' request for production nos. 15 and 21 by disclosing the billing records of her counsel; however, she will not disclose her attorney-client agreement and engagement letters.**

Defendant's request for production nos. 15 and 21 seek documentation reflecting "attorneys' fees, costs, fee agreements, engagement letters, billing records and/or invoices." (Doc. 33-1). Since the filing of Defendant's motion to compel, Plaintiff has disclosed her attorney billing records. However, Plaintiff still objects to disclosing her attorney-client agreement and engagement letters because those are privileged documents requiring Defendant establish a "legitimate" need—which it cannot establish because those documents are irrelevant to an award of attorneys' fees in this matter.

> **1. Defendant's request seeks privileged documents, requiring Defendant to establish a "legitimate" need.**

Defendant's requests seek privileged documentation—documentation on confidential communications between Plaintiff and his attorneys (engagement letters and attorney-client agreements). *See S.E.C. v. Brady*, 238 F.R.D. 429, 438–39, 441 (N.D. Tex. 2006). The engagement letter contains legal advice, and as such is protected by the attorney-client privilege. *Id.* at 438–39 ("The attorney-client privilege protects . . . any communication from an attorney to his client when made in the course of giving legal advice.").

Courts typically only compel the production of attorneys' fee agreements and other confidential or sensitive information about the attorney-client relationship where a party demonstrates that there is a "legitimate need" for a court to require disclosure of such matters. *U. S. v. Hodge and Zweig,* 548 F.2d 1347, 1353 (9th Cir. 1977); *accord Mitchell-Tracey,* 2006 U.S.

6

Dist. LEXIS 1308 at *3 (denying a class action defendant's motion to compel plaintiff's fee agreement, and noting that review of case law reveals courts generally treat "billing agreements like tax returns, in that both documents are somewhat sensitive and are only circumstantially relevant.").

> **2.  Nonetheless, Defendant cannot establish a legitimate need because these documents are irrelevant to the award of reasonable attorneys' fees pursuant to fee-shifting statutes.**

"In evaluating a fee award, a court determines the amount of attorney's fees to which a prevailing party is entitled through a two-step process." *Santana v. First Am. Solutions, LLC*, EP-11-CV-186-PRM, 2011 WL 3666591 (W.D. Tex. June 27, 2011) (FDCPA case) (citing *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir.2000)). "First, the court calculates the 'lodestar' by multiplying the reasonable amount of hours spent on the case by the reasonable hourly rate. A reasonable rate for attorney's fees awarded under § 1692k(a)(3) is the prevailing market rate for attorneys of comparable experience employed in cases of similar complexity." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11 (1984). "Second, the court considers whether the lodestar amount should be adjusted upwards or downwards based on the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)." *Id.*; *see Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998). Reasonableness is shown through evidence offered in declarations or opinion evidence of rates actually billed and paid by plaintiff's counsel, rates charged by lawyers in similar lawsuits, and the relative skill of the attorney involved. *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, (1984).

"The Supreme Court has held that there is a 'strong presumption' that the lodestar figure, without adjustment, is the reasonable fee award." *Memon v. Pinnacle Credit Services, LLC*, 2009 WL 6825243, at *2 (S.D. Tex. May 21, 2009) (citing *City of Burlington v. Dague,* 505 U.S. 557, 562, (1992). A reasonable hourly rate for attorneys' fees awarded under a statute including

a fee-shifting provision is the prevailing market rate for attorneys of comparable experience employed in cases of similar complexity. *See Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, (1984); *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir.1998). Reasonableness is shown through evidence offered in declarations or opinion evidence of rates actually billed and paid by plaintiff's counsel, rates charged by lawyers in similar lawsuits, and the relative skill of the attorney involved. *Blum*, 465 U.S. at 896 n. 11; *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

Because fee agreements are irrelevant to the award of reasonable attorneys, courts routinely deny fee agreement discovery from a plaintiff in a fee shifting case as outside the scope of discovery. *See, e.g.*, *Travelers Ins. Co. v. Davis,* 411 F.2d 244, 247-48 (5th Cir. 1969) ("the amount assessed should never be based on a contingent contract, such as might exist between a claimant and his attorney, but should represent only a reasonable fee for services actually performed."). *Staton v. Boeing Co.,* 327 F.3d 938, 968 (9th Cir. 2003) ("[t]he fees available under a fee-shifting statute are part of the plaintiffs recovery and are not dependent upon any explicit fee arrangements between the plaintiffs and their counsel."); *Sargeant v. Sharp,* 579 F.2d 645, 649 (1st Cir. 1978) ("a fee agreement is irrelevant to the issue of entitlement and should not enter into the determination of the amount of a reasonable fee."); *Sanderson v. Winner,* 507 F.2d 477, 480 (10th Cir. 1974) ("[n]either the court nor the defendant has legitimate concern as to the propriety of the [fee] arrangement under the code of responsibility"); *In re Nissan Motor Corp Antitrust Litigation*, 1975 WL 166141, *2 (S.D. Fla. 1975) ("the fee-financial arrangements between the plaintiffs and counsel are also irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in accordance with Rule 26(b)(1), Federal Rules of Civil Procedure.").

