IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICOLE PAYNE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-432-Y |
| | § | |
| PROGRESSIVE FINANCIAL SERVICES, | § | |
| INC. | § | |

## ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss (doc. 23). After review, the Court will grant the motion.

Plaintiff brings the instant suit against Defendant for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), the Texas Debt Collection Practices Act ("TDCPA"), and the Texas Deceptive Trade Practices Act ("DTPA"). In support of her FDCPA claims, Plaintiff alleges that Defendant, in attempting to collect a debt, repeatedly called her "with [the] intent to harass, annoy[,] or abuse" her and did so at times it knew "to be inconvenient for Plaintiff." (Pl.'s Compl. ¶¶ 107, 109.) Plaintiff further alleges that, during these phone calls, Defendant's representatives did not "meaningfully disclose [their] identity and, more particularly, did not apprise her that the communication[s] [were] from a debt collector." (*Id.* ¶¶ 111, 113.) Defendant now moves for dismissal under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

As far as Defendant's Rule 12(b)(6) challenge is concerned, the Court concludes that Defendant has waived its opportunity to assert a failure-to-state-a-claim defense in the form of a Rule

12(b) motion. Rule 12(b) provides that all of its enumerated defenses, including failure to state a claim, "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Because Defendant did not file its Rule 12(b)(6) motion until after it had filed its answer, and because its answer did not include the defense of failure to state a claim, the Court concludes that Defendant is precluded from asserting that defense at this time.[1]

Defendant's Rule 12(b)(1) challenge, on the other hand, is properly before the Court because subject-matter jurisdiction may be reviewed at any time. *See* Fed. R. Civ. P. 12(h)(3). Defendant contends that Plaintiff's claims are moot--and therefore the Court lacks subject-matter jurisdiction over them--because Defendant made Plaintiff an offer of judgment that equaled or exceeded the maximum

---

[1] To be clear, however, the Court is **not** concluding that Defendant has **permanently** waived its failure-to-state-a-claim defense. Rule 12(h) indicates that a party does not waive the defense of failure to state a claim merely by failing to "make it by motion" or "include it in a responsive pleading," even though certain other enumerated defenses are waived under those circumstances. Fed. R. Civ. P. 12(h)(1),(2). Instead, Rule 12(h) explains that the defense of failure to state a claim may be raised in a Rule 7(a) pleading, a Rule 12(c) motion, or at trial. Fed. R. Civ. P. 12(h)(2).

In the Court's view, to reconcile Rule 12(b) with Rule 12(h), one must conclude that while Defendant's omission of its failure-to-state-a-claim defense in its answer precludes it from raising that defense in a Rule 12(b) motion, such failure does not preclude Defendant from raising the defense at a later stage in the case (i.e., in a special Rule 7(a) pleading, a Rule 12(c) motion, or at trial). *See Stearman v. C.I.R.*, 436 F.3d 533, 536 n.6 (5th Cir. 2006) ("As explained in Federal Rule of Civil Procedure 12(h), which deals specifically with waiver or preservation of certain defenses, a defense for failure to state a claim 'may be made in any pleading permitted or ordered under Federal Rule of Civil Procedure 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.'"); *Global Healing Cntr., LP v. Powell*, No. 4:10-CV-4790, 2012 WL 1709144, at *3 (S.D. Tex. May 15, 2012) ("[W]hile the defense of failure to state a claim is never waived, if it is to be raised a second time, it technically must be raised in an answer, a motion for judgment on the pleadings under Rule12(c), or at trial.").

amount of damages and costs that Plaintiff is entitled to recover in this suit.

"Under Rule 68, an offer of complete relief will generally moot the plaintiff's claim because the plaintiff no longer has a personal interest in the outcome of the litigation." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 286 (N.D. Tex. 2012) (Boyle, J.) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 n.5 (5th Cir. 2008)).[2] The pivotal inquiry, then, is "whether [the] defendant's Rule 68 offer of judgment provided the plaintiff with complete relief." *Id.* (citing *Mabary v. Hometown Bank, N.A.*, 276 F.R.D. 196, 201 (S.D. Tex. 2011)).

Here, Plaintiff's federal claims are based on alleged violations of the FDCPA. "A debt collector who violates the FDCPA is liable for actual damages, additional damages of up to $1,000, and attorneys' fees." *Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009) (citing 15 U.S.C.A. § 1692k (West 2013)); *see also Peter v. GC Servs. L.P.*, 310 F.3d 344, 352 n.5 (5th Cir. 2002) (clarifying in dicta that "statutory damages for violation of the FDCPA in § 1692k are limited to actual damages, plus maximum statutory damages of $1000 per **action**, not per violation" (citations omitted)); *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000) (observing that "although [the Fifth] [C]ircuit has not

---

[2] Different analysis is applied when the case is a class action. *See Sandoz*, 553 F.3d at 915-19.

definitively ruled on the issue, courts uniformly hold that the FDCPA does not authorize equitable relief" (citation omitted)).

