# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10381

NICOLE PAYNE,

        Plaintiff – Appellant

v.

PROGRESSIVE FINANCIAL SERVICES, INCORPORATED,

        Defendant – Appellee

United States Court of Appeals
Fifth Circuit

FILED
April 7, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, DeMOSS, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

    Nicole Payne appeals the district court's dismissal of her suit against Progressive Financial Services, Inc. ("Progressive"). The court dismissed the suit for lack of subject-matter jurisdiction on the ground that Progressive's unaccepted offer of judgment rendered Payne's claims moot. For the reasons below, we reverse and remand for proceedings consistent with this opinion.

## I.

    Payne filed this suit against Progressive for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), the Texas Debt Collection Practices Act, and the Texas Deceptive Trade Practices Act. Payne alleged that Progressive made numerous harassing phone calls, called her at inconvenient times, and did not properly identify itself as a debt collector. On her FDCPA

claims, Payne requested statutory damages of $1,000, actual damages, attorneys' fees, and costs.

After filing an answer, Progressive served Payne with a Federal Rule of Civil Procedure 68 offer of judgment. Progressive offered entry of judgment against itself in the amount of $1,001 for damages of any kind, plus attorneys' fees and costs incurred as of the date of the offer and to be determined by agreement or court order. The offer also stated that it would expire fourteen days after service. Payne did not respond to the offer.

Progressive moved for dismissal under Rules 12(b)(6) and 12(b)(1). The district court denied Progressive's 12(b)(6) challenge on the ground that Progressive waived the defense of failure to state a claim by failing to raise the defense before filing or in its answer. The district court, however, granted Progressive's 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. The court found that Progressive's unaccepted offer rendered Payne's FDCPA claims moot because Progressive's offer equaled or exceeded the amount that Payne was entitled to recover on her FDCPA claims. The court reasoned that Payne was not entitled to actual damages because she failed to plead sufficient facts to support a claim for actual damages in her complaint. After dismissing Payne's federal claims as moot, the court then declined to exercise supplemental jurisdiction over her state-law claims and dismissed the case without prejudice. Payne timely appealed.

The issue on appeal is whether Progressive's unaccepted Rule 68 offer of judgment rendered Payne's FDCPA claims moot, requiring dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1). We review a grant of a motion to dismiss for lack of subject-matter jurisdiction *de novo*, applying the same standard as the district court. *ANR Pipeline Co. v. La. Tax Comm'n*, 646 F.3d 940, 946 (5th Cir. 2011).

No. 13-10381

II.

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. This clause requires that parties seeking to invoke federal-court jurisdiction demonstrate that they have a "legally cognizable interest" or "personal stake" in the outcome of the case. *Genesis Healthcare Corp. v. Symczyk*, — U.S. —, 133 S. Ct. 1523, 1528 (2013). A live controversy must exist at every stage of the litigation. *Id.* If an intervening circumstance deprives a plaintiff of a personal stake in the outcome of the action or makes it "impossible for the court to grant any effectual relief whatever to the prevailing party," the case must be dismissed as moot. *Chafin v. Chafin*, — U.S. —, 133 S. Ct. 1017, 1023 (2013) (internal quotation marks and citation omitted).

An incomplete offer of judgment—that is, one that does not offer to meet the plaintiff's full demand for relief—does not render the plaintiff's claims moot. *See Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567-70 (6th Cir. 2013); *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1167-68 (11th Cir. 2012); *Gates v. Towery*, 430 F.3d 429, 431 (7th Cir. 2005). When a defendant does not offer the full relief requested, the plaintiff maintains a personal stake in the outcome of the action, the court is capable of granting effectual relief outside the terms of the offer, and a live controversy remains. *See Hrivnak*, 719 F.3d at 567-68; *Zinni*, 692 F.3d at 1167-68.

Under the FDCPA, an individual claimant is eligible to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1). Payne requested actual damages in five separate paragraphs of her complaint. Progressive's Rule 68 offer of judgment did not offer to meet Payne's full demand for relief because it did not include actual damages. As a result, Progressive's offer left a live controversy for the court to resolve, Payne maintained a personal stake in the

3

No. 13-10381

outcome of the action, and the offer did not render Payne's FDCPA claims moot.[1]

Progressive contends, and the district court agreed, that the offer of judgment mooted Payne's FDCPA claims because it offered all relief to which Payne was entitled on her claims. Progressive reasons that Payne is not entitled to actual damages because she did not plead sufficient facts to support her claim for actual damages in her complaint.

This analysis confuses two separate inquiries: (1) the merits, whether Payne sufficiently stated a claim; and (2) jurisdiction, whether the court has the power to reach the merits of Payne's claim. As the Supreme Court has made clear, these are distinct analyses.

> Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [the plaintiff] could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for dismissal for want of jurisdiction.

*Bell v. Hood*, 327 U.S. 678, 682 (1946); *see also Chafin*, 133 S. Ct. at 1024 ("[The defendant's] argument confuses mootness with the merits. . . . [A plaintiff's] prospects of success are [] not pertinent to the mootness inquiry."); *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642-43 (2008) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable)

---

[1] Because we find Progressive's offer incomplete, we need not decide whether a complete offer of judgment would have rendered Payne's claims moot. *Compare Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) ("An offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation."), *and Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) (same), *with Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 950 (9th Cir. 2013) ("[A]n unaccepted Rule 68 offer that would fully satisfy a plaintiff's claim is insufficient to render the claim moot."). *See also Genesis*, 133 S. Ct. at 1528-29 ("While the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question."). We also need not address Payne's alternative argument that her FDCPA claims are not moot because Progressive did not offer attorneys' fees and costs incurred after the date of the offer.

4

No. 13-10381

cause of action does not implicate subject-matter jurisdiction." (*quoting Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998))); *Eubanks v. McCotter*, 802 F.2d 790, 793 (5th Cir. 1986) ("If federal jurisdiction turned on the *success* of a plaintiff's federal cause of action, no such case could ever be dismissed on the merits.").

Whether Payne's allegations state a plausible claim for actual damages is an inquiry different from whether a federal court has jurisdiction to hear the case. To render a decision on whether Payne is entitled to a particular type of relief—in this case actual damages—is to decide the merits of the case. A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is not the proper mechanism to challenge the merits of Payne's claims.[2]

### III.

Because Progressive's incomplete offer of judgment did not render Payne's FDCPA claims moot, we REVERSE the district court's order of dismissal and REMAND the case for proceedings consistent with this opinion.

---

[2] The federal rules offer defendants a number of alternatives to challenge the sufficiency of a plaintiff's case prior to trial, including a Rule 12(b)(6) motion to dismiss for failure to state a claim, a Rule 12(c) motion for judgment on the pleadings, and a Rule 56 motion for summary judgment. Progressive could have, and still can, pursue merits-based challenges. Progressive can also move for costs under Rule 68(d) if Payne ultimately obtains a judgment for less than Progressive's offer. What Progressive cannot do is what it attempts to do here: dispose of all of Payne's claims by offering to settle only those claims it deems legitimate or plausible.

5