IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICOLE PAYNE, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-00432-Y |
| | § | |
| PROGRESSIVE FINANCIAL SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**AMENDED JOINT STATUS REPORT**

1. **A brief statement of the nature of the case, including the contentions of the parties.**

   **Plaintiff:** This is an action for damages brought by Plaintiff, Nicole Payne ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

   **Defendant:** Defendant generally denies Plaintiff's allegations. Defendant has pled affirmative defenses in the alternative. Any damages alleged by Plaintiff are result of a preexisting condition. Plaintiff failed to mitigate her damages if any. Any violation occurred was result of a bona fide error.

2. **Any challenge to jurisdiction or venue.**

   None.

3. **A Brief description of any matters that require a conference with the court.**

   Plaintiff believes that a very brief conference concerning electronic discovery may prove very useful.  In particular, the parties discussed the production of Plaintiff's account file in native electronic format during the conference and counsel for Defendant expressed an unwillingness to

produce Plaintiff's account file in native electronic format. Defendant advised plaintiff counsel that the format is an older code that cannot be read easily by the average reader.

Defendant believes a hearing may be necessary on its motion to compel. On March 8, 2013 the court entered an order requiring the parties to confer on the outstanding discovery issues.(DOC 36) The court further ordered that defendant was to file an amended motion for any remaining discovery issues by March 21. Defendant set out the attempts to resolve that issue in its amended motion to compel found at document #38 and 39. In sum plaintiff counsel promised to supplement by March 19. On March 20 Plaintiff advised defendant and the Court that his client had become unresponsive. DOC37. Defendant believes that the court should confirm plaintiff counsel still represents plaintiff via an appearance hearing and address the outstanding discovery motion.

Plaintiff responds that she was in the hospital during that time period, having suffered from what appears to be a stress-related brain aneurysm. Plaintiff further responds that the amended motion to compel was directed primarily at the conduct of Plaintiff's former attorney-of-record, who is no longer employed by Plaintiff's counsel. Due to the amount of time that has passed since the motion was filed and the fact that Plaintiff's counsel has changed, Plaintiff believes it would be best to attempt to meet and confer over the disputed outstanding discovery, rather than hold a hearing on the amended motion to compel. Should the Court find it is best to hold such a hearing, Plaintiff requests an opportunity to respond to said motion.

Additionally, Defendant has agreed to give Plaintiff until Wednesday, June 16, 2014 to supplement discovery responses before requesting a rehearing.

4. **An assessment of the likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties.**

Plaintiff is unlikely to join additional parties.

5. **When the disclosures required by Fed. R. Civ. P. 26(a)(1)(A) will be made or a statement that the parties have stipulated that those disclosures will not be made or that they are exempted from making those disclosures under Fed. R. Civ. P. 26(A)(1)(B).**

Plaintiff served her initial disclosures on August 10, 2012. Defendant served its disclosures on September 10, 2012.

6. **(a) A very brief statement of the subjects on which discovery may be needed, (b) when discovery should be completed, and (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues**.

    (a) The parties anticipate (1) discovery into the merits of Plaintiff's individual FDCPA, TDCA, and DTPA claims. As soon as is practicable Plaintiff intends to notice oral depositions pursuant to Rule 30(b)(6) on topics such as compliance policies, the communication at issue, Defendant's FDCPA compliance policies, training, and technology infrastructure. Plaintiff anticipates providing notice to one or more directors, officers, or managing agents, of depositions pursuant to Rule 30(b)(1). Plaintiff anticipates taking and completing expert depositions. No experts have been identified. Defendant will depose Plaintiff on liability and damages and facts set forth in her complaint. Defendant may also depose any fact or expert witnesses identified by Plaintiff.

    (b) Nine (9) months.

    (c) Discovery should not be conducted in phases nor limited to particular issues.

7. **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed;**

    None.

8. **A statement regarding whether any other orders should be entered by the Court under Fed. R. Civ. P. 16(b) and (c).**

    None other than a scheduling order.

9. **Whether a jury has been demanded.**

   Yes, a jury has been demanded.

**10. Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c).**

   The parties could not agree to refer this case to the magistrate judge.

**11. (a) An assessment of the prospects for settlement, (b) The status of any settlement negotiations already conducted, and (c) The parties' agreement as to a specific date, place and time of a formal settlement conference at which the parties and their counsel shall appear in person to discuss settlement of this case.**

   (a)   The prospects for settlement are fair.

   (b)   Plaintiff asked Defendant if she was interested in resolving the case before continuing proceedings at the district court level.  Defendant did not respond.

   (c)   August 26, 2014, at the offices of Robbie Malone, PLLC.

**12. An assessment of whether the dispute would be amenable to mediation and if not, why not, keeping in mind that pro bono mediation may be available to parties unable to afford it. If mediation seems appropriate, indicate when (month and year) it would be appropriate and whether it should be ordered in addition to or in lieu of the Court-ordered settlement negotiations contemplated by 11(c), above.**

   The likelihood of successful resolution through mediation seems slight at this point.

**13. A statement that counsel have read the Dondi decision, 121 F., R.D. 284 (N.D. Texas 1988).**

   All counsel have read and are familiar with the *Dondi* decision.

**14. Any other matters relevant to the status and disposition of this case.**

   Defendant's amended Motion to Compel Discovery (Doc 38 and Doc 39) are important to both the status and potential resolution of the case.

Dated: June 4, 2014.

| WEISBERG & MEYERS, LLC | ROBBIE MALONE, PLLC |
|---|---|
| /s/ Marshall Meyers | /s/ Robbie Malone |
| Marshall S Meyers | Robbie Malone |
| Weisberg & Meyers LLC | Texas Bar No. 04759650 |
| 5025 N Central Avenue #602 | Rmalone@rmalonelaw.com |
| Phoenix, AZ 85012 | Robbie Malone, PLLC |
| 888-595-9111 | 8750 N. Central Expressway #1850 |
| Fax: 866-565-1327 | Dallas, TX 75231 |
| mmeyers@attorneysforconsumers.com | Telephone: (214) 346-2625 |
|  | Facsimile: (713) 346-2631 |

Kirk Claunch
Texas Bar No. 04326075
Jim Claunch
Texas Bar No. 04326000
2912 West Sixth Street
Fort Worth, Texas 76107
Telephone: (817) 335-4003
Facsimile: (817) 335-7112

*Attorneys for Defendant*
PROGRESSIVE FINANCIAL SERVICES, INC.

*Local Counsel for the Plaintiff*
NICOLE PAYNE

## CERTIFICATE OF SERVICE

      On June 4, 2014, I filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, Fort Worth Division, using the Court's EM/ECF system. Delivery of the notice of electronic filing that is automatically generated by ECF constitutes service under Fed. R. Civ. P. 5(b)(2)(E) on Progressive Financial Services, Inc.'s attorney of record, who is a registered user of ECF.

                                                          By: /s/ David McDevitt
                                                               David McDevitt