## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| NICOLE PAYNE | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:12-cv-00432-Y |
| | § | **(Relates to Motion Referred to Magistrate** |
| PROGRESSIVE FINANCIAL SERVICES, | § | **Judge Cureton)** |
| INC. | § | |
| *Defendant* | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL AND ENFORCE COURT ORDER

Plaintiff Nicole Payne ("Plaintiff") responds to the motion to compel and enforce the Court's order filed by Defendant Progressive Financial Services Inc. ("Defendant"). In support thereof, Plaintiff respectfully states as follows:

### I.     Relevant Background

#### a.     Defendant's violation of the FDCPA

Defendant is a debt collector.  Doc. 7 at ¶ 12.  In an attempt to collect a debt from Plaintiff, Defendant placed numerous calls to Plaintiff's cell phone. Doc. 1 at ¶¶ 13-105.  Twice on January 17, 2012, and on at least five occasions thereafter, Plaintiff told Defendant she could only take calls between 12:00pm and 1:00pm and after 5:30pm, and that calls during other times were inconvenient for her because she was at work.  *Id.* at ¶¶ 13, 14, 15, 17, 76, 97, and 98. Notwithstanding, Defendant continued to place calls outside of these time periods for roughly three months, *see id. generally*, and, in doing so, violated the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692c(a)(1).  *See* Doc. 1 at ¶ 107.

What's more, on at least 14 occasions, Defendant left voicemail messages on Plaintiff's cell phone containing only background noise, *id.* at ¶¶ 21, 28, 35, 46, 50, 54, 58, 65, 69, 80, 84,

88, 92, and 96.  In doing so, it violated the FDCPA at § 1692d(6) and § 1692e(11), for failing to meaningfully disclose its identity in a communication with a debtor and by failing to disclose that the communication was from a debt collector, respectively.  *Id*. at ¶¶ 111, 113.  Plaintiff also alleges that Defendant violated § 1692d(5) by placing such calls repeatedly or continuously with the intent to annoy, abuse, or harass her.  *Id*. at ¶ 109.

In her prayer for relief, Plaintiff seeks $1,000 in statutory damages, actual damages, and attorneys' fees plus costs under § 1692k.  *Id*. at ¶¶ 107, 109, 111, 113.[1]

### b.    Previous Litigation

Shortly after filing its answer, Defendant tendered an offer of judgment of $1,001, plus attorneys' fees and costs.  Doc. 23 at ¶ 2.  When Plaintiff did not accept, Defendant moved to dismiss the case for lack of subject matter jurisdiction.  *See id. generally*.  Defendant also moved the Court to compel certain answers and documents in discovery.  Doc. 33.  Plaintiff filed a response.  Doc. 34.  Defendant replied.  Doc. 35.  The Court then issued an order directing the parties to attempt to resolve the discovery dispute without court involvement by March 21, 2013.  Doc. 36.

In an attempt to comply with the Court's meet and confer order, Plaintiff's counsel made repeated attempts to reach Plaintiff, to no avail.  *See* Doc. 37-2.  On March 20, 2013, Plaintiff's counsel was forced move to stay the case for 60 days, because "for reasons unknown" Plaintiff had "not responded to … communications and requests for cooperation," even though she had previously been actively involved in the case.  *Id*. at ¶¶ 2-4.  Plaintiff's counsel did not withdraw, because it believed Plaintiff's absence was consistent with a sudden health problem. *Id*. at ¶ 5.

---

[1] Counts V-VIII of Plaintiff's complaint bring claims under the Texas Debt Collection Act and the Texas Deceptive Trade Practice Act, which are virtually identical to her FDCPA claims.  In an effort to reduce attorneys' fees and streamline the litigation, Plaintiff intends to amend her complaint to remove those counts.

Rather than acknowledging Plaintiff's counsel's predicament and consenting to a short stay, Defendant opposed the motion and submitted its amended motion to compel.  Doc. 39. Five days later, the district court granted Defendant's motion to dismiss.  Doc. 40.

