Pages 1 filed as an attachment to Motion for Leave to Seal

| | |
|---|---|
| **From:** | Robbie Malone |
| **To:** | David McDevitt |
| **Subject:** | RE: Payne |
| **Date:** | Wednesday, June 04, 2014 1:48:15 PM |

How about 10 days... We really gave you guys a long time already.

**From:** David McDevitt [mailto:DMcDevitt@attorneysforconsumers.com]
**Sent:** Wednesday, June 04, 2014 1:56 PM
**To:** Robbie Malone
**Subject:** RE: Payne

I understand. We will provide answers and documents, and we will get her signature. I went through each section of your motion with her by phone. This just cannot be done overnight. We are taking over in the middle of a case that is over a year stale and where the former attorney couldn't reach the client because she was in the hospital.

Perhaps you can give us 14 days from today to respond to the requests in the amended motion. If not, we'll file the statement as revised by you, or with whatever other statements you want to make. Let me know.

| | |
|---|---|
| **From:** | Robbie Malone |
| **To:** | David McDevitt |
| **Subject:** | RE: Payne |
| **Date:** | Wednesday, June 18, 2014 7:26:14 AM |

David,

That is actually not true. Under the HIPAA law and under Texas Health Code your client has access to her records without a subpoena and it is a violation of Texas law for a healthcare provider to refuse to provide medical records to a patient. However I have only asked you to give me what you have. You have to figure out what you need to prove up your claim. Given the fact your firm refused to even identify healthcare providers to us I can't even decide what I wish to investigate until I see what you have.

**From:** David McDevitt [mailto:DMcDevitt@attorneysforconsumers.com]
**Sent:** Tuesday, June 17, 2014 6:20 PM
**To:** Robbie Malone
**Subject:** RE: Payne

Robbie,

What I currently have is: (1) a medical report regarding the surgery to remove Nicole's ruptured aneurysm; (2) Nicole's insurance statements from October 29, 2012 to present, showing all of the medical care she received surrounding the brain surgery and trip to the ICU (her insurance only maintains 18 months worth of billing statements, otherwise I would give you more); and (3) her primary care physician's name, from whom her medical history can be obtained via subpoena. That's why I was inquiring about a release.

In another case, I had a defendant hounding us for medical records based on an emotional distress claim who then ultimately conceded that he did not expect *us* to obtain the records from the doctors, rather, that he would subpoena those documents. (That was after I spent many hours on the phone with the doctor's incompetent administrative staff!!) He just wanted whatever records *the client* possessed. Of course, doctors don't give you your medical chart, so the answer could have simply been, "none." The whole thing was very frustrating.

This situation is obviously a little different here. We weren't initially going to use her medical records, but that was before her ruptured aneurysm, brain surgery, and ICU trip. So now I completely understand your desire for them. But like in that other case, you have just as much custody and control over the medical records in her doctors' possession (arguably more, as my experience shows) as we do.

We'll produce what we intend to use as we obtain it, but in terms of discovery, we aren't obligated to go subpoena those documents for you. "The relationship between the Plaintiff and her doctor is not sufficient to establish control. In fact, the Defendants can secure copies of the requested documents from the custodian of the records as readily as the Plaintiff." *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998).

Let me know how you want to proceed. I am really trying my best to get you the information you

want, but it isn't as simple as saying to our client, "Please give me your medical records for the past 5 years."

Regards,
David

**From:** Robbie Malone [mailto:rmalone@rmalonelaw.com]
**Sent:** Tuesday, June 17, 2014 2:01 PM
**To:** David McDevitt
**Subject:** RE: Payne

Since I was never provided with any info on damages, I have not and I may or may not subpoena them. It depends on the answers to the discovery.

**From:** David McDevitt [mailto:DMcDevitt@attorneysforconsumers.com]
**Sent:** Tuesday, June 17, 2014 3:22 PM
**To:** Robbie Malone
**Subject:** RE: Payne

Have you asked Ms. Payne to sign a medical release so that you can subpoena medical records that she does not possess?

**From:** Robbie Malone [mailto:rmalone@rmalonelaw.com]
**Sent:** Thursday, June 19, 2014 10:59 AM
**To:** Marshall Meyers
**Subject:** RE: Payne

There is nothing to discuss. Get us the documents and answers by COB tomorrow.