### C. Plaintiff has properly objected to Defendants' request for production nos. 22 and 23.

Defendant's request for production nos. 22 and 23 seek documentation relevant to Plaintiff's actual damages. As Plaintiff attempted to explain to Defendant, Plaintiff is not alleging that she has sought medical treatment related to the emotional distress and mental anguish caused by Defendant in this matter. Because Plaintiff is not going to use medical records or medical testimony at trial in order to prove up the claims for mental anguish, no reason exists for disclosure of her medical records. *Burrell v. Crown Cent. Petroleum, Inc.*, 177 F.R.D. 376, 384 (E.D. Tex. 1997) (citing *Farpella–Crosby v. Horizon Health Care*, 97 F.3d 803, 809 (5th Cir. 1996) ("Without showing that the mental condition of a plaintiff is somehow at the crux of the case, records reflecting the mental condition are not relevant so as to fall under mandatory disclosure of Rule 26(a)(1)(B)."). Nor is Plaintiff required to have medical documentation to support an award of actual damages. *See Vanderbilt Mortg. and Finance, Inc. v. Flores*, 746 F. Supp. 2d 819, 845 (S.D. Tex. 2010); *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986); *Green Tree Financial Corp. v. Garcia*, 988 S.W.2d 776, 784-85 (Tex. App.—San Antonio 1999, no pet.).

Lastly, Plaintiff's medical records are protected by the Texas physician-patient privilege, and Plaintiff has not waived this privilege. When considering a federal claim, federal courts apply federal common law, rather than state law, to determine the existence and scope of a privilege. *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970). There is no doctor-patient privilege under federal law. *U.S. v. Moore*, 970 F.2d 48 (5th Cir. 1992). However, the federal courts may consider state policies supporting a privilege in weighing the patient's interest in confidentiality. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). Rule 509 of the Texas Rules of Evidence recognizes the physician-patient privilege. The Western District of Texas discussed the Rule,

9

stating:

> Under Texas law confidential communications between physician and patient, relative to or in connection with any professional services are privileged and may not be disclosed. Additionally, records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed. In balancing the interests of patients or employee/patients in the confidentiality of their medical records against the interest of the plaintiff in obtaining these records, the patients prevail.

*Wilson v. Martin County Hosp. Dist.*, 149 F.R.D. 553, 555-56 (W.D. Tex. 1993).

To waive the physician-patient privilege, a plaintiff must rely upon his mental condition as part of the claim or defense. Tex. R. Evid. 509(e)(4), 510(d)(5). "Thus, the question becomes whether Plaintiff here has made [her] mental condition part of [her] claims." *Jackson v. U.S. Kids Golf, LLC*, 2008 WL 2078777, at *1 (E.D. Tex. May 15, 2008). Routine allegations of mental anguish or emotional distress—as asserted here—do not place the party's mental condition in controversy. *Coates v. Whittington*, 758 S.W.2d 749, 753 (Tex. 1988). To waive the privilege, "[t]he plaintiff must assert mental injury that exceeds the common emotional reaction to an injury or loss." *Id.* Because Plaintiff is not going to use medical records prove mental anguish, Plaintiff's medical records are neither relevant nor discoverable. *Burrell*, 177 F.R.D. at 384 (citing *Farpella–Crosby*, 97 F.3d at 809).

## Conclusion

Plaintiff has answered and supplemented her discovery responses in good-faith. She is not withholding any evidence and Defendant should seek any further details during Plaintiff's deposition. Accordingly, this Court should deny Defendant's motion to compel in its entirety.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's motion to compel discovery in its entirety.

Dated: February 19, 2013.   Respectfully submitted,

By: /s/ Noah D. Radbil
Noah D. Radbil
Texas Bar No. 24071015
Weisberg & Meyers, LLC
Two Allen Center, 1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone: (888) 595-9111
Facsimile: (866) 565-1327
Email: noah.radbil@attorneysforconsumers.com

James R Claunch
Claunch Law Firm
2912 W 6th St
Fort Worth, TX 76107
Telephone: (817) 335-4003
Facsimle: (817) 335-7112
Email: claunchlawoffice@gmail.com

Kirk Matthew Claunch
The Claunch Law Office
2912 W Sixth Street
Fort Worth, TX 76107
Telephone: (817) 335-4003
Facsimile: (817) 335-7112
Email: claunchlaw3@earthlink.net

*Counsel of Record for Plaintiff* NICOLE PAYNE

## **CERTIFICATE OF SERVICE**

On February 19, 2013, I filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, Fort Worth Division, using the Court's EM/ECF system. Delivery of the notice of electronic filing that is automatically generated by ECF constitutes service under Fed. R. Civ. P. 5(b)(2)(E) on Progressive Financial Services, Inc.'s attorney of record, who is a registered user of ECF.

By: s/Noah D. Radbil
Noah D. Radbil