On July 3, 2012, Defendant sent Plaintiff a Rule 68 offer of judgment via certified mail, return receipt requested, and facsimile. (Pl.'s Resp. Ex. A.) Defendant "offer[ed] to allow judgment to be taken against them [sic] in the amount of $1,001.00 as and for damages inclusive of all damages of any kind, whether actual and/or punitive, and specifically alleged in the [c]omplaint herein." (*Id.*) In addition, Defendant "offer[ed] to pay attorney fees in the present lawsuit to be determined by agreement of the parties or court order as of the date of this offer" and "the actual, taxable costs of this action up to the date of electronic service of this offer."[3] (*Id.*)

In view of this offer of judgment, the Court concludes that "there is no [federal] dispute over which to litigate." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (citation omitted). Defendant has offered to pay Plaintiff the maximum amount of statutory damages that she is eligible (though not necessarily entitled) to recover, as well as her attorneys' fees and costs. Therefore, because Plaintiff "has been offered the full relief sought, [Defendant's] offer of judgment renders the case moot." *Darboe v. Goodwill Indus. of Greater N.Y. & N. N.J., Inc.*, 485 F.

---

[3] Plaintiff makes a number of technical objections concerning Defendant's offer of judgment. But those objections are without merit.

Supp. 2d 221, 223 (E.D.N.Y. 2007) (citations omitted).

Plaintiff contends that the offer of judgment did not equal or exceed the maximum amount that she could recover here because she could potentially recover actual damages. The Court disagrees. Had Plaintiff's complaint given any indication that actual damages were recoverable in this case, then her FDCPA claims would not be moot given that the question of actual damages is one for the jury. *See Guajardo v. GC Servs., LP*, No. 11-20269, 2012 WL 5419505, at *3-4 (5th Cir. Nov. 7, 2012) (unpublished). It is evident from Plaintiff's complaint, however, that her claims do not present a basis for awarding actual damages.

Plaintiff's allegations are that Defendant repeatedly called her "with intent to harass, annoy[,] or abuse" her; that Defendant did so at times it knew "to be inconvenient for [her]"; and that Defendant did not "meaningfully disclose [its] identity." (Pl.'s Compl. ¶¶ 107, 109, 111, 113.) Plaintiff describes Defendant's alleged conduct, moreover, as "highly offensive to a reasonable person." (Id. ¶ 105.) But Plaintiff does not allege that she suffered any economic or non-economic harm other than mere annoyance and offense. That is, she has alleged neither out-of-pocket losses nor "personal humiliation, embarrassment, mental anguish, [or] emotional distress." *Guajardo*, 2012 WL 5419505, at *5 n.6. Thus, although Plaintiff listed "actual damages" in the prayer of her complaint, it is apparent that she is not entitled to

any such damages, at least based on her FDCPA claims.[4]

Based on the foregoing, the Court concludes that Defendant's July 3 offer of judgment rendered Plaintiff's FDCPA claims moot. Consequently, this case no longer presents a federal question. As far as Plaintiff's TDCPA and DTPA claims are concerned, the Court notes that "[i]n order for a federal court to invoke supplemental jurisdiction under *Gibbs*, it must first have original jurisdiction over at least one claim in the action." *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 222 (5th Cir. 2012) (citation omitted). But even assuming that the Court has some level of discretion to retain the state-law claims, it declines to do so. See *Enochs v. Lampasas Cnty.*, 641 F.3d 155, (5th Cir. 2011) (observing that "[a] district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated" but that the "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed").

Accordingly, Defendant's motion to dismiss is GRANTED. All claims in the above-styled and -numbered cause are DISMISSED

---

[4] In *F.A.A. v. Cooper*, 132 S. Ct. 1441 (2012), the United States Supreme Court discussed "actual damages" in the context of the Privacy Act of 1974. The Supreme Court observed that "[e]ven as a legal term, . . . the meaning of 'actual damages is far from clear." *Cooper*, 132 S. Ct. at 1444. Although the Court concluded that actual damages under the Privacy Act did not include damages for mental or emotional distress, it noted that the term "takes on different meanings in different contexts." *Id.* at 1454. Nevertheless, even applying a broad definition of actual damages, this Court concludes that the instant case does not present a claim for actual damages.

WITHOUT PREJUDICE.

SIGNED March 26, 2013.

                                                TERRY R. MEANS
                                                UNITED STATES DISTRICT JUDGE