### c.     Plaintiff's Illness

On or about April 3, 2013, Plaintiff's counsel learned that Plaintiff was recovering in the neuro-intensive care unit at Texas Health Fort Worth.  *See* App at 1.  On February 22, 2013, Plaintiff—barely 39 years old at the time—was admitted to the emergency room after an undiscovered aneurysm ruptured in her brain. *Id.*

After confirming that Plaintiff had not simply abandoned her case, Plaintiff's counsel filed a notice of appeal.  Doc. 42.  The Fifth Circuit reversed, holding that Plaintiff's rejection of the offer of judgment did not render her case moot because it did not offer her full relief, as she could have obtained more than $1 in actual damages.  Doc. 46.

### d.     Following Remand from the Fifth Circuit

After the case was remanded from the Fifth Circuit, the Court ordered the parties to submit an amended joint status report.  Doc. 49.  Defendant added the following statement to the joint status report:

> Defendant believes a hearing may be necessary on its motion to compel. On March 8, 2013 the court entered an order requiring the parties to confer on the outstanding discovery issues.(DOC 36) The court further ordered that defendant was to file an amended motion for any remaining discovery issues by March 21. Defendant set out the attempts to resolve that issue in its amended motion to compel found at document #38 and 39. In sum plaintiff counsel promised to supplement by March 19. On March 20 Plaintiff advised defendant and the Court that his client had become unresponsive. DOC37. Defendant believes that the court should confirm plaintiff counsel still represents plaintiff via an appearance hearing and address the outstanding discovery motion.

Doc. 51 at 2.  In response thereto, Plaintiff submitted the following statement:

> Plaintiff responds that she was in the hospital during that time period, having suffered from what appears to be a stress-related brain aneurysm. Plaintiff further

responds that the amended motion to compel was directed primarily at the conduct of Plaintiff's former attorney-of-record, who is no longer employed by Plaintiff's counsel. Due to the amount of time that has passed since the motion was filed and the fact that Plaintiff's counsel has changed, Plaintiff believes it would be best to attempt to meet and confer over the disputed outstanding discovery, rather than hold a hearing on the amended motion to compel. Should the Court find it is best to hold such a hearing, Plaintiff requests an opportunity to respond to said motion.

*Id.*

On June 4, 2014, an associate for Plaintiff's counsel emailed Defendant to ask for 14 days to review the disputed issues and provide Defendant with supplemental discovery in order to avoid court intervention.  App. at 2.  Defendant refused to provide 14 days[2], agreeing only to 10 days. *Id.* (stating, "[w]e really gave you guys a long time already").  On June 13, 2014, Plaintiff contacted Defendant to ask if it would reconsider the allowance of 14 days, to which Defendant agreed. *See* Doc. 53-1 at 25.

After receiving the parties' submission of the joint status report, the Court entered a new initial scheduling order, which made no mention of Defendant's request for a hearing or Defendant's amended motion to compel.  Doc. 52.[3]  The new scheduling order set forth a completely new case calendar, including the following dates:

- Join Additional Parties:                 August 4, 2014
- Formal Settlement Conference:            August 26, 2014
- Settlement Conference Report:           September 2, 2014
- Expert Witnesses:                       January 2, 2015
- Rebuttal Witnesses:                     February 2, 2015
- Plaintiff's Motion to Amend:            February 2, 2015
- Defendant's Motion to Amend:            March 2, 2015
- End of Discovery:                       March 31, 2015
- Pretrial Motions:                       April 31, 2015

*Id.*

---

[2] Defendant incorrectly states that "Plaintiff requested an extension of the initial 14 days" and references the "numerous extensions" Defendant gave Plaintiff.  Doc. 54 at 5. The only other extension was for the four days Defendant initially refused to provide.

[3] Due to a clerical error on the part of Plaintiff's counsel, Plaintiff was not aware that the new scheduling order had been issued until June 25, 2014.

####      e.       Plaintiff's attempts to avoid court involvement

On June 17, 2014, Plaintiff contacted Defendant to explain what medical records she had in her possession to disclose.  App. at 3-4.  Plaintiff explained that she had medical records from her surgeon, and that she also had the ability to obtain her insurance claim statements from October 29, 2012 to present, but that she could not retrieve older statements and she did not possess copies of her medical records. *Id.* at 3. Defendant conceded that it "only asked [Plaintiff] to give [Defendant] what [she] ha[s]." *Id.*

On June 18, 2014, Plaintiff provided Defendant with the name of Plaintiff's primary care physician, from whom Defendant could obtain medical records, the medical records from her surgeon regarding her brain surgery, along with a letter from her surgeon that shows she was in the neuro-intensive care unit from February 24, 2013 to at least April 3, 2013. *See* Doc. 53-1 at 26.  Plaintiff also provided a spreadsheet printout from her United Health Care account showing each of her statements of claims for the past 18 months.  *See* Doc. 53-1 at 26; App. at 16-25.