---

**From:** Marshall Meyers [mailto:mmeyers@attorneysforconsumers.com]
**Sent:** Thursday, June 19, 2014 12:57 PM
**To:** Robbie Malone
**Cc:** David McDevitt
**Subject:** RE: Payne

I can't by tomorrow, David is in FL on depos in one of the remaining cases. I can aver to discuss with you Monday (and have David on the call), but that is the best I can do.

Marshall Meyers*

Weisberg & Meyers

888 595 9111 ext 111

866 565 1327 facsimile

WMLaw.AttorneysForConsumers.com



*Licensed in Arizona and the United States District Courts for the District of Arizona, the District of Colorado, the Northern District of Florida, the Northern and Southern Districts of Illinois, the Northern District of Indiana, the Western District of New York, the Eastern, Northern, Southern and Western Districts of Texas and the Eastern District of Wisconsin.

**General Disclaimer:** The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

**Statement Required by U.S. Treasury Department:**

The U.S. Treasury Department requires us to advise you that this written advice is not intended or written by our firm to be used, and cannot be used by any taxpayer, for the purpose of avoiding any penalties that may be imposed under the Internal Revenue Code. Written advice from our firm relating to Federal tax matters may not, without our express written consent, be used in promoting, marketing or recommending any entity, investment plan or arrangement to any taxpayer, other than the recipient of the written advice.

**From:** Robbie Malone [mailto:rmalone@rmalonelaw.com]
**Sent:** Thursday, June 19, 2014 10:55 AM
**To:** Marshall Meyers
**Subject:** RE: Payne

Marshall,

I appreciate that but our motion was for actual answers to Rogs and RFP. And David is saying he is not giving us the agreement at all and did not turn over any time documents. He also did not turn over all medical records in your possession. He wants us to accept a summary without the underlying documents. We don't have a list of her health care providers or details of your alleged damages all of which are in the ROGS. Nor do we have a verification page. You guys have had weeks to correct this since I brought it to your attention. So no more run around. IF you get it to me { COMPLETE ANSWERS} by COB CST tomorrow, we will hold off otherwise we are filing it.

**From:** Marshall Meyers [mailto:mmeyers@attorneysforconsumers.com]
**Sent:** Thursday, June 19, 2014 12:39 PM
**To:** Robbie Malone
**Cc:** David McDevitt
**Subject:** RE: Payne

Robbie, I am sure we are giving you time and the agreement. I really don't know the rest at this moment and don't want to misspeak one way or another.

To the extent your motion cannot wait, I understand.

Marshall Meyers*
Weisberg & Meyers
888 595 9111 ext 111
866 565 1327 facsimile
WMLaw.AttorneysForConsumers.com



# Robbie Malone

A Professional Limited Liability Company
Attorneys and Counselors

**Robbie Malone**
DIRECT DIAL: (214) 346-2625
E-MAIL: rmalone@rmalonelaw.com

NORTHPARK CENTRAL, SUITE 1850
8750 N. CENTRAL EXPRESSWAY
DALLAS, TEXAS 75231
(214) 346-2630
FAX (214) 346-2631

July 15, 2014

**_VIA CMRRR: 7012 3050 0001 0963 2379_**
Marshall S. Meyers
Weisberg & Meyers LLC
5025 N Central Avenue, #602
Phoenix, AZ 85012

RE:   Cause No. 4:12-cv-00432; *Nicole Payne v. Progressive Financial Services, Inc.;*
pending in the United States District Court for the Northern District of Texas, Fort
Worth Division.

Dear Mr. Meyers:

In connection with the above referenced matter, enclosed please find the following
discovery requests:

1. Defendant Progressive Financial Services, Inc.'s Second Set of Interrogatories to
   Plaintiff Nicole Payne; and
2. Defendant Progressive Financial Services, Inc.'s Second Requests for Production
   to Plaintiff Nicole Payne.

If you have any questions, please feel free to call.

Sincerely,

*CKtate*

Claudia Tate,
Legal Secretary

:ckt
Encl.