In her email, Plaintiff explained that she had 125 pages of claim statements from United Health Care in PDF format, but that the statements contained information regarding Plaintiff's family members throughout that would need to be redacted.  Doc. 53-1 at 26.  She further explained that she was able to print out an Excel spreadsheet from the United Health Care website containing *only* Plaintiff's information, and that such spreadsheet contained the identical information as is found in the PDF documents.[4]  *Id.*  She provided one of the monthly PDF statements to show that they contain no more information than what is exported to the

---

[4] Defendant repeatedly misstates that this spreadsheet was "created" by Plaintiff's counsel.  As Plaintiff explained, the document was "created" by the United Health Care website. Plaintiff's counsel merely added the case name and the word, "confidential" to the top of the spreadsheet.

spreadsheet.  *Id.* (stating "the information is the same as what is *generated in the spreadsheet printout*") (emphasis added); App. at 26-59.

On June 19, 2014, Defendant contacted Plaintiff's attorney-of-record about discovery. *See* Doc. 53-1 at 28-32.  Plaintiff's attorney-of-record asked Defendant for time to confer with his associate, who had been assisting with the case and who was then out-of-town, regarding what documents had been and were being produced.  *Id.* at 30-32.  Defendant refused the request to discuss the issue by phone the following Monday, stating, "There is nothing to discuss," demanding all documents by the end of the day on Friday, June 20, 2014.  App at 5.  Without any future consultation with Plaintiff's attorney-of-record, Defendant filed the instant motion to compel.  Doc. 53.

On July 15, 2014, Defendant served Plaintiff with a second set of discovery requests. App. 7-15. Notably, one of the two discovery requests is virtually identical to a discovery request previously serviced.  *Compare* Doc. 33-2 at 13 (Request for Production No. 20: "Produce copies of any documents in your possession which you contend support your allegation that 'Progressive Financial Services, Inc.'s actions caused the Plaintiff to suffer damages', as alleged in Plaintiff's Original Petition") *with* App. at 11 (Request for Production No. 25: "Produce any and all documents you contend support your claim that your damages were caused by the Defendant").  On July 24, 2014, Plaintiff provided Defendant with time sheets through June 2014, her fee agreement with her counsel, a revised statement of actual damages, and supplemental responses to Interrogatories 3, 14, and 17.

## II.    The Court has re-started this litigation anew, and Defendant should serve new discovery requests for whatever information it seeks.

The Court should deny Defendant's motion to grant the previously filed Amended Motion to Compel and, instead, order it to serve formal discovery requests for the information

and documents it still desires.  "[T]he trial court on remand is required to examine the appellate court's decision and determine what further proceedings would be proper and consistent with the opinion."  5 Am. Jur. 2d Appellate Review § 737.  "On remand, a trial court is free to make any order or direction in further progress of case, not inconsistent with decision of appellate court, as to any question not settled by decision."  *Id.* at § 753.

The Court originally held that the case was moot and that the Court lacked subject matter jurisdiction, dismissing the case before Plaintiff's deadline to amend pleadings had even passed. *See* Doc. 17 at 2.  On remand, the Court has issued a new Initial Scheduling Order, as it did when the case was initially filed.  The order requires the parties engage in an early settlement conference, and it pushes discovery deadlines well into 2015.  Doc. 52.

What's more, Judge Means completely disregarded Defendant's urgent request in the joint status report for a hearing on its 15-month old Amended Motion to Compel. Plaintiff interprets the Court's complete reset of the case schedule to mean that the case is essentially starting over.  Defendant, on the other hand, has continued to litigate under the assumption that its former discovery requests and discovery motions are live, even after receiving the order.