M:\219.0000 Progressive Financial Services, Inc\219.0001 Nicole Payne\Correspondence\219.0001 - L.P16 - 2nd
RFP & Rogs.docx

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICOLE PAYNE | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | Cause No. 4:12-cv-00432 |
| | § | |
| PROGRESSIVE FINANCIAL SERVICES, | § | |
| INC., | § | |
|     DEFENDANTS. | § | |

## PROGRESSIVE FINANCIAL SERVICES, INC'S
## SECOND REQUESTS FOR PRODUCTION
## TO PLAINTIFF NICOLE PAYNE

TO:   Plaintiff, Nicole Payne, by and through her attorney of record, Marshall S. Meyers, Weisberg & Meyers LLC, 5025 N. Central Avenue, #602, Phoenix, AZ 85012.

Pursuant to FRCP 34, FEDERAL RULES OF CIVIL PROCEDURE, Defendant Progressive Financial Service, Inc., requests that Plaintiff, produces the following documents requested herein within thirty (30) days after of receipt of this request at the Law Office of Robbie Malone, PLLC, located at 8750 North Central Expressway, Dallas, Texas 75231.

PROGRESSIVE FINANCIAL SERVICES, INC'S
SECOND REQUESTS FOR PRODUCTION TO PLAINTIFF NICOLE PAYNE – Page 1
M:\219.0000 Progressive Financial Services, Inc\219.0001 Nicole Payne\Discovery\219.0001P.2ndRFP.docx

8

## I.

## DEFINITIONS

As used in the attached discovery the following terms shall have the following meanings:

1.      The word "document" or "documents" shall mean the original of the information recorded in a tangible form including, but not limited to, information printed, typewritten, handwritten, photographed, filed, e-mailed, recorded by electronic means upon a tape or disk or any other means of recording and shall include (but not be limited to): letters; e-mails; memoranda; handwritten notes; agreements; deeds; contracts; promissory notes; books; pamphlets; brochures; newspapers; magazines; periodicals; catalogs; price lists; checks; canceled checks; invoices; sales receipts; charge receipts; personal receipts; bank records; tapes; computer printouts; data cards; programs or other input or output of data processing systems; photographs (positive print or negative); transcripts of interviews or testimony before any person, officer, or body whether sworn or unsworn; written statements or notes of interview or testimony; diaries; calendars; logs; expense records or other financial data; charts; graphs; maps; drawings or other representational depiction; telephone records; telegrams; telefax; phonograph records; magnetic tape, drum, or disk records; motion picture film; microfilm or microfiche.   The term "document" or "documents" shall also mean every copy of a document where such copy is not an identical duplicate of the original, and shall include all postscripts, notations, addendums, changes, notations, modifications, alterations or revisions of each document or documents.

2.      The term "correspondence", as used herein, shall include, but shall not be limited to, any letter, e-mail, telegram, telex, telefax, TWX, notice, message, memorandum or other written communication or transcription or notes of a communication.

3.      The term "communication", as used herein, shall mean any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meetings and also including, but not limited to, correspondence, e-mails, financial records, corporate records, reports and documents as defined immediately above.

4.      The term "regarding", as used herein, shall mean, in an indirect manner, contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matter set forth.

5.      The term "relate(s) to" or "relating to", as used herein shall mean, in an indirect manner, contain, record, discuss, mention, note, evidence, memorialize, analyze,

**PROGRESSIVE FINANCIAL SERVICES, INC'S**
**SECOND REQUESTS FOR PRODUCTION TO PLAINTIFF NICOLE PAYNE – Page 2**
M:\219.0000 Progressive Financial Services, Inc\219.0001 Nicole Payne\Discovery\219.0001P.2ndRFP.docx

9

describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

6.     The word "and," and the word "or", as used herein, shall, where the context permits, shall be construed to mean "and/or."

7.     The term "date", as used herein, shall mean the exact day, month and year if ascertainable, or, if not, the best approximation (including relationship to other events).

8.     The word "person" or "persons" shall include any natural person or any other entity, including but not limited to, firms, corporations, associations, partnerships, joint ventures and trusts, governments, governmental agencies or bodies, or other form of legal or business entity.

9.     The term "Plaintiff" or "you", as used herein, shall mean and refer to **Plaintiff Nicole Payne**, and shall include any and all of Plaintiff's attorneys, officers, directors, employees and authorized agents and representatives.

10.     The term "Defendant", as used herein, shall mean and refer to **Defendant Progressive Financial Services, Inc.** and shall include any and all of its attorneys, officers, directors, employees and authorized agents and representatives.