Requiring Defendant to serve fresh discovery is particularly appropriate where Plaintiff suffered a brain aneurysm in the middle of the discovery process the first time around.  *See Love v. Modhaddam*, CIVS-09-1086WBSGGHP, 2010 WL 1507222 (E.D. Cal. 2010) ("Because plaintiff suffered serious medical problems which affected his ability to respond to defendant's discovery requests, of which defendant was put on notice, the motion to compel and for sanctions is denied. Defendant shall re-serve plaintiff with the at-issue discovery requests within seven days of the date of this order. Plaintiff's response to these discovery requests are due within twenty-eight days of the date of this order. If plaintiff again fails to respond to the

requests, defendant may renew his motion to compel."). If Defendant seeks more information from Plaintiff, she should be allowed a formal response under the federal rules to provide answers and objections in light of these circumstances.

Defendant's argument—that Plaintiff has had ample time to comply since the case has been remanded—is unfair, because it is far from clear what her obligations are based on those former requests under the federal rules following reversal and remand. "On this subject, the literature is sparse." *Be Careful What You Ask For: Navigating a Remand After You've Won The Appeal*, 81 Michigan Bar Journal 20, 20 (2002). Plaintiff has merely attempted to avoid expensive motion practice and the need for court involvement by attempting to appease Defendant's demands for more information. Plaintiff should not be punished for having asked Defendant for a certain amount of time before Defendant moved the Court for a rehearing.

Defendant has implicitly acknowledged that the appropriate course of action was to serve another round of discovery—having done so on July 15, 2014, where one of the two requests was essentially the identical request as one served previously—rather than demanding that Plaintiff defend a discovery process that occurred while she was in the ICU. Accordingly, the Court should deny Defendant's motion and order it to serve new discovery requests for whatever information it still seeks.

III.    **Even if the Court considers Defendant's March 2013 motion to compel, the Court should deny it.**

Notwithstanding her aforementioned position, Plaintiff addresses herein the arguments made in Defendant's Amended Motion to Compel (Doc. 33).

A.      **Request for time sheets, fee agreements, costs, engagement letters, etc.**

Defendant seeks "all documents reflecting attorneys' fees, costs, fee agreements, engagement letters, billing records and/or invoices" from this case. Doc. 39 at 4. While Plaintiff

has provided most of the information sought, she does not believe she was obligated to do so because the information is not discoverable, and asks the Court to find that she is not obligated to make any additional disclosures.

### 1.    Plaintiff has provided more than sufficient information.

Prior to the dismissal and appeal, Plaintiff provided Defendant with time sheets through February 2013.  Doc. 34 at 6.  Plaintiff has again provided Defendant with up-to-date time sheets through June 2014. Plaintiff has also provided a copy of her attorney-client agreement. Defendant's demand for Plaintiff's engagement letter is totally inappropriate, as it is unquestionably protected by the attorney-client privilege, as it contains legal advice to Plaintiff. *See S.E.C. v. Brady*, 238 F.R.D. 429, 438–39, 441 (N.D. Tex. 2006).

### 2.    Defendant's claim that the law is well-settled is misleading.

Defendant's argument that the law is well-settled regarding the discovery of attorneys' fees documentation is, at best, misleading.  Federal law does not require that Plaintiff provide this information. "Since fees are available only if the plaintiff prevails, and the defendant contests liability, such procedures would be premature." *Bank v. Pentagroup Fin.*, LLC, 08-CV-5293 JG RML, 2009 WL 1606420, fn. 6 (E.D.N.Y. 2009). Defendant's Amended Motion makes much of the fact that previous Texas district courts have ordered Plaintiff's counsel to produce such documents in the past, but analyzing each order Defendant cites reveals that this "precedent" is not what Defendant makes it out to be.

### a.    The federal rules do not envision discovery into attorneys' fees documentation prior to filing a motion for attorneys' fees.

"[C]laims for attorney's fees 'must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.' " *Richardson v. Wells Fargo*

*Bank, N.A.*, 740 F.3d 1035, 1037 (5th Cir. 2014) (citing Fed.R.Civ.P. 54(d)(2)(A)). "[A]ttorney's

fees for the prosecution or defense of a claim are not damages under Texas law." *Id.* at 1038.