11.     The term "Petition," as used herein, shall mean the Plaintiff's Original Petition, and any amendments thereto, filed in this action by Plaintiff.

12.     Wherever appropriate, the singular form of a word shall be interpreted as including the plural, and the masculine form of a word shall be interpreted as including the feminine.

13.     The term "Account" means the debt which Plaintiff alleges that Defendant attempted to collect and to which Plaintiff refers in Plaintiff's Original Petition and any amendments thereto, filed in this action by Plaintiff.

14.     The term "debt" as used herein, shall mean the debt which Plaintiff alleges that Defendant attempted to collect and to which Plaintiff refers in Plaintiff's Original Petition and any amendments thereto, filed in this action by Plaintiff.

**PROGRESSIVE FINANCIAL SERVICES, INC'S**
**SECOND REQUESTS FOR PRODUCTION TO PLAINTIFF NICOLE PAYNE** – Page 3
M:\219.0000 Progressive Financial Services, Inc\219.0001 Nicole Payne\Discovery\219.0001P.2ndRFP.docx

10

**REQUEST FOR PRODUCTION NO. 25:** Produce any and all documents you contend support your claim that your damages were caused by the Defendant.

**RESPONSE:**

Respectfully submitted,

**Robbie Malone, PLLC**

ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631
*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **Certified Mail, Return Receipt Requested** on this 15th day of July, 2014 to:

Marshall S. Meyers
Weisberg & Meyers LLC
5025 N. Central Avenue, #602
Phoenix, AZ 85012
mmeyers@attorneysforconsumers.com

ROBBIE MALONE

PROGRESSIVE FINANCIAL SERVICES, INC'S
SECOND REQUESTS FOR PRODUCTION TO PLAINTIFF NICOLE PAYNE – Page 4
M:\219.0000 Progressive Financial Services, Inc\219.0001 Nicole Payne\Discovery\219.0001P.2ndRFP.docx

11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICOLE PAYNE | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | Cause No. 4:12-cv-00432 |
| | § | |
| PROGRESSIVE FINANCIAL SERVICES, | § | |
| INC. | § | |
|     DEFENDANT. | § | |

**PROGRESSIVE FINANCIAL SERVICES, INC'S
SECOND SET OF INTERROGATORIES
TO PLAINTIFF NICOLE PAYNE**

TO:   Plaintiff, Nicole Payne, by and through her attorney of record, Marshall S. Meyers, Weisberg & Meyers LLC, 5025 N. Central Avenue, #602, Phoenix, AZ 85012.

Pursuant to Rule 33, FEDERAL RULES OF CIVIL PROCEDURE, you are hereby requested to answer each of the following interrogatories separately and fully in writing under oath. Spaces are provided for your answers following each interrogatory. The amount of space is not intended as, and should not be construed as, an indication of the amount of information sought. If additional space is needed to fully answer any interrogatory, please continue your answer on the back side of the interrogatories, in the margin, or on a separate sheet of paper to be included with your answers. You are hereby requested to deliver your answers to these interrogatories to the undersigned in not more than thirty (30) days after service of these interrogatories upon you, and to file supplementary answers should you obtain further relevant information after answering same. You are requested to answer the following:

**PROGRESSIVE FINANCIAL SERVICES, INC'S
SECOND SET OF INTERROGATORIES TO PLAINTIFF NICOLE PAYNE – Page 1**
M:\219.0000 Progressive Financial Services, Inc\219.0001 Nicole Payne\Discovery\219.0001P.2nd ROG.docx

12

# I.

## DEFINITIONS

As used in the attached discovery the following terms shall have the following meanings:

1.     The word "document" or "documents" shall mean the original of the information recorded in a tangible form including, but not limited to, information printed, typewritten, handwritten, photographed, filed, e-mailed, recorded by electronic means upon a tape or disk or any other means of recording and shall include (but not be limited to): letters; e-mails; memoranda; handwritten notes; agreements; deeds; contracts; promissory notes; books; pamphlets; brochures; newspapers; magazines; periodicals; catalogs; price lists; checks; canceled checks; invoices; sales receipts; charge receipts; personal receipts; bank records; tapes; computer printouts; data cards; programs or other input or output of data processing systems; photographs (positive print or negative); transcripts of interviews or testimony before any person, officer, or body whether sworn or unsworn; written statements or notes of interview or testimony; diaries; calendars; logs; expense records or other financial data; charts; graphs; maps; drawings or other representational depiction; telephone records; telegrams; telefax; phonograph records; magnetic tape, drum, or disk records; motion picture film; microfilm or microfiche. The term "document" or "documents" shall also mean every copy of a document where such copy is not an identical duplicate of the original, and shall include all postscripts, notations, addendums, changes, notations, modifications, alterations or revisions of each document or documents.