Rule 54 addresses the disclosure of information regarding attorney's fees when a party

makes a post-judgment motion for fees. *See* Fed.R.Civ.P. 54(d)(2)(B) ("the motion must…

disclose, *if the court so orders*, the terms of any agreement about fees for the services for which

the claim is made") (emphasis added). Thus, the federal rules do not anticipate that Rule 26(b)(1)

will impose a *mandatory* disclosure of evidence regarding attorney's fees in discovery; rather,

under Rule 54, a party must only disclose it if the Court so requires.

This conclusion is confirmed by other courts addressing the issue of a demand for

attorneys' fees billing records in the middle of a case. *See Pentagroup*, 2009 WL 1606420 at fn.

6; *see also Abels v. JBC Leg. Group, P.C.*, 233 F.R.D. 645, 646 (N.D. Cal. 2006). In *Abels*, the

court denied the defendant's motion to compel attorneys' fees records in the middle of the case,

observing:

> [E]ven though a party opposing a post-trial attorney fees motion has the right to
> challenge the fees requested as reflecting unreasonable hourly rates, an
> unreasonable number of hours expended, or as improper on other grounds, the
> party does *not* have an absolute right to inspect the contemporaneous time records
> that underlie the motion. Here, the case has not even progressed to the stage
> where attorney fees are at issue. The fees [plaintiff] has incurred to date are only a
> portion of the fees he likely will claim should he eventually obtain a judgment and
> be entitled to bring a noticed motion for fees under the Rules. As [defendant]
> would not have an unqualified right to inspect the documents it is seeking now
> even should that all come to pass, there is no basis to compel production now.

*Id.* at 646-47 (citations omitted).

Likewise, as Plaintiff is not required to prove her attorney's fees as an element of

damages at trial, she is only required to disclose information pertaining to her attorneys' fees, if

the Court so orders, at the time she makes such motion. Fed.R.Civ.P. 54(d)(2)(B). Plaintiff is

not under an obligation to produce her time sheets, fee agreement, or any other information simply because her counsel has lost this issue in the past.

> **b.**   **A closer look at Defendant's "precedent" reveals that this is not a well-settled legal issue.**

Defendant argues in its Amended Motion to Compel that it is merely seeking "discovery that each federal district of Texas has held discoverable." Doc. 39 at 5.   A closer look at the Defendant's citations shows that these courts have not all passed on the legal question of whether these documents are *discoverable*, only that they have ordered a plaintiff to produce them.   The fact that Defendant's counsel has previously succeeded in *obtaining an order* is irrelevant to the state of the law.   "[D]istrict courts do not, by deciding cases, create law; they apply it."   *ATSI Commun., Inc. v. Shaar Fund, Ltd*, 547 F.3d 109, 114 (2d Cir. 2008); *see also McGhee v. Joutras*, 1995 WL 124131, fn. 4 (N.D. Ill. 1995) ("every District Judge is well aware that District Courts do not create precedents even in their own bailiwicks").

Judge Means has previously ordered the production of "documents relating to Plaintiff's attorney's fees." Doc. 33-2 at 21.   But he did so in a case where the plaintiff did not file a response to the Defendant's motion or status report.   *Id*.   The opinion contains no analysis other than the fact that it was an uncontested motion. *Id*.   The opinions in *White* and *Coleman* merely cite to the *Hernandez* opinion and offer little to no analysis of their own.   *Id*. at 25-29.   So this "well-settled" case "precedent" is really just the *Hernandez* opinion.

But even in *Hernandez*, while the Court performed a Rule 26(b)(1) analysis and found that the information is "relevant to plaintiff's claim and is discoverable now," the Court went on to say that "[h]ad plaintiff proffered that responding to the discovery presented an unreasonable burden, the court might use its authority under Rule 26(c) to delay plaintiff's duty to respond to the production request," but no such objection was made. *Id*. at 23.   So even the court which

actually analyzed the discoverability of time sheets recognized the burden imposed by Defendant's request.  And, the *Hernandez* court likely did not consider the argument that Rule 54 contains its own provision for the disclosure of information regarding fees.

Accordingly, Plaintiff asks the Court to find that she is not obligated to produce any additional information regarding attorneys' fees, because she has no obligation under the federal rules to do so, and even if she does, because such constant production of billing entries would be unduly burdensome and not relevant to the underlying claim.

**B.     Plaintiff has provided Defendant with all of the information she possesses regarding her medical records.**

Plaintiff is only obligated to provide those documents which are in her possession, custody, or control.  Fed.R.Civ.P. 26(b)(1).  "The relationship between the Plaintiff and her doctor is not sufficient to establish control. In fact, the Defendants can secure copies of the requested documents from the custodian of the records as readily as the Plaintiff." *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998).

Plaintiff does not possess copies of her medical files. Plaintiff provided all of the information in her possession, albeit through the substantially less burdensome process of exporting her insurance claim data directly onto an Excel spreadsheet, rather than downloading and then having to redact all of the PDF documents that contain information about herself and her husband and children.  Defendant's claim that Plaintiff's counsel "created" this document is untrue, and Defendant should have known this.  It was created by the United Health Care website; it simply happened to be downloaded to a digital format that is editable.

Plaintiff asks the Court to rule that she need not redact 125 pages of PDF statements, as this is unnecessarily burdensome given the relative value of the information.  There is absolutely no additional information in the PDFs than in the spreadsheet.  *Compare* App. at 16-25 *with*

App. at 26-59. What's more, the value of this information is in the names and addresses of the doctors contained therein, so there is no concern over the trustworthiness of this format. Defendant's blind, false statements about the nature of this document, and refusal to further discuss the issue, shows that it is the one "exponentially and unreasonably increas[ing] the cost of litigation." Doc. 54 at 7.

> **C. Plaintiff has provided Defendant with an updated statement of actual damages, in spite of the fact that Plaintiff's statement regarding actual damages was responsive to the interrogatory.**

In Interrogatory No. 3, Defendant asked Plaintiff: "*State the nature* of your actual damages." Doc. 39 at 13 (emphasis added). Plaintiff responded that the nature of her actual damages was "mental anguish and emotional distress severe enough to cause a significant disruption in her daily life" and which was caused by Defendant's conduct. *Id.*

This is completely responsive to the question asked. Actual damages can take many forms including out-of-pocket costs, economic damages such as lost wages, and emotional damages. *See F.A.A. v. Cooper*, 132 S. Ct. 1441, 1449 (2012). Defendant did not ask Plaintiff to describe *why she believes* she is entitled to actual damages, or asked what conduct gives rise to the actual damages, or to state all reasons that Plaintiff claims actual damages. She was merely asked to "state the nature" of them, which she did. Her response of "mental anguish and emotional distress" may have been stating the obvious to Defendant, but it is not Plaintiff's fault that Defendant did not serve a better interrogatory.

Notwithstanding, Plaintiff has provided Defendant with a more thorough description of her claim for actual damages.

## IV. Conclusion

Plaintiff asks the Court to reject the proposition that the remand from the Fifth Circuit in this case turned live all of the previously pending motions, orders, and discovery requests. This

case was on appeal for over a year, after being dismissed for lack of subject matter jurisdiction early in the process, at a time when Plaintiff was in the ICU.  Judge Means issued a brand new scheduling order, which gave Plaintiff a legitimate reason to believe that the case was to start over.  Defendant has even served new discovery requests, as it should have for any outstanding discovery it needed.  Plaintiff should not be punished for attempting to provide Defendant with information informally.  To the extent that Defendant's motion to compel is not moot, based on Plaintiff's further disclosures, the Court should deny it.

WEISBERG & MEYERS, LLC

By: s/ Marshall Meyers
     Marshall Meyers
     5025 North Central Ave., #602
     Phoenix, AZ 85012
     Telephone: (888) 595-9111 x111
     Facsimile: (866) 565-1327
     mmeyers@attorneysforconsumers.com

     *Attorney-in-Charge for Plaintiff*
     NICOLE PAYNE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| NICOLE PAYNE | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:12-cv-00432-Y |
| | § | |
| PROGRESSIVE FINANCIAL SERVICES, | § | |
| INC. | § | |
| *Defendant* | § | |

**CERTIFICATE OF SERVICE**

I certify that on July 24, 2014, I electronically filed Plaintiff's Response to Motion to Compel with the clerk of the U.S. District Court, Northern District of Texas, Fort Worth Division, using the electronic case filing system of the court. Notification was sent to counsel of record below via the electronic case filing system of the court.

Robbie Malone
Robbie Malone, PLLC
8750 North Central Expressway # 1850
Dallas TX 75231

s/  David McDevitt
David McDevitt

15