2.     The term "correspondence", as used herein, shall include, but shall not be limited to, any letter, e-mail, telegram, telex, telefax, TWX, notice, message, memorandum or other written communication or transcription or notes of a communication.

3.     The term "communication", as used herein, shall mean any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meetings and also including, but not limited to, correspondence, e-mails, financial records, corporate records, reports and documents as defined immediately above.

4.     The term "regarding", as used herein, shall mean, in an indirect manner, contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matter set forth.

**PROGRESSIVE FINANCIAL SERVICES, INC'S**
**SECOND SET OF INTERROGATORIES TO PLAINTIFF NICOLE PAYNE – Page 2**
M:\219.0000 Progressive Financial Services, Inc\219.0001 Nicole Payne\Discovery\219.0001P.2nd ROG.docx

13

5.     The term "relate(s) to" or "relating to", as used herein shall mean, in an indirect manner, contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

6.     The word "and," and the word "or", as used herein, shall, where the context permits, shall be construed to mean "and/or."

7.     The term "date", as used herein, shall mean the exact day, month and year if ascertainable, or, if not, the best approximation (including relationship to other events).

8.     The word "person" or "persons" shall include any natural person or any other entity, including but not limited to, firms, corporations, associations, partnerships, joint ventures and trusts, governments, governmental agencies or bodies, or other form of legal or business entity.

9.     The term "Plaintiff" or "you", as used herein, shall mean and refer to **Plaintiff Nicole Payne**, and shall include any and all of Plaintiff's attorneys, officers, directors, employees and authorized agents and representatives.

10.    The term "Defendant", as used herein, shall mean and refer to **Defendant Progressive Financial Services, Inc.** and shall include any and all of its attorneys, officers, directors, employees and authorized agents and representatives.

11.    The term "Petition," as used herein, shall mean the Plaintiff's Original Petition, and any amendments thereto, filed in this action by Plaintiff.

12.    Wherever appropriate, the singular form of a word shall be interpreted as including the plural, and the masculine form of a word shall be interpreted as including the feminine.

13.    The term "Account" means the debt which Plaintiff alleges that Defendant attempted to collect and to which Plaintiff refers in Plaintiff's Original Petition and any amendments thereto, filed in this action by Plaintiff.

14.    The term "debt" as used herein, shall mean the debt which Plaintiff alleges that Defendant attempted to collect and to which Plaintiff refers in Plaintiff's Original Petition and any amendments thereto, filed in this action by Plaintiff.

**PROGRESSIVE FINANCIAL SERVICES, INC'S**
**SECOND SET OF INTERROGATORIES TO PLAINTIFF NICOLE PAYNE – Page 3**
M:\219.0000 Progressive Financial Services, Inc\219.0001 Nicole Payne\Discovery\219.0001 P.2nd ROG.docx

14

## I.

## SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 18:** Identify any and all healthcare providers you have seen in the last five years.

**ANSWER:**

Respectfully submitted,

**Robbie Malone, PLLC**

_(signature)_

ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631
*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **Certified Mail, Return Receipt Requested** on this __15th__ day of July, 2014 to:

Marshall S. Meyers
Weisberg & Meyers LLC
5025 N. Central Avenue, #602
Phoenix, AZ 85012
mmeyers@attorneysforconsumers.com

_(signature)_

ROBBIE MALONE

**PROGRESSIVE FINANCIAL SERVICES, INC'S**
**SECOND SET OF INTERROGATORIES TO PLAINTIFF NICOLE PAYNE – Page 4**
M:\219.0000 Progressive Financial Services, Inc\219.0001 Nicole Payne\Discovery\219.0001P.2nd ROG.docx

15

Pages 16-25 filed as an attachment to Motion for Leave to Seal

Pages 26-59 filed as an attachment to Motion for Leave to